# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

      Plaintiff,

v.

VOYAGER DIGITAL LTD, and
VOYAGER DIGITAL LLC

      Defendants.

_____/

## JOINT SCHEDULING REPORT

Plaintiff, Mark Cassidy ("Plaintiff"), and Defendants, VOYAGER DIGITAL LTD ("Voyager") and VOYAGER DIGITAL LLC ("VDL") (Defendants together with Plaintiff, the "Parties"), submit this Joint Scheduling Report pursuant to Southern District of Florida Local Rule 16.1(b), Federal Rule of Civil Procedure 26(f)(3), and the Court's order dated January 4, 2022 [ECF No. 5]. In accordance with S.D. Fla. L.R. 16.1(b)(1), the Parties conferred on January 26, 2022 and report as follows:

### I.    Defendants Request Continuance of the Case Scheduling Conference Pending Resolution of Forthcoming Motion to Compel Arbitration.

Defendants' response to the Complaint is due February 25, 2022 pursuant to the Court's order dated January 18, 2022 [ECF No. 10], and Defendants anticipate moving to compel arbitration and to dismiss the Complaint. Defendants respectfully submit that further proceedings unrelated to that motion should be held in abeyance until that threshold motion is decided. *See, e.g., Nicholson v. Tracfone Wireless*, No. 21-22213-CIV-ALTONAGA/Torres, 2021 WL 4726481, at *1 (S.D. Fla. July 30, 2021) (granting stay of discovery pending resolution of motion

to compel arbitration); *Lopez v. Auto Wax of S. Fla., Inc.*, No. 20-CIV-81892-RAR, 2021 WL 911176, at *3 (S.D. Fla. Mar. 2, 2021) (granting contested motion to stay discovery pending motion to compel arbitration). In the event Plaintiff seeks to commence discovery unrelated to the forthcoming motion before that motion is resolved, Defendants anticipate filing a motion to stay discovery. Preserving their intent to arbitrate, Defendants join in this Joint Scheduling Report pursuant to the Court's order dated January 4, 2022 [ECF No. 5].

Plaintiff opposes Defendants' attempt to seek a stay pending resolution of the anticipated motion to compel arbitration and to dismiss the Complaint, both substantively, *see, e.g., Flecha v. Neighbors Moving Services, Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013) (Snow, M.J.) (denying motion to stay discovery pending resolution of motion to compel arbitration, noting such motions are "generally disfavored in this district," and that it is proper for discovery to proceed when enforceability of arbitration provision is in dispute), and procedurally, as Defendants have couched this section as a "request' seeking affirmative relief as opposed to filing a motion. Should Defendants file a motion seeking to stay discovery pending resolution of their yet-to-be-filed motion to compel arbitration when they ultimately file that motion, Plaintiffs will brief their response in opposition at that time.

## II.     Conference Report – Information Required by L.R. 16.1(B)(2)

### A.     Likelihood of Settlement

The Parties have not yet discussed settlement.  Defendants assert that it is premature to discuss settlement until resolution of the anticipated motion to compel arbitration and to dismiss the Complaint.

**B.     Likelihood of Appearance in the Action of Additional Parties**

At this time, the Parties do not believe additional parties will be joined but reserve the right to join others if circumstances require.

**C.     Proposed Limits on Time**

*See* the proposed case schedule at Section III, below.

**D.     Proposals for the Formulation and Simplification of Issues**

The Parties will work in good faith to simplify the issues at an appropriate time.

**E.     Necessity or Desirability of Amendments to the Pleadings**

Although the Parties do not anticipate a need to amend the pleadings at this time, they have provided a deadline for amendments in the proposed schedule.

**F.     Possibility of Obtaining Admissions and Stipulations**

If the anticipated motion to compel arbitration and to dismiss the Complaint is denied, Counsel will cooperate in good faith to obtain admissions and stipulations in the discovery process that will limit the issues in dispute and reduce the time needed to conduct a trial. The Parties will also cooperate in good faith on stipulations regarding the authenticity of documents to avoid unnecessary disputes at trial. As to electronic discovery, the Parties will cooperate in good faith to develop a protocol to facilitate electronic discovery without the involvement of the Court.

**G.     Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

The Parties have no suggestions at this time but will cooperate in good faith to eliminate unnecessary proof and cumulative evidence.

**H.     The Advisability of Referring of Matters to a Magistrate Judge**

The Parties consent to refer discovery motions to a Magistrate Judge.

