**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: 21-24441-CIV-ALTONAGA/Torres**

MARK CASSIDY, on behalf of himself
and others similarly situated,

      Plaintiff,

v.

VOYAGER DIGITAL LTD, and
VOYAGER DIGITAL LLC

      Defendants.

_____/

## PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

Defendants have unfortunately decided to play games with some of the most important threshold issues and facts in this case. Therefore, Plaintiff is required to respectfully request this Court enter an order requiring Defendants to show cause why they should not be required to provide within five business days: (a) all responsive materials regarding these specific issues, and (b) a sworn statement explaining specifically why Voyager: (1) decided to retaliate against Plaintiff by cancelling and/or preventing access to his Voyager account, while at the same time (2) attempted to revise the only existing Customer Agreement/Arbitration Clause (which Plaintiff will illustrate at the proper time is unconscionable), ***all done only after this lawsuit was filed***. Defendants are even attempting to somehow bind Plaintiff to this new Customer Agreement, while at the same time locking him out of his account, to preclude him from proceeding in this matter. The Court should not condone these bad faith litigation tactics.

"Discovery is not supposed to be a shell game, where the hidden ball is moved round and round and only revealed after so many false guesses are made and so much money is squandered." *Miccosukee Tribe of Indians of Florida v. Billy Cypress, et al.*, No. 12-22439-CIV, 2013 WL 10740706, at *1 (S.D. Fla. June 28, 2013) (McAliley, M.J.) (citation omitted). Plaintiff respectfully submits that this show cause order is required in order to level the playing field and so that all of the relevant and important facts can admitted and these important issues properly briefed before the Court rules on Defendants' yet-to-be-filed motion to compel arbitration.

## I.   <u>VOYAGER'S ATTACKS ON PLAINTIFF MARK CASSIDY</u>

After weeks of extensive investigations by Plaintiff and Counsel, it appears that Voyager simply decided to deactivate Plaintiff's account, only after this lawsuit was filed. *See* Declaration of Mark Cassidy, attached as **Exhibit A** ("Decl."). Absurdly, Voyager's counsel represents during the conferral process that Defendants <u>simply never</u>, in fact, took any such action against Plaintiff.

Plaintiff created his Voyager account on March 17, 2021. Decl. ¶ 3. He placed the trade orders identified in the complaint, *see* Compl. ¶ 58, and an additional purchase of BTC on July 31, 2021. Decl. ¶ 4. On August 17, 2021, Plaintiff sold all of his holdings in his Voyager account and transferred the funds out. *Id*. ¶ 5. Since then, Plaintiff has not conducted trades on the Voyager platform, but he did <u>not cancel</u> his Voyager account. *Id.* ¶ 6.

On January 31, 2022, Plaintiff attempted to log in to the Voyager account to obtain information regarding his account activity for this lawsuit, but his account was inaccessible. *Id*. ¶ 7. Plaintiff submitted a "forgot my password" request, received a link, and reset his password. *Id*. ¶ 8. Upon attempting to log in to his account with the new password, Plaintiff received a notification that now his email was invalid and/or not associated with a Voyager account. *Id*. Plaintiff repeated the process a second time with a new password, and he received the same notification. *Id*. ¶ 9.

Defendants apparently do not allow any users to contact them by phone with questions about their account—the only available number is for "Investor Relations." *Id*. ¶ 10. Plaintiff placed several calls to "Investor Relations" and left a voicemail to the Investor Relations number to get an answer regarding the apparent deactivation of his account, but to date has received no response. *Id.* Unable to access his Voyager account or to get a person on the phone to speak with, Plaintiff's only other avenue to contact Voyager was through a written request submitted on a fillable form on Voyager's website provided by Zendesk, which uses a combination of automated forms, artificial intelligence and bots to receive customer support requests with no apparent human intervention. *Id*. ¶ 11; *see also* https://www.zendesk.com/. Although Plaintiff's request sought information regarding his account activity and an explanation for his account closure, he received a response limited to giving him a link to his "tax/transaction report request form," with no further explanation. *Id*. ¶¶ 11–12. To date, Plaintiff still has not accessed his account through the Voyager

App, and is waiting for a response to his phone calls and voicemail he left on Defendants' Investor Relations line. *Id.* ¶ 13.

