# Composite Exhibit B

| | |
|---|---|
| From: | Adam Moskowitz |
| To: | Gavin Gaukroger; Sadeghi, Kayvan B. |
| Cc: | Joseph Kaye; Stuart Grossman; Rachel W. Furst |
| Subject: | Cassidy v. Voyager Litigation |
| Date: | Wednesday, February 2, 2022 8:17:08 PM |
| Attachments: | Plaintiff"s Notice of Def 30b6 Deposition (Voyager).docx |

Gavin and Kayvan:

We have just been informed as to some very, disturbing news regarding our pending lawsuit, so we certainly wanted to first meet and confer on these events, so can you please look into these specific allegations, and tell us tomorrow any good time to talk this Friday afternoon. We certainly want to fully talk, and understand all of the facts, so that we can all decide the best and appropriate method and manner, if we need to raise any of these issues with the Court.

In the abundance of caution, and to plan ahead, attached is a Notice of Taking the Corporate Representative Deposition of Voyager LCC. We reserved February 23rd to take this brief deposition, which only seeks 3 subjects and will last no more than five hours. We have only Noticed this deposition against "Voyager LLC", although we understand that you represent both Voyager LLC and LTD. Of course, we can certainly move this specific date to another day (before and/or after Feb. 23rd), if that specific date at 10am eastern time does not work for you and/or your client, and we can just talk about those details on Friday. Moreover, as the February 1st Order by Judge Torres provides, we can raise discovery issues next Thursday, during the Magistrate's discovery calendar (we just have to give them notice by this Friday) and we can discuss if we need to follow that procedure when we speak on Friday. Judge Torres has specific rules and procedures about objecting to topics in a Corporate Representative Deposition, so please review his rules and regulations before our call.

Two very disturbing allegations have come to our attention and we certainly need to discuss them on Friday and determine if we need to raise any of these issues with the Court.

**First,** for some unknown reason, our plaintiff and named representative Mark Cassidy, has been (apparently) unilaterally locked out of his Voyager Account, only after this lawsuit was commenced.  We cannot imagine that Voyager decided to retaliate against Mr. Cassidy for filing this lawsuit, and therefore of course, want to understand this issue. Our client spent the last week, trying everything to determine what happened, but to date, he has still not been able to confirm the facts, so prompting this email.  The last time he performed any trading on the App was during the trades that we specifically cite in our filed Complaint.  He knows that he pulled his money out at some point after that, but certainly, he never intentionally deactivated his account.  After we filed the Complaint, he has tried to log in and he continuously receives an "invalid password" notification. When he tried to reset it, he got a notification that his email address was no longer associated with any accounts.

His account also appears to have been deactivated after we filed the Complaint.  Moreover, although he has tried for many days, he simply cannot get any human (and/or Voyager representative) on the phone from Voyager to confirm, and no one is responding to his numerous written requests.  We are under the impression that Voyager uses "Zendesk" for automated AI customer service, and your New York physical location is a WeWork conference room, so we are unclear on whether there is even a real person that he can speak to about this. We have dealt with Defendants that have taken retaliation efforts against our clients in prior cases, and of course, we want to make sure that we know all of the full facts, before we come to any conclusions.  Please

look into these very unusual events and let us know any good time to talk on Friday. If your client has taken any affirmative actions against Mr. Cassidy, please just confirm such actions for us on our Friday Zoom, so we can decide what next steps are necessary,

**Second,** it appears that your client may have unilaterally, attempted to change/amend, substantive provisions of any Voyager LLC's Agreement with Plaintiff, and other class members, especially as they relate to any Arbitration provisions. The above serious allegations, are thus compounded by the fact that your client may have tried to unilaterally, attempt to change any Agreements with Plaintiff, while you have restricted his account (and he has not received any updated emails from Voyager), regarding any of these specific matters. The reason this is important is that you just informed us in the Joint Scheduling Report, that you plan to move to require Plaintiff to arbitrate this lawsuit, so these new allegations are extremely timely and troubling.

It appears to us, based upon our review of Voyager's LCC's website, that this new Arbitration provision (as of January 7, 2022, our Complaint was filed on December 24, 2021) is very different from the Agreement Voyager LLC originally provided. Firstly, the original provision did not have an express Delegation Provision. Second, by requiring that the Arbitration take place in New Jersey, you are certainly aware that the Original clause was subject to a unconscionability challenge. In that you have stated that you will attempt to compel arbitration of this matter, we of course, need to fully understand all of the facts regarding any of these recent actions/changes, how it was processed, etc., so the Court can eventually decide any applicable provisions.

We need to also confirm that the only Agreement that has any relevance to Arbitration, will be this Form with Voyager LCC, and that

you do not allege that any other Agreements exist, and certainly nothing that was ever entered between "Voyager LTD" and Plaintiff (and/or any other class member).  Your required Initial Disclosures undoubtedly will include all of this relevant information, so let's just talk on Friday, about how you plan to provide all of the relevant materials on these specific, two issues, so that we can also be prepared for the upcoming deposition.

Please let us know tomorrow a few good times to speak this Friday and we can send around a Zoom invite.

