# Exhibit E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 21-24441-CIV-ALTONAGA/Torres**

MARK CASSIDY, on behalf of himself
and others similarly situated,

Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

Defendants.
_____/

**DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES**

Defendants Voyager Digital Ltd. and Voyager Digital, LLC (together "Defendants") have not yet responded to the Complaint and intend to move to compel arbitration and to dismiss the Complaint, including for lack of personal jurisdiction over defendant Voyager Digital Ltd.

Expressly reserving all grounds to compel arbitration and to dismiss the Complaint, Defendants provide the following disclosures pursuant to the Court's Orders dated January 4, 2022 [ECF No. 5], and January 31, 2022 [ECF No. 20], Federal Rule of Civil Procedure 26(a)(1), and Local Rule for the Southern District of Florida, Rule 26.1(b).

These disclosures are based upon information presently available and known to Defendants and represent a good faith effort to identify information Defendants reasonably believe are relevant to this lawsuit. Defendants, by making these disclosures, are not representing that they are identifying every possible witness, document, data compilation, or tangible thing that they may use to support their claims or defenses in this action. Defendants investigation is ongoing and they make these disclosures without prejudice to their rights under the Federal Rules of Civil Procedure,

the Local Rules for the Southern District of Florida, and/or the Court's Orders to: (i) further modify or supplement these disclosures; (ii) identify and introduce additional witnesses, documents, data compilations, tangible things, and/or other evidence of any kind; (iii) present testimony by disclosed witnesses on additional and/or different topics; and/or (iv) impeach any witness.

In making these disclosures, Defendants do not waive and expressly reserve their right to object to proceeding with discovery in this litigation, including the examination of any witness and/or the production and/or admission of any document, data compilation, or tangible thing, including without limitation on the basis that this litigation and these parties are not properly before this Court, as well as on the basis of the attorney-client privilege, the work product doctrine, relevancy, undue burden, hearsay, and/or any other applicable privilege, protection, or objection.

**I.      Rule 26(a)(1)(A)(i) Disclosures**

The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE:**

Subject to and without waiving the above qualifications, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Defendants identify the following individuals as likely to have discoverable information that Defendants may use to support their claims or defenses in this action, other than solely for impeachment. All Defendants' employees should be contacted through Defendants' attorneys at Jenner & Block LLP (212-891-1600).

| **Person** | **Subject of Discoverable Information** |
|---|---|
| Shannon Casey<br>Director of Operations and Customer Experience<br>Voyager Digital, LLC | Ms. Casey is likely to have discoverable information with regard to the Voyager platform User Agreement, including revisions thereto and business records establishing users' acceptance thereof. |
| Jamie Cabezas<br>Human Resources Manager<br>Voyager Digital, LLC | Ms. Cabezas is likely to have information concerning Defendants' respective contacts, or lack thereof, with Florida and with Plaintiff, including the employer of relevant personnel, and the location of relevant personnel and operations. |
| Mark Cassidy<br>Plaintiff | Mr. Cassidy is likely to have information concerning his acceptance of the Voyager platform User Agreement and use of the Voyager platform. |

Defendants reserve the right to call these and other witnesses to testify regarding any matter relevant to this action.

## II.     Rule 26(a)(1)(A)(ii) Disclosures

A copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**RESPONSE:**

Subject to and without waiving the above qualifications, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Defendants state that the following describes the categories and locations which contain documents, electronically-stored information, data compilations, and tangible things in the possession, custody, or control of Defendants that Defendants may use to support their claims or defenses in this action, other than documents they may use solely for impeachment.

| Location | Description of Documents |
|---|---|
| In the possession of Voyager Digital, LLC | Voyager platform User Agreement, including revisions thereto, from the time Plaintiff Cassidy first agreed to the User Agreement to present. |
| In the possession of Voyager Digital, LLC | Records reflecting Plaintiff's acceptance of the User Agreement. |
| In the possession of Voyager Digital, LLC | Screenshots reflecting the process by which Plaintiff accepted the User Agreement. |

Defendants reserve the right to supplement this disclosure through discovery.

**III.    Rule 26(a)(1)(A)(iii) Disclosures**

A computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE:**

Defendants have not answered the Complaint or asserted any claim or counterclaim seeking damages in this action. If this litigation proceeds, Defendants reserve the right to seek recovery of all damages, including the fees, costs, and expenses Defendants have incurred and will incur, to defend against the claims in Plaintiff's Complaint. Defendants reserve the right to amend this disclosure as additional damages are identified and/or incurred.

**IV.    Rule 26(a)(1)(A)(iv) Disclosures**

For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

No such insurance agreements are known to exist at this time.

Respectfully submitted,

By: /s/ *Gavin C. Gaukroger*
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was served via e-mail on February 9, 2022 to all attorneys of record for Plaintiff.

*/s/ Gavin C. Gaukroger*
Gavin C. Gaukroger

5