# Exhibit F

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 21-24441-CIV-ALTONAGA/Torres**

MARK CASSIDY, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

    Defendants.

_____/

**NOTICE OF OBJECTION TO PLAINTIFF'S NOTICE OF TAKING ZOOM
DEPOSITION OF VOYAGER DIGITAL LLC'S RULE 30(b)(6) REPRESENTATIVE(S)**

    Defendant Voyager Digital, LLC by and through its undersigned counsel, hereby objects to Plaintiff's Notice of Taking Zoom Deposition of Voyager LLC's 30(b)(6) Representative(s) ("30(b)(6) Notice"), setting a deposition for February 23, 2022, and states as follows:

    1.    Voyager Digital, LLC objects to the Notice of Deposition on the grounds that merits discovery should not proceed until the Court determines as a threshold matter whether this case is properly before this Court, on Defendants' motion to compel arbitration and to dismiss the case. A stay of discovery is appropriate pending a motion to compel arbitration. *See Nicholson v. TracFone Wireless, Inc.*, No. 21-22213-CIV, 2021 WL 4726481 (S.D. Fla. July 30, 2021) (Altonaga, J.) (granting motion to stay pending motion to compel arbitration); *Lopez v. Auto Wax of S. Fla., Inc.*, No. 20-CIV-81892-RAR, 2021 WL 911176, at *3 (S.D. Fla. Mar. 2, 2021) (granting contested motion to stay discovery pending motion to compel arbitration).

    2.    Defendants' forthcoming motion to compel arbitration and to dismiss the case will also seek to stay discovery pending resolution of that motion. That motion will be determined by

the District Court. *See* Order Setting Discovery Procedures [ECF No. 24] at 5. n1.

3. Plaintiff has been aware of Defendants' position on discovery since before the Notice of Deposition was served. In the Joint Scheduling Report [ECF No. 19] filed on January 28, 2022, Defendants informed the Court and Plaintiff that "Defendants anticipate moving to compel arbitration and to dismiss the Complaint. Defendants respectfully submit that further proceedings unrelated to that motion should be held in abeyance until that threshold motion is decided." *Id.* at 1 (citing cases). Defendants also made clear that "In the event Plaintiff seeks to commence discovery unrelated to the forthcoming motion before that motion is resolved, Defendants anticipate filing a motion to stay discovery." *Id.*

4. Plaintiff's counsel thereafter sent an email with multiple informal requests for information and attaching the 30(b)(6) Notice requesting a corporate representative deposition "[i]n the abundance of caution," including on topics unrelated to the forthcoming motion to compel arbitration and to dismiss the case.

5. To avoid unnecessary discovery disputes, Defendants' counsel corresponded with Plaintiff's counsel concerning their information requests on February 3, 4, and 7, and met with Plaintiff's counsel on February 8, 2022 by Zoom. Defendants' counsel reiterated that Defendants will be filing a motion to compel arbitration and to dismiss the complaint, on or before the deadline of February 25, 2022 to respond to the Complaint, as agreed to by the parties and so ordered by the Court. *See* Order dated January 19, 2022 [ECF No. 10]. Defendants' counsel sought to confer on providing further informal responses to certain of Plaintiff's counsel's inquiries, and to put off formal discovery until such time as the Court determines the threshold motion to compel arbitration. Plaintiff's counsel did not take a definitive position at the time.

6. Defendants' counsel also noted that if a deposition was unavoidable, as a purely logistical matter, there was a scheduling conflict the week of February 25, 2022, and the parties'

counsels agreed to confer further on rescheduling the deposition to a date to be determined.

7. Out of an abundance of caution, Defendant Voyager Digital LLC hereby objects to the 30(b)(6) Notice, including the date listed for the deposition, and the scope of the Three Deposition Topics listed on the exhibit to the 30(b)(6) Notice, until after the motion to compel arbitration is decided.

8. In the event the parties cannot reach agreement on the withdrawal of the 30(b)(6) Notice or to determine a date for deposition after the motion to compel arbitration is decided, Voyager Digital LLC will seek protection from the Magistrate Judge pursuant to the Order Setting Discovery Procedures [ECF No. 24].

Dated February 9, 2022

    Respectfully submitted,

By: /s/ *Gavin C. Gaukroger*
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was served via e-mail on February 9, 2022, to all attorneys of record for Plaintiff.

>                            */s/ Gavin C. Gaukroger*
>                            Gavin C. Gaukroger