I.      **Preliminary Estimate of Time Required for Trial**

If the anticipated motion to compel arbitration and to dismiss the Complaint is denied, the Parties estimate that a trial in this matter would require 5–10 days. Plaintiff demands a jury trial.

J.      **Pretrial Conference and Trial Dates**

*See* Section III, below.

K.      **Any Discovery Issues**

Defendants submit, and Plaintiff disagrees, that discovery should be stayed pending a ruling on Defendants' motion to compel arbitration and to dismiss the Complaint.  If the anticipated motion to compel arbitration and to dismiss the Complaint is denied, the Parties will cooperate in good faith to develop protocols to facilitate electronic discovery and govern privilege issues without the involvement of the Court. This may include the submission of an agreed confidentiality order.

III.    **Additional Information Required by L.R. 16(B)(3)**

A.      **Assignment of the Case to a Particular Track**

If the anticipated motion to compel arbitration and to dismiss the Complaint is denied, the Parties agree that this case would merit a complex case management track, as defined by Local Rule 16.1.

B.      **Detailed Discovery Schedule**

The Parties' scheduling proposal is set forth below, at Section III.

C.      **Any Agreements or Issues Regarding Discovery**

Defendants submit, and Plaintiff disagrees, that discovery should be stayed pending a ruling on Defendants' motion to compel arbitration and to dismiss the Complaint. There are currently no agreements or issues to be decided by the Court regarding the preservation, disclosure,

4

and discovery of documents, electronically stored information, or things. If the anticipated motion to compel arbitration and to dismiss the Complaint is denied, the Parties will cooperate in good faith to develop protocols to facilitate electronic discovery and govern privilege issues without the involvement of the Court.

### IV.      The Parties' Proposed Schedule

The Parties agree on the following proposed schedule for briefing Defendants' anticipated motion to compel arbitration and to dismiss the Complaint:

| Date | Deadline or Event |
|---|---|
| February 25, 2022 | Deadline for Defendants to respond to the Complaint |
| March 25, 2022 | Deadline for Plaintiff to oppose Defendants' motion to compel arbitration and to dismiss the Complaint. |
| April 15, 2022 | Deadline for Defendants to reply in support of motion to compel arbitration and to dismiss the Complaint. |
| To be set by the Court. | Hearing on Defendants' motion to compel arbitration and to dismiss the Complaint. |

Plaintiff proposes the following schedule:

| Date | Deadline or Event |
|---|---|
| February 25, 2022 | Deadline to furnish initial disclosures pursuant to Fed. R. Civ. P. 26 |
| Within 14 days following the ruling on Defendants' motion to compel arbitration and to dismiss the Complaint | Deadline to select a mediator and to schedule a time, date and place for mediation |
| August 12, 2022 | Deadline for Plaintiff to file motion for class certification |
| Within 28 days following the filing of Plaintiff's motion | Deadline for Defendants to file response to Plaintiff's motion for class certification |
| Within 14 days following the filing of Defendant's response | Deadline for Plaintiff to file reply in support of Plaintiff's motion for class certification |

| To be set by the Court. | Hearing on Plaintiff's motion for class certification |
|---|---|
| Within 21 days following the Court's ruling on Plaintiff's motion for class certification | Deadline to file motions to amend pleadings or join parties |
| October 28, 2022 | Deadline to complete fact discovery |
| November 18, 2022 | Deadline to complete mediation |
| October 28, 2022 | Deadline for Parties to disclose experts, expert witness summaries and reports |
| Within 28 days of each Party's expert disclosures | Deadline to exchange rebuttal expert witness summaries and reports |
| Within 21 days of each Party's rebuttal expert disclosures | Deadline to complete expert discovery |
| February 3, 2023 | Deadline to file all dispositive pre-trial motions |
| March 3, 2023 | Deadline to respond to all dispositive pre-trial motions |
| March 31, 2023 | Deadline to reply in support of all dispositive pre-trial motions |
| May 19, 2023 | Deadline to file joint pretrial stipulation, witness lists, and exhibit lists in accordance with Local Rule 16.1(d) and (e), and final proposed jury instructions or conclusions of law (for non-jury trials) |
| May 26, 2023 | Deadline for Parties to submit their deposition designations |
| June 2, 2023 | Deadline to file *Daubert* motions, including motions to strike experts |
| July 10, 2023 (approximate) | Two-week trial period commences |

Defendants propose that, in the event the anticipated motion to compel arbitration and to dismiss the Complaint is denied, the Parties confer and submit a further Joint Scheduling Report within 10 days after such decision.