On February 2, 2022, in order to understand the full and complete facts surrounding these serious issues, Plaintiff's counsel served Voyager's counsel with correspondence, along with a corporate representative deposition notice on Defendant Voyager Digital LLC, seeking an explanation for these events. *See* **Composite Exhibit B** (email transmitting corporate representative deposition notice). Between February 2nd and 9th, despite repeated emails and a Zoom conference to meet and confer regarding these issues, Defendants wholly failed to provide any factual explanation and any of these crucial events.

In fact, Defendants took the position during the last meet and confer videoconference that (1) they have simply not "materially" revised the Customer Agreement or arbitration provision, specifically, since the filing of this action, (2) Plaintiff's Voyager account was not terminated, and, astoundingly (3) should Plaintiff succeed in accessing his Voyager account, that access would "constitute[] acceptance of the current User Agreement" and therefore, Defendants argue, Plaintiff will have agreed to the new arbitration provision Defendants drafted and implemented after Plaintiff filed his lawsuit against them.

## II.     <u>VOYAGER'S UNILATERAL REVISION TO THE ARBITRATION CLAUSE</u>

One main reason that Voyager's attacks and restrictions on Plaintiff are so important and crucial at this stage, is because Voyager already stated in the Joint Scheduling Report, their intent to dismiss this case and require Plaintiff to individually and *confidentially* arbitrate his claims, claims that strike at the heart of how Voyager runs its business as applied to all of its millions of users. The parties met on January 26, 2022 to develop the Joint Scheduling Report. During that conferral process, Defendants' counsel advised they would be moving to compel arbitration in this case. Plaintiff's counsel then reviewed Defendants' website and ascertained that the Customer Agreement (with the Arbitration Clause) was actually revised January 7, 2022, two weeks ***after*** this lawsuit was filed. Cross-referencing this new provision with the prior version of the agreement through the Wayback Machine[1] shows that these revisions were comprehensive and extremely

---

[1]  The Wayback Machine, created and maintained by The Internet Archive, a non-profit organization that is building a digital library of internet websites, is comprised of over 25 years of web history that is searchable and accessible to the public. *See* https://archive.org/about/ (last accessed Feb. 10, 2022).

material. *See* **Exhibit C**. For ease of reference, attached as **Exhibit D** are the two arbitration provisions in full.

Defendants are attempting to insert a revised version into *this litigation*, simply to avoid the fact that the original Customer Agreement is illusory, and its arbitration provision is unconscionable (in part because it contains no delegation clause and requires, among other things, the plaintiff to attend mediation in New Jersey at his or her own expense), and therefore cannot be enforced. Defendants take the position, as explained below, that these revisions are "immaterial".[2]

Further, Plaintiff specifically identified for Defendants during a Zoom meet and confer, that Defendants' Initial Disclosures should include all iterations of the Customer Agreement that have been revised (at all, regardless of whether Defendants deem the change to be "material") from the time Plaintiff signed up for the app (March 17, 2021) to the present, when the versions were made effective, whether notification was sent to the users about the change, how notification was sent, and when notification was sent. This information will certainly be necessary for Plaintiff to formulate their response to Defendants' imminent motion to compel arbitration from a level playing field.

Despite this clear understanding, Defendants have refused to do so. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (providing that a party "must, without awaiting a discovery request, provide to the other part[y]" "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses); *see also* **Exhibit E** (Defendants' Initial Disclosures); **Exhibit F** (Defendant Voyager Digital LLC's objections to Plaintiff's 30(b)(6) deposition notice).

Although Defendants will have the "*substantial* burden" of "showing that the [arbitration] agreement exists and that its terms bind the other party," *Peters v. Amazon Servs. LLC,* 2 F. Supp. 3d 1165, 1169 (W.D. Wash. 2013) (emphasis added), as Plaintiff will explain in opposing Defendants' imminent motion, it is axiomatic that courts will not allow a defendants to unilaterally revise their arbitration provision without proper notice and affirmative agreement by their users,

---

[2] Moreover, it is axiomatic that defendants are required to provide reasonable and express notice to customers/employees regarding the applicability of such modifications to already existing claims.

because without such a limitation, the defendant could change the arbitration rules midstream at their discretion in order to unfairly avoid an unfavorable ruling in arbitration.