Thanks, Adam

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

VOYAGER DIGITAL LTD, and
VOYAGER DIGITAL LLC

    Defendants.
_____/

**NOTICE OF TAKING THE ZOOM DEPOSITION OF
VOYAGER LLC'S RULE 30(b)(6) REPRESENTATIVE(S)**

    Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff's counsel will take the deposition of the below-named person/entity on the date, time, and at the location indicated.

| | |
|---|---|
| **DEPONENT**: | Voyager Digital LLC ("Voyager"), by and through Voyager's corporate representative(s) with knowledge of the items listed in **Exhibit A,** pursuant to Federal Rule of Civil Procedure 30(b)(6). |
| **DATE**: | **February 23, 2022** |
| **TIME**: | 10:00 AM (EST) |
| **LOCATION**: | Deposition will be taken via Zoom (counsel will provide details) |

    The aforesaid deposition will be before a court reporter, an officer authorized by law to administer oaths and take depositions in the State of Florida. The deposition is being taken for the purpose of discovery, for use at trial, or both, or for such other purposes as are permitted under the Federal and Local Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Voyager LLC shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf on each of the 3 Topics listed on **Exhibit A** attached hereto.

Dated: February 2, 2022

Respectfully submitted,

By: /s/ *Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis
Florida Bar No. 118114
barbara@moskowitz-law.com
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423


By: /s/ *Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
szg@grossmanroth.com
Rachel W. Furst
Florida Bar No. 45155
rwf@grossmanroth.com
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Office: 305-442-8666
*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2022, a true and correct copy of the foregoing was sent via electronic mail to counsel for Defendants.

By: /s/ *Adam Moskowitz*
Adam M. Moskowitz

# EXHIBIT A

## I. DEFINITIONS AND INSTRUCTIONS

Unless otherwise specified, the terms set forth below have the following meanings:

1. "Voyager," "You," or "Your" means Voyager Digital LLC and any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents.

2. "Voyager Defendants" means Voyager and Voyager Digital LTD.

3. "Voyager Platform" refers to the Voyager Defendants' mobile application cryptocurrency investment service that places cryptocurrency trade orders on behalf of users.

4. "Voyager Algorithms" means Voyager's "Smart Order Routing," the "Voyager Pricing Engine," and the "Proprietary Fills Algorithm."

5. "Document(s)" means any written, printed, typed or other graphic matter, of any kind or nature, whether in hard copy or electronic format, whether the original, draft, or a copy and copies bearing notations or marks not found on the original, including but not limited to memoranda, reports, recommendations, notes, letters, envelopes, post-its, emails, telegrams, messages, manuscripts, studies, analyses, tests, comparisons, books, articles, pamphlets, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes, agreements, contracts, and all other written communications, of any type, including inter and intra-office communications, purchase orders, invoices, bills, receipts, questionnaires, surveys, charts, graphs, videos, photographs, sketches, drawings, house sheets, tapes, voice messages or other recordings, print-outs or compilations from which information can be obtained or, if necessary, translated through detection devices into reasonably usable form, including all underlying or preparatory materials and drafts thereof.

6. "Communication(s)" means any mode or method of contact for the transmission, dissemination, request for, or receipt of information of any kind including thoughts, mental impressions, ideas, suggestions, etc., conveyed in any format, and by any means or medium whatsoever. This shall include, but shall not be limited to, all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, voice messages, letters, correspondence, notes, telegrams, telexes, emails, advertisements, or any other form of written or verbal intercourse. The requests include communication to, from, or within a corporate entity or organization and include any and all communications by, between, and among its representatives, employees, agents, advisors, brokers, or attorneys (except when privileged).

7. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any information which might otherwise be construed as to be outside the scope of Plaintiff's discovery requests.

8. "Relating to," "relate to," "regarding," or "reflecting" means in any way directly or indirectly concerning, referring to, disclosing, describing, confirming, supporting, evidencing, representing, clarifying, evidencing, supporting, or contradicting.

9. "Support" means referring to, concerning, responding to, reflecting, indicating, commenting on, regarding, discussing, showing, evidencing, describing, implying, analyzing or consulting.

10. "Identify:" When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to

subsequent discovery requesting the identification of that person. In all other aspects, "Identify" means to describe, explain, depict, and/or provide details of the information requested.

11. "Person" or "People" means any natural person(s) or any business, legal, or governmental entity (or entities) or association(s).

12. Unless otherwise stated in a particular subject, the time period for which you must respond is beginning in January 1, 2019 and ending at the present time.

## II. THREE DEPOSITION SUBJECTS

Pursuant to Rule 30(b)(6), Voyager shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who are knowledgeable about and consent to testify on its behalf concerning the following **three subject matters**:

*Please refer to the Definitions and Instructions when construing the following subject matters.*

1. Your decision to cancel Plaintiff's Voyager account, subsequent to the filing of this proposed class action.

2. Your decision to unilaterally change the Agreement and/or contract between Voyager and the users of the Voyager Platform, including Plaintiff, regarding specifically the Arbitration provision.

3. The design, operation, management, and maintenance of Voyager's "Smart Order Routing," the "Voyager Pricing Engine," and the "Proprietary Fills Algorithm" including:

   a   How the Smart Order Router, according to what algorithms, processes or other automated and/or human procedures, and by using what data, does "not let clients post orders directly on the exchanges to which it connects or with the market makers that provide liquidity, but instead … accepts customer orders and fills them in the market for the customer using its proprietary order routing algorithm", and

   b   How the Voyager Pricing Engine, according to what algorithms, processes or other automated and/or human procedures, and by using what data, "calculate[s] the fair market price while constantly analyzing the order books, executions, depth of liquidity, commissions and other proprietary factors across [Voyager's] liquidity sources and stream this price to its users."