Alternatively, if the Court determines to set a date for trial prior to resolution of the anticipated motion, Defendants propose that trial commence December 11, 2023, and that the fact discovery deadline be set for January 28, 2023, and request to be heard on the selection of any interim deadlines.

## V.   Federal Rule of Civil Procedure 26(F)(3) Discovery Plan

### A.   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

Plaintiff proposes that the Parties serve their Initial Disclosures February 25, 2022, and supplement their Disclosures, if necessary, in accordance with F.R.C.P. 26(a).

Defendants submit that the deadline for serving Initial Disclosures should be held in abeyance pending resolution of the anticipated motion to compel arbitration and to dismiss the Complaint, with a deadline not less than 10 days following the resolution of that motion.

### B.   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

Plaintiff does not propose phasing discovery. Plaintiff's discovery will be centered on Defendants' practices and representations concerning its mobile application cryptocurrency investment service.

Defendants submit that discovery is premature and propose to conduct discovery relevant to class certification, only if necessary, after a ruling on Defendants' motion to compel arbitration

and to dismiss the Complaint, and to conduct any additional merits discovery, only if necessary, after a ruling on Plaintiff's motion for class certification.

  **C.**  **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**

  If the anticipated motion to compel arbitration and to dismiss the Complaint is denied, the Parties will work in good faith to resolve issues concerning discovery and the production of electronically stored information. The Parties will use their best efforts to resolve discovery disputes without the need for unnecessary motion practice before the Court, but respectfully reserve their rights to seek assistance from the Court if needed.

  **D.**  **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production— whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**

  If the anticipated motion to compel arbitration and to dismiss the Complaint is denied, the Parties agree to use the procedures set forth in Fed. R. Civ. P. Rule 26(b)(5), Fed.R.Evid. 502, and any protective order entered in this action regarding any claims of privilege or protection for materials asserted as prepared in anticipation of litigation or trial. The Parties will cooperate in good faith to develop a protocol governing any additional privilege issues.

  **E.**  **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**

  At this time, the Parties do not propose any additional limitations on discovery besides what has already been addressed herein.

  **F.**  **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)**

  At this time, the Parties do not propose any changes to the limitations imposed under the Federal Rules of Civil Procedure.

Dated: January 28, 2022

| | |
|---|---|
| By: */s/Adam M. Moskowitz*____ | By: */s/Gavin C. Gaukroger*_____ |
| Adam M. Moskowitz | Gavin C. Gaukroger |
| Florida Bar No. 984280 | Florida Bar No. 76489 |
| adam@moskowitz-law.com | ggaukroger@bergersingerman.com |
| Joseph M. Kaye | drt@bergersingerman.com |
| Florida Bar No. 117520 | **BERGER SINGERMAN LLP** |
| joseph@moskowitz-law.com | 201 East Las Olas Boulevard, Suite 1500 |
| Barbara C. Lewis | Fort Lauderdale, Florida 33301 |
| Florida Bar No. 118114 | Telephone: (954) 525-9900 |
| barbara@moskowitz-law.com | |
| **THE MOSKOWITZ LAW FIRM, PLLC** | Kayvan B. Sadeghi |
| 2 Alhambra Plaza | (*admitted pro hac vice*) |
| Suite 601 | ksadeghi@jenner.com |
| Coral Gables, FL 33134 | Jeremy Ershow |
| Telephone: (305) 740-1423 | (*admitted pro hac vice*) |
| | jershow@jenner.com |
| *Co-Counsel for Plaintiff and the Class* | Sara E. Cervantes |
| | (*admitted pro hac vice*) |
| | scervantes@jenner.com |
| By: */s/Stuart Z. Grossman*_____ | JENNER & BLOCK LLP |
| Stuart Z. Grossman | 1155 Avenue of the Americas |
| Florida Bar No. 156113 | New York, NY 10036-2711 |
| szg@grossmanroth.com | Telephone: (212) 891-1600 |
| Rachel W. Furst | Fax: (212) 891-1699 |
| Florida Bar No. 45155 | |
| rwf@grossmanroth.com | *Counsel for Defendants* |
| GROSSMAN ROTH YAFFA COHEN, P.A. | |
| 2525 Ponce de Leon Blvd Ste 1150 | |
| Coral Gables, FL 33134 | |
| Office: 305-442-8666 | |
| | |
| *Co-Counsel for Plaintiff and the Class* | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on January 28, 2022, with the Court via the CM/ECF system, which will send notification of such filing to all attorneys of record.

By: *s/ Adam M. Moskowitz*_____

ADAM M. MOSKOWITZ