### III.   VOYAGERS INITIAL DISCLOSURES ARE INSUFFICIENT

Plaintiff's counsel made very clear to Voyager's counsel during the conferral process that the most important information Voyager must produce in their Initial Disclosures, *at this stage,* was all documents regarding, and all witnesses who have personal knowledge of, (1) how Voyager retaliated against Mr. Cassidy by apparently restricting his access to his Voyager account, and (2) how Voyager attempted to unilaterally revise their unconscionable arbitration provision, without providing any notice to Mr. Cassidy (whose Voyager account was frozen). There can be no dispute Voyager produced not a single document, fact and/or piece of evidence regarding either of these crucial and paramount threshold issues. *See* Ex. E. Moreover, despite being specifically warned by Magistrate Torres in his Order on proper discovery objections, ECF No. 24, Voyager simply asserted boilerplate responses to almost every question, without producing—or even identifying— a single document, although they are apparently crucial to Voyager's defense against Plaintiff's claims. *See* Ex. E. Plaintiff respectfully requests the Court find that Voyager has clearly failed to serve proper Initial Disclosures.

### IV.   VOYAGER'S OBJECTIONS TO  30(B)(6) NOTICE SHOULD BE OVERRULED

Defendants have served objections to Plaintiff's 30(b)(6) deposition notice, which seeks questions for only 3 topics, 2 of which are relevant to these paramount issues (retaliation and arbitration), *see* Ex. F, Plaintiff's counsel intentionally wrote to Voyager's counsel on February 2, *see* Ex. B, after making sure that they understood Judge Torres' Order Setting Discovery Procedures, ECF No. 24, namely that "[c]orporations are not entitled to review of anticipatory relevance objections prior to the taking of a corporate representative deposition" and that such objections "shall be timely served (not filed) in advance of the deposition." *Id*. at 1.e. In any event, Plaintiff certainly must ascertain the true facts regarding these two paramount issues, as well as some basic and narrow information that is certainly nonprivileged, relevant, and not burdensome to produce. It would be manifestly unjust if Defendants are allowed to attack Plaintiff and attempt to surreptitiously and unilaterally revise the arbitration provision, attempt to bind Plaintiff to it, while Plaintiff is not permitted any discovery on those topics. *See, e.g., Flecha v. Neighbors Moving Services, Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013) (Snow, M.J.) (denying motion

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

to stay discovery pending resolution of motion to compel arbitration, noting such motions are "generally disfavored in this district," and that it is proper for discovery to proceed when enforceability of arbitration provision is in dispute). Moreover, Plaintiff will seek this corporate representative deposition on just these 3 topics in any jurisdiction, so there is no harm in allowing this one deposition to proceed now before this Court.

**WHEREFORE,** Plaintiff respectfully requests the Court enter an Order, (1) requiring the Voyager Defendants to show cause, why they should not be required to provide: all of the relevant information (through documents and sworn statements) in connection with their: (a) retaliation on Plaintiff Mark Cassidy, and (b) attempts to unilaterally change the arbitration provision in the Customer Agreement with Defendant Voyager Digital LLC; (2) overrule their objection to the 3 subjects for deposition; and (3) find that their Initial Disclosures are improper and they should be required to produce amended and complete disclosures.

## CERTIFICATE OF LOCAL RULE 7.1(a)(3) PRE-FILING CONFERENCE

In accordance with Local Rule 7.1(a)(3), Plaintiff's counsel certifies they have conferred with Defendants' counsel regarding the relief sought in this motion, who indicated that they oppose this relief.

*CASE NO.: 21-24441-CIV-ALTONAGA/Torres*

Dated: February 10, 2022

Respectfully submitted,

By: *s/ Adam M. Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza
Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423
*Co-Counsel for Plaintiff and the Class*

By: */s/Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
szg@grossmanroth.com
Rachel W. Furst
Florida Bar No. 45155
rwf@grossmanroth.com
GROSSMAN ROTH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Office: 305-442-8666
*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on February 10, 2022,
with the Court via CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280