**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 21-24441-CIV-ALTONAGA/Torres**

MARK CASSIDY, on behalf of himself
and others similarly situated,

Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

Defendants.

_____/

**DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS THE**
**COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS AND ALLEGATIONS ................................................................... 2

      A.     The Voyager Platform and the Voyager Defendants ..................................... 2

      B.     The Arbitration Agreement ........................................................................... 2

      C.     Plaintiff's Claims ......................................................................................... 5

MEMORANDUM OF LAW ...................................................................................................... 7

I.       THE COURT MUST COMPEL ARBITRATION OF ALL CLAIMS
        AND DISMISS THE COMPLAINT. .......................................................................... 8

      A.     The Mandatory Arbitration Clause of the Voyager User Agreement
           Is Valid and Binding on Mr. Cassidy. .......................................................... 9

      B.     All Plaintiff's Claims Present Arbitrable Issues under the User
           Agreement. ................................................................................................ 10

      C.     The Complaint Must Be Dismissed, Not Just Stayed, Pursuant to
           the User Agreement's Exclusive Jurisdiction Provision. ............................ 15

II.      THE CLAIMS AGAINST VOYAGER DIGITAL LTD ALSO MUST BE
        DISMISSED FOR LACK OF PERSONAL JURISDICTION. ................................ 17

CONCLUSION ......................................................................................................................... 19

REQUEST FOR ORAL ARGUMENT ................................................................................... 19

CERTIFICATE OF GOOD FAITH CONFERENCE ............................................................. 19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alford v. Dean Witter Reynolds, Inc.*,
  975 F.2d 1161 (5th Cir. 1992) .................................................16

*Am. Exp. Fin. Advisors, Inc. v. Makarewicz*,
  122 F.3d 936 (11th Cir. 1997) ................................................9

*Am. Express Co. v. Italian Colors Rest.*,
  570 U.S. 228 (2013).................................................................8

*Andrew v. Radiancy, Inc.*,
  No. 616CV1061ORL37GJK, 2017 WL 2692840 (M.D. Fla. June 22, 2017) ........................18

*Armas v. Prudential Sec., Inc.*,
  842 So. 2d 210 (Fla. Dist. Ct. App. 2003) ...........................................11, 13

*Arthur Andersen LLP v. Carlisle*,
  556 U.S. 624 (2009).................................................................13

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011).................................................................8

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
  475 U.S. 643 (1986).................................................................11

*Bazemore v. Jefferson Cap. Sys., LLC*,
  827 F.3d 1325 (11th Cir. 2016) ................................................9

*Bell v. Royal Seas Cruises, Inc.*,
  No. 19-CIV-60752-RAR, 2020 WL 5639947 (S.D. Fla. Sept. 21, 2020) ...............10

*Bercovitch v. Baldwin School, Inc.*,
  133 F.3d 141 (1st Cir. 1998) ................................................16

*Bruno v. Mark MaGrann Assocs., Inc.*,
  388 N.J. Super. 539, 909 A.2d 768 (App. Div. 2006) ...........................11

*Calderon v. Sixt Rent a Car, LLC*,
  No. 19-62408-CIV, 2021 WL 1325868 (S.D. Fla. Apr. 9, 2021)...........................10

*Caley v. Gulfstream Aerospace Corp.*,
  428 F.3d 1359 (11th Cir. 2005) ................................................16

*Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*,
  252 F.3d 707 (4th Cir. 2001) ................................................16

*Consolidated Dev. Corp. v. Sherritt, Inc.*,
    216 F.3d 1286 (11th Cir. 2000) ...............................................................18

*Cuningham Hamilton Quiter, P.A. v. B.L. of Miami, Inc.*,
    776 So. 2d 940 (Fla. Dist. Ct. App. 2000) ...............................................11

*D.A.M. Prods., Inc. v. Acosta Resituyo*,
    No. 17-22962-CIV, 2018 WL 11372106 (S.D. Fla. Feb. 12, 2018) ...........................9

*Daimler AG v. Bauman*,
    571 U.S. 117, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) ...........................18

*Dean Witter Reynolds, Inc. v. Byrd*,
    470 U.S. 213 (1985).........................................................................8

*Dimattina Holdings, LLC v. Steri-Clean, Inc.*,
    195 F. Supp. 3d 1285 (S.D. Fla. 2016) ....................................................14

*Escobal v. Celebration Cruise Operator, Inc.*,
    482 F. App'x 475 (11th Cir. 2012) ........................................................14

*Fioretti v. Mass. Gen. Life Ins. Co.*,
    53 F.3d 1228 (11th Cir. 1995) .............................................................9

*Green v. Masimo Corp.*,
    No. 09-CV-82355, 2010 WL 11601448 (S.D. Fla. Mar. 29, 2010)........................15

*Griffin Indus., Inc. v. Irvin*,
    496 F.3d 1189 (11th Cir. 2007) .......................................................7, 18

*Gunson v. BMO Harris Bank, N.A.*,
    43 F. Supp. 3d 1396 (S.D. Fla. 2014) ...............................................12, 13

*Hirsch v. Amper Fin. Servs., LLC*,
    215 N.J. 174, 71 A.3d 849 (2013).........................................................15

*Hodgson v. NCL (Bahamas), Ltd.*,
    151 F. Supp. 3d 1315 (S.D. Fla. 2015) ...................................................16

*Jacobs v. Bank of Am. Corp.*,
    No. 1:15-CV-24585-UU, 2019 WL 2268976 (S.D. Fla. Feb. 26, 2019) ................16

*KPH Healthcare Servs., Inc. v. Janssen Biotech, Inc.*,
    No. 20CV05901KMESK, 2021 WL 4739601 (D.N.J. Oct. 12, 2021) ..................15

*Lambert v. Austin Ind.*,
    544 F.3d 1192 (11th Cir. 2008) ...........................................................8

*Lawson v. Life of the S. Ins. Co.*,
    648 F.3d 1166 (11th Cir. 2001) ..........................................................12

*Med-X Glob., LLC v. SunMed Int'l, LLC*,
  No. 19-20722-CIV, 2021 WL 3772673 (S.D. Fla. Aug. 25, 2021) .......................................18

*MetroPCS Commc'ns, Inc. v. Porter*,
  273 So. 3d 1025 (Fla. 3d DCA 2018) .......................................................................................9

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) ......................................................................................................................8

*MS Dealer Serv. Corp. v. Franklin*,
  177 F.3d 942 (11th Cir. 1999) ................................................................................................13

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) ................................................................................................................16

*Olsher Metals Corp. v. Olsher*,
  No. 03-12184, 2004 WL 5394012 (11th Cir. Jan. 26, 2004) ............................................14, 16

*Orn v. Alltran Fin., L.P.*,
  779 F. App'x 996 (3d Cir. 2019) .............................................................................................12

*Peruyero v. Airbus S.A.S.*,
  83 F. Supp. 3d 1283 (S.D. Fla. 2014) ....................................................................................17

*Rezny v. MoadBus, Inc.*,
  No. 610CV1067ORL18GJK, 2010 WL 11626828 (M.D. Fla. Nov. 22, 2010) ....................16

*Salco Distribs., LLC v. iCode, Inc.*,
  No. 8:05 CV 642 T 27TGW, 2006 WL 449156 (M.D. Fla. Feb. 22, 2006) ...........................10

*Sims v. Clarendon Nat'l Ins. Co.*,
  336 F. Supp. 2d 1311 (S.D. Fla. 2004) ....................................................................................8

*Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*,
  447 F.3d 1357 (11th Cir. 2006) ..............................................................................................17

*Temple v. Best Rate Holdings LLC*,
  360 F. Supp. 3d 1289 (M.D. Fla. 2018) ...................................................................................10

*WasteCare Corp. v. Harmony Enterprises, Inc.*,
  822 F. App'x 892 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 1383, 209 L. Ed.
  2d 126 (2021) ...........................................................................................................................12

**Statutes**

Federal Arbitration Act, 9 U.S.C.§§ 1, et seq. ...........................................................................1, 8

Florida Deceptive and Unfair Trade Practices Act .........................................................................6

New Jersey Consumer Fraud Act ....................................................................................................6

**Other Authorities**

Federal Rules of Civil Procedure

12(b)(2) ...................................................................................................1, 17

12(b)(3) .........................................................................................................1

AAA Consumer Arbitration Rules, R-14(a) ................................................................12

Defendants Voyager Digital Ltd. ("Voyager Ltd") and Voyager Digital, LLC ("Voyager LLC", and collectively with Voyager Ltd, "Defendants") respectfully move the Court for an order compelling Plaintiff Mark Cassidy to submit his claims to arbitration, and to dismiss this case in its entirety, pursuant to Sections 3 and 4 of the Federal Arbitration Act, and Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).  In support of their motion, Defendants state as follows:

## PRELIMINARY STATEMENT

Plaintiff agreed to arbitrate this dispute when he opened his account to use the Voyager Platform, and accepted terms of use set forth in the Voyager User Agreement. Courts routinely enforce arbitration agreements formed in precisely this manner, and there is no basis to depart from well-established law compelling arbitration here.

The claims asserted in this action fall squarely within the scope of the User Agreement's arbitration clause, which mandates arbitration of "any Complaint arising in connection with this Agreement, the Account, the Platform, or the Services."  All Plaintiff's claims arise in connection with his Voyager account and use of the Voyager Platform.  Moreover, any dispute concerning arbitrability is for the arbitrator, not this Court, to decide.

The Court should dismiss this action in its entirety, not just stay the case, because: (i) all claims asserted are subject to arbitration; and (ii) the User Agreement provides for exclusive jurisdiction in New Jersey, including over any appeals of an arbitration award and over any claims not subject to arbitration.  No part of this case belongs in this Court.

Seeking to evade the arbitration clause, Plaintiff tacks on claims against a holding company defendant, Voyager Ltd, based on nothing but conclusory group-pled allegations.  That transparent pleading tactic fails as a matter of law for at least two reasons.

*First*, the claims against Voyager Ltd fall within the scope of the arbitration agreement because they are the same claims asserted against Voyager LLC.  Plaintiff cannot evade its

arbitration agreement by simply tacking on a parent entity as an additional defendant.

*Second*, Plaintiff's conclusory allegations fail to plead a basis for personal jurisdiction over Voyager Ltd, a foreign public company with no alleged presence in Florida. The alleged conduct of Voyager LLC provides no basis for jurisdiction over its indirect parent company.

## STATEMENT OF FACTS AND ALLEGATIONS[1]

### A.    The Voyager Platform and the Voyager Defendants

All claims in this case arise out of Plaintiff's use of the Voyager Platform, which includes a mobile phone application ("App") through which Plaintiff and other users can open an account and trade multiple types of cryptocurrencies. (Compl. ¶ 18-19.)

Defendant Voyager LLC operates the Voyager Platform. (*Id.* ¶ 19 & Ex. A at 6.) Defendant Voyager Ltd is a foreign holding company parent of Voyager LLC with no operations or employees. (Casey Decl. ¶ 5.) Voyager Ltd does not operate or market the Voyager Platform. (*Id.*)

### B.    The Arbitration Agreement

On March 17, 2021, Plaintiff registered for an account on the Voyager Platform. (Compl. ¶ 57.) To register for an account, a user must check a box confirming that they have read and understood the terms of Voyager LLC's User Agreement.

Voyager LLC also maintains records in the ordinary course of business recording whether and when users agree to the User Agreement. (Casey Decl. ¶¶ 10-11.) Those records establish that Plaintiff Mark Cassidy checked the box manifesting his agreement to the User Agreement at 4:28pm U.T.C. on March 17, 2021 (*Id.* ¶¶ 11-12.)

---

[1] The facts are taken from the Class Action Complaint (cited as "Compl. ¶ _"), documents referenced and incorporated therein, and the Declaration of Shannon Casey, dated February 17, 2022 ("Casey Decl.") submitted herewith.

The screen on which users, including Mr. Cassidy, agree to the User Agreement appears as follows:



(*Id*. ¶ 7.)  To open an account, a new user must check a box next to the sentence "By creating an account, you agree to our **Terms**." (*Id.* ¶ 8.)  The word "**Terms**" in bold and purple text is a hyperlink.  Clicking on the word "Terms" on the account opening screen takes the user to Voyager's User Agreement. (*Id.* ¶ 9.)

When Plaintiff signed up for a Voyager account on March 17, 2021, the "Terms" link directed the user to the User Agreement last revised January 2021, a copy of which is attached to the Casey Declaration as Exhibit A.

The first paragraph of the January 2021 User Agreement makes clear that the Voyager account and related Platform are provided by Voyager LLC.  The second paragraph makes clear that the User Agreement contains a binding arbitration agreement, and that if the user does not agree to those terms the user "shall not access or use the Voyager Services":

### USER AGREEMENT

In consideration of Voyager Digital, LLC, a member of Voyager Digital Group, and its agents and assigns (collectively, "*Voyager*") opening an account ("*Voyager Account*") on my behalf, or my access or use of the Voyager Platform, I represent and agree to the terms set forth below (the "*Agreement*"). When used in this Agreement, the words "*I*", "*me*", or "*my*" mean the owner of the Voyager Account.

By accessing or using the Voyager Platform (as further described below), I understand that I am agreeing to be bound by the terms of this Agreement. Including but not limited to the binding arbitration provisions contained in Section 20 below that may significantly affect my legal rights, including my right to file a lawsuit in court and to have a jury hear my claims. I fully understand that if I do not agree to be bound by this Agreement, I shall not access or use the Voyager Services (as further defined below).

(Casey Decl. Ex. A at p. 2.)

The User Agreement's arbitration clause mandates arbitration of "any Complaint arising in connection with this Agreement, the Account, the Platform, or the Services" in accordance with the American Arbitration Association's ("AAA's") rules for arbitration of consumer disputes, and expressly waives the right to participate in a class-action lawsuit.  (*Id.* ¶ 22 ("Arbitration Clause").)  In full, the Arbitration Clause states:

> Voyager and I agree to attempt informal resolution of any Complaint arising in connection with this Agreement, my Voyager Account, the Voyager Platform, or the Voyager Services consistent with the procedures outlined in Section 20 prior to any demand for adjudication. Voyager and I further agree that if we cannot solve such Complaint informally and consistent with the procedures outlined in Section 20, any such dispute shall be finally settled in binding arbitration, on an individual basis, in accordance with the American Arbitration Association's rules for arbitration of consumer-related disputes, and Voyager and I hereby expressly waive trial by jury and right to participate in a class-action lawsuit or class-wide arbitration. The arbitration will occur in New Jersey and will be conducted confidentially by a single, neutral arbitrator. I agree to bear my own attorney's fees, costs, and expenses. The arbitrator may award any relief that a court of competent

jurisdiction could award, including attorneys' fees when authorized by law, and the arbitral decision may be enforced in any court. Any dispute between the parties will be governed by this Agreement and the laws of the State of New Jersey and applicable United States law, without giving effect to any conflict of laws principles that may provide for the application of the law of another jurisdiction. Voyager and I further agree that the state or federal courts in New Jersey have exclusive jurisdiction over any appeals of an arbitration award and over any suit between the parties not subject to arbitration. In the event the prohibition on class arbitration or any other provision of this Section is deemed invalid or unenforceable, then I agree and understand that the remaining portions of the arbitration provisions in this Section will remain in full force and effect.

(*Id.*)

The User Agreement was revised once during the time of Mr. Cassidy's alleged trading on the Voyager Platform, on April 16, 2021 (Casey Decl. ¶¶ 16, 20 & Ex. B), and notice was sent to customers on April 18, 2021.  (*Id.* ¶ 21 & Ex. F.)  In that revision, there was no change to the substance of the Arbitration Clause, which remained essentially verbatim other than updating the section references, changing the pronoun from "I" to "Customer", and placing the provision in all caps.  (*See id.*)[2]

### C.    Plaintiff's Claims

On December 24, 2021, nine months after having agreed to arbitrate "any Complaint arising in connection with [the User] Agreement, [his] Voyager Account, the Voyager Platform, or the Voyager Services" (Casey Decl. Ex. A ¶ 22), Plaintiff filed his Complaint in this Court. Plaintiff's claims all revolve around the theory that he was damaged by his use of the Voyager Platform, because the trading revenue generated by the Voyager Platform—which is discussed at length in Voyager's public filings—purportedly constitutes a "secret commission" causing statements that the trades are "commission-free" to be false or misleading.  (Compl. ¶ 75.)  On

---

[2] The User Agreement has also been amended three times since Mr. Cassidy's last trade, but the core terms of the arbitration agreement have remained the same throughout: each version mandates arbitration under the AAA's rules for arbitration of consumer disputes, expressly waives the right to participate in a class-action lawsuit, and provides for exclusive jurisdiction in New Jersey state and federal courts.  (*See id.* ¶¶ 17-19 & Exs. C-E.)

that basis, Plaintiff asserts three causes of action and seeks to represent two putative classes, alleging violations of the New Jersey Consumer Fraud Act (*id*. ¶¶ 77-85 ("Count I")); the Florida Deceptive and Unfair Trade Practices Act (*id*. ¶¶ 86-95 ("Count II")); and common law principles of unjust enrichment (*id*. ¶¶ 96-100 ("Count III")).

In a transparent effort to evade the User Agreement's mandatory arbitration clause and class action waiver, Plaintiff brings his claims against not just Voyager LLC, as the provider of the Voyager Platform, but also Voyager LLC's ultimate parent company Voyager Ltd.  (*See generally* Compl.; *see also* Compl. Ex. A at 5 (describing the indirect parent-subsidiary relationship).)  Voyager Ltd is incorporated in British Columbia, Canada, with a principal place of business in New York. (Compl. ¶ 12.)

The Complaint offers no basis for including Voyager Ltd as a defendant.  Instead, it coins a defined term "Voyager Defendants" to refer to both Voyager LLC and Voyager Ltd (Compl. at 1), and then pleads all three causes of action against the "Voyager Defendants" without distinction.  (*Id*. ¶¶ 77-100.)  The only statements in the Complaint made by Voyager Ltd, as opposed to "Voyager Defendants," are statements pulled from Voyager Ltd's public filings and press releases reflecting a discussion of the Voyager Group's consolidated financial results. (Compl. ¶¶ 18-24, 28-29.)

The only alleged basis for jurisdiction over Voyager Ltd is a group-pled allegation reciting the legal standard for personal jurisdiction in conclusory fashion, to allege that: "This Court has jurisdiction over the Voyager Defendants because they are foreign corporations authorized to conduct business in Florida, are doing business in Florida, and have registered with the State of Florida, or do sufficient business in Florida, have sufficient minimum contacts with Florida, or otherwise intentionally avail themselves of the Florida consumer market through the promotion, marketing, sale, and service of their Voyager Platform in Florida."  (Compl. ¶ 14.)

The Complaint contains no *factual* allegations to support that conclusory group-pled allegation as to Voyager Ltd, or to suggest that Voyager Ltd had any interaction with users such as Plaintiff Mr. Cassidy, or any role in the operation of the Voyager Platform, or that Voyager Ltd has any contacts with Florida, or with Plaintiff.  The Complaint alleges conduct related to Texas (Compl. ¶ 6-7 (alleging partnership with the Dallas Mavericks)), and California (Compl. ¶ 20 (purchasing a suite at the Oakland Coliseum)), but nothing directed at Florida.

On the contrary, the factual allegations in Plaintiff's own Complaint contradict his conclusory group-pled allegations against Voyager Ltd.  The Complaint, and Voyager's public filings quoted and attached to the Complaint, make clear that the Voyager Platform and all services about which Plaintiff is complaining were provided by Voyager LLC, not Voyager Ltd. (*See* Compl. ¶ 19 (alleging that Voyager LLC offers the services through which users open an account and trade, as well operating the routing and order flow technology and delivering news and social media feeds); Compl. Ex. A at 5-6 (same).)[3]

## MEMORANDUM OF LAW

The Court should compel Plaintiff to submit all claims to arbitration pursuant to his User Agreement and dismiss this case in its entirety.  (*See* Section I, *infra*.)  That arbitration agreement is valid and binding (*See* Section I.A), and it applies to all claims asserted in this action.  (*See* Section I.B, *infra*.)  Dismissal is warranted because all claims are subject to

---

[3]  In a section called "The Voyager Defendants' Uniform '100% Commission-Free' Misrepresentations", the Complaint then uses the short-hand Voyager to describe representations and to refers to "its customers" and "the commissions it charges on each cryptocurrency trade." (Compl. ¶ 25-27.)  To the extent those allegations could be construed as alleging that Voyager Ltd made the representations, had retail customers, and charged commissions, they need not be accepted as true because they are contradicted by the more specific allegations just two-pages earlier which make clear that it is Voyager LLC that engages with users and offers those services. (Compl. ¶ 19.)  *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations.").

arbitration and because the User Agreement provides for exclusive jurisdiction in New Jersey state and federal courts.  (*See* Section I.C).

While the Court need not reach the issue, the claims against Voyager Ltd should also be dismissed for lack of personal jurisdiction.  (*See* Section II, *infra.*)

## I.   THE COURT MUST COMPEL ARBITRATION OF ALL CLAIMS AND DISMISS THE COMPLAINT.

The Federal Arbitration Act, 9 U.S.C.§§ 1, et seq. ("FAA") reflects the "liberal federal policy favoring arbitration" and instructs that arbitration agreements "shall be valid, irrevocable, and enforceable."  *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

The Supreme Court has repeatedly made clear that "courts must 'rigorously enforce' arbitration agreements according to their terms."  *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (quoting *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 221 (1985)). The FAA "leaves no place for the exercise of discretion…, but instead mandates that district courts *shall* direct the parties to proceed to arbitration" when their contract so provides.  *Dean Witter Reynolds,* 470 U.S. at 218 (emphasis in original).

The FAA requires a court to stay or dismiss a lawsuit and compel arbitration where (a) the parties have a valid arbitration agreement and (b) the claims asserted fall within the scope of the agreement.  *See Lambert v. Austin Ind.,* 544 F.3d 1192, 1195 (11th Cir. 2008).  In determining whether a dispute is covered by an arbitration agreement, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.  *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983).[4]

---

[4] "Under both federal and Florida law, there are three factors for the court to consider in determining a party's right to arbitrate: (1) whether a written agreement exists between the parties containing an arbitration clause; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration has been waived."  *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004) (Altonaga, J.).  The Complaint fails to acknowledge the existence of the arbitration agreement and thus alleges no facts seeking to establish a waiver of the right to

**A.      The Mandatory Arbitration Clause of the Voyager User Agreement Is Valid and Binding on Mr. Cassidy.**

The "threshold question of whether an arbitration agreement exists at all" is a matter of contract to which state law applies. *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016); *Am. Exp. Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 940 (11th Cir. 1997). As this is a diversity action, the Court applies the choice-of-law principles of its forum state, Florida. *See Fioretti v. Mass. Gen. Life Ins. Co.*, 53 F.3d 1228, 1235 (11th Cir. 1995) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), and *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)). Mr. Cassidy alleges that he is a citizen and resident of Florida (Compl. ¶ 11) and does not allege that he signed up for his Voyager account from any other location, so it may be inferred that Florida law will govern his entry into the User Agreement. *Fioretti v. Mass. Gen. Life Ins. Co.*, 53 F.3d 1228, 1235 (11th Cir. 1995) (*lex loci contractus* applies under Florida law).

Mr. Cassidy entered into a binding agreement to arbitrate when he opened his account to use the Voyager Platform. Immediately above the "Continue" button to proceed with opening his Voyager account, Mr. Cassidy was presented with a mandatory checkbox confirming that "By creating an account, you agree to our **Terms.**" (*See* Casey Decl. ¶ 7-8; *supra* at 3.) Voyager LLC's contemporaneous records demonstrate that Mr. Cassidy did check the box confirming his acceptance of the User Agreement. (*See* Casey Decl. ¶¶ 10-12.)

Florida law is well-established that agreements formed in the precisely this manner, known as "click wrap" agreements—*i.e.* "when a website directs a purchaser to the terms and conditions of the sale and requires a purchaser to click a box to acknowledge that they have read those terms and conditions"—are valid and binding. *MetroPCS Commc'ns, Inc. v. Porter*, 273 So. 3d 1025,

---

arbitrate. In any event, there has been no waiver here as Defendants have made their intent to compel arbitration clear from the outset and have done nothing to suggest an "intent to avoid or waive arbitration." *D.A.M. Prods., Inc. v. Acosta Resituyo*, No. 17-22962-CIV, 2018 WL 11372106, at *9 (S.D. Fla. Feb. 12, 2018) (Altonaga, J.).

1028 (Fla. 3d DCA 2018) (reversing denial of motion to compel arbitration and holding that "click-wrap" agreement was enforceable regardless of whether plaintiff clicked on the hyperlink to view the agreement).  *See also Bell v. Royal Seas Cruises, Inc.*, No. 19-CIV-60752-RAR, 2020 WL 5639947, at *5 (S.D. Fla. Sept. 21, 2020) (finding that an arbitration agreement was enforceable where customers were required to "take the affirmative action of clicking the continue button directly below" a statement that "I understand and agree" to the Terms and Conditions; *Calderon v. Sixt Rent a Car, LLC,* No. 19-62408-CIV, 2021 WL 1325868 (S.D. Fla. Apr. 9, 2021) (granting a motion to compel arbitration based on a terms of use agreement where a customer was required to check box to confirm agreement); *Bell*, 2020 WL 5639947 (granting a motion to compel arbitration where customers were required to "take the affirmative action of clicking the Continue button directly below" a statement that "I understand and agree" to the Terms and Conditions); *Temple v. Best Rate Holdings LLC*, 360 F. Supp. 3d 1289, 1302-03 (M.D. Fla. 2018) (granting motion to compel arbitration where user was informed that clicking the button would constitute acceptance of the terms available via a hyperlink); *Salco Distribs., LLC v. iCode, Inc.*, No. 8:05 CV 642 T 27TGW, 2006 WL 449156, at *2 (M.D. Fla. Feb. 22, 2006) (noting that in "Florida and the federal circuits . . . click-wrap agreements are valid and enforceable contracts.").

Mr. Cassidy is bound by the Arbitration Clause of the User Agreement he accepted on the day he signed up to open a Voyager account, which remained substantively unchanged throughout the time in which his alleged trades took place.  (*See supra* at 5.)

### B.     All Plaintiff's Claims Present Arbitrable Issues under the User Agreement.

All of the claims in this case are subject to arbitration under the terms of the Voyager User Agreement accepted by Mr. Cassidy.  The arbitration provision broadly applies to "any Complaint arising in connection with this Agreement, [Mr. Cassidy's] Voyager Account, the Voyager Platform, or the Voyager Services."  (Casey Decl. Ex. A ¶ 22.)  The FAA's "presumption of

arbitrability applies to all contracts that contain a broadly fashioned arbitration clause." *AT&T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 650 (1986).

It is beyond dispute that all Plaintiff's claims arise from his use of the Voyager Platform, to which he had access through his Voyager Account.  (*See, e.g.,* Compl. Count I ¶ 80 (alleging Plaintiff was harmed by undisclosed commissions on trades he placed on the Voyager Platform); Count II ¶¶ 92 (same); Count III ¶ 97 (same).)  As a result, all claims fall within the broad scope of the arbitration provision of his User Agreement.

Seeking to evade his arbitration agreement with Voyager LLC, Plaintiff names the holding company parent, Voyager Ltd, as an additional defendant and asserts the same claims against both entities without distinction.  That transparent pleading tactic fails as a matter of law.

First, Voyager LLC and Voyager Ltd have the right to compel arbitration of all claims asserted here, including those against Voyager Ltd, because those claims fall within the express scope of the Arbitration Clause.  The Arbitration Clause mandates arbitration of any dispute "arising in connection with this Agreement, my Voyager Account, the Voyager Platform."  All Plaintiff's claims indisputably arise in connection with his Voyager Account and use of the Voyager Platform, and thus fall within the scope of the arbitration clause entered into with Voyager LLC even if asserted against non-signatories.  *See  Cuningham Hamilton Quiter, P.A. v. B.L. of Miami, Inc.*, 776 So. 2d 940, 942 (Fla. Dist. Ct. App. 2000) ("It is well established that the courts broadly construe arbitration provisions containing the language, 'arising out of or relating to,' such that in certain instances the clause will include non-signatories"); *Armas v. Prudential Sec., Inc.*, 842 So. 2d 210, 211 (Fla. Dist. Ct. App. 2003) ("arbitration provisions containing the language, 'arising out of or related to,' in certain instances can be construed to include non-signatories"); *see also Bruno v. Mark MaGrann Assocs., Inc*., 388 N.J. Super. 539, 546–47, 909 A.2d 768, 772–73 (App. Div. 2006) (broadly worded arbitration agreement covering "any and all controversies,

disputes, or claims arising under, or related to" a contract or subject property encompassed claims against non-party subcontractors). Moreover, any dispute concerning the interpretation and scope of the arbitration provision and arbitrability of claims thereunder have been delegated to the arbitrator.[5]

Second, Voyager Ltd can directly enforce the arbitration clause as a third-party beneficiary of the contract and under principles of equitable estoppel and agency. The question of whether a non-signatory can enforce an arbitration clause is governed by state law. *See Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1170–71 (11th Cir. 2001) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009)). The law is mixed on whether enforceability is governed by the law of the forum state or the contract's choice of law,[6] but the Court need not reach the issue because under any applicable law Plaintiff cannot evade his agreement to arbitrate by adding a holding company parent as an additional defendant.

Under Florida law, Plaintiff is "equitably estopped from avoiding arbitration with" a non-signatory where the claims against that entity "stem from the same contractual obligation" on

---

[5] *See* Arbitration Clause (incorporating AAA rules for consumer disputes); AAA Consumer Arbitration Rules R-14(a) (providing that the "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim") (*available at* https://adr.org/sites/default/files/Consumer%20Rules.pdf); *WasteCare Corp. v. Harmony Enterprises, Inc.*, 822 F. App'x 892, 895–96 (11th Cir. 2020) ("We have held that where the parties expressly incorporate the AAA rules into an arbitration provision, 'this alone serves as a clear and unmistakable delegation of questions of arbitrability to an arbitrator.'"), *cert. denied*, 141 S. Ct. 1383, 209 L. Ed. 2d 126 (2021) (quoting *JPay, Inc. v. Kobel*, 904 F.3d 923, 936 (11th Cir. 2018)).

[6] *See, e.g., Gunson v. BMO Harris Bank, N.A.*, 43 F. Supp. 3d 1396, 1400 (S.D. Fla. 2014) (applying Florida law where there was no conflict with the contract's choice of law, and noting that, moreover, "the choice of law provisions are not necessarily applicable to the question of arbitrability" in addressing which state's law would govern non-signatory's ability to compel arbitration); *Orn v. Alltran Fin., L.P.*, 779 F. App'x 996, 998 (3d Cir. 2019) (noting that, while the parties did not argue it, state law of parties' location might have governed a non-signatory seeking to enforce an arbitration clause because only those with standing to enforce the agreement may invoke the choice of law clause).

which claims against a second defendant are based. *Armas v. Prudential Sec., Inc.*, 842 So. 2d 210, 212 (Fla. 3d DCA 2003).  As in Voyager LLC's User Agreement, the operative agreement in *Armas* stated that any claims "arising out of or related to" the agreement were subject to arbitration. *Id*.  Based on this language, the court found that "the breadth and scope of the arbitration agreement is broad enough to include" a non-signatory defendant.  *Id*.

Principles of equitable estoppel allow a non-signatory to compel arbitration of claims in two circumstances: (i) "when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory"; and (ii) "when the signatory to the contract containing the arbitration clause raises allegations of…substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract."  *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999) (citing omitted).[7]  Both circumstances are present here.

The claims against Voyager Ltd rely on Mr. Cassidy's contract with Voyager LLC.  Mr. Cassidy's entry into the User Agreement was required to create his Voyager account and access the Voyager Platform (*see supra* at 2-3; Casey Decl. ¶ 8 & Ex. A at 1), which created his only relationship with the "Voyager Defendants" upon which all the claims are based.  Similarly, in *Gunson v. BMO Harris Bank, N.A.*, 43 F. Supp. 3d 1396 (S.D. Fla. 2014), the court compelled arbitration of purported class action claims against a non-signatory to loan agreements, because the agreements created the relationship between the plaintiff and the non-signatory defendants, noting that arbitration is required where an agreement including an arbitration clause "create[s] the relationship between the" plaintiff and the non-signatory and the claims against the non-signatory "presume[] the existence of" that agreement.  *Id.* at 1401-02 (applying Florida law).

---

[7] *Abrogated on other grounds*, *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631, 129 S. Ct. 1896, 1902, 173 L.Ed.2d 832 (2009).

The claims against Voyager Ltd must also be compelled to arbitration because they are inextricably intertwined with the claims against Voyager LLC.   A "non-signatory to an arbitration agreement may compel arbitration when the allegations against him are inextricably intertwined with or mirror those against a signatory, or when the allegations are of interdependent and concerted misconduct between a non-signatory and a signatory." *Dimattina Holdings, LLC v. Steri-Clean, Inc.*, 195 F. Supp. 3d 1285, 1292 (S.D. Fla. 2016) (Altonaga, J.).

The Eleventh Circuit affirmed an order compelling arbitration in similar circumstances in *Escobal v. Celebration Cruise Operator, Inc.,* 482 F. App'x 475, 476 (11th Cir. 2012), where plaintiff's claims against Cruise Line, a non-signatory to the arbitration agreement, were "inextricably intertwined with his claims against the contract signatory Celebration Cruise Operator." *Id.* at 476.  *See Olsher Metals Corp. v. Olsher*, No. 03-12184, 2004 WL 5394012, at *1-3 (11th Cir. Jan. 26, 2004) (affirming order compelling arbitration of claims against non-signatory because of the non-signatory's "close relationship to the parties to the agreement" and the fact that all of the claims "factually relate to the interpretation and performance" of the agreement).

Here, there is no distinction between the claims against Voyager LLC and its ultimate parent Voyager Ltd, as each claim is group pled against the "Voyager Defendants" without distinction.  (*See* Compl. ¶¶ 77-100.)  In *Dimattina Holdings,* this Court granted a motion to compel arbitration of similarly group-pled claims against a signatory and non-signatory to an arbitration agreement, noting that "the claims against Chalmers and Steri-Clean [were] one and the same . . . .  In fact, Plaintiff repeatedly refer[red] to their actions collectively.  Thus, since both Chalmers's and Steri-Clean's actions mirror each other and are inextricably intertwined, equitable estoppel applies."  195 F. Supp. 3d at 1292 (internal citation omitted).

New Jersey law also allows a non-signatory parent company to compel claims to arbitration

where substantially the same claims asserted against its subsidiary are subject to arbitration, under a theory of agency rather than equitable estoppel. *See, e.g., KPH Healthcare Servs., Inc. v. Janssen Biotech, Inc.*, No. 20CV05901KMESK, 2021 WL 4739601, at *7 (D.N.J. Oct. 12, 2021). Under New Jersey law, courts reach this result under an agency theory rather than an equitable estoppel theory. *See id.* (noting that agency theory applies under New Jersey law where, as here, "a non-signatory parent company seeks to compel arbitration based on an arbitration agreement made by its subsidiary").[8] Under either state's approach, Plaintiff cannot evade his agreement to arbitrate by simply tacking a parent entity onto his claims. Any theory by which Plaintiff can assert the same claims against Voyager LLC and its holding company parent Voyager Ltd, also subjects all of those claims to arbitration.

## C.   The Complaint Must Be Dismissed, Not Just Stayed, Pursuant to the User Agreement's Exclusive Jurisdiction Provision.

This case must be dismissed, not just stayed pending arbitration, because the User Agreement provides for exclusive jurisdiction and venue in New Jersey. (*See* Arbitration Clause ("Voyager and I further agree that the state or federal courts in New Jersey have exclusive jurisdiction over any appeals of an arbitration award and over any suit between the parties not subject to arbitration.").)

Venue provisions in arbitration agreements are "presumptively enforceable" absent a "strong showing that enforcement would be unfair or unreasonable under the circumstances." *Green v. Masimo Corp.*, No. 09-CV-82355, 2010 WL 11601448, at *2 (S.D. Fla. Mar. 29, 2010) (granting motion to dismiss for lack of venue where valid arbitration agreement specified venue

---

[8] *See also Hirsch v. Amper Fin. Servs., LLC*, 215 N.J. 174, 193, 71 A.3d 849, 860 (2013) (rejecting equitable estoppel in the context of a non-affiliate seeking to compel arbitration based on an arbitration clause expressly limited to disputes between the parties, but distinguishing cases in the parent-subsidiary context in which the non-signatory could compel arbitration as a result of the "agency relationship between the parent and subsidiary corporations in relation to their intertwinement with the plaintiff's claims and the relevant contractual language").

in California); *Rezny v. MoadBus, Inc.*, No. 610CV1067ORL18GJK, 2010 WL 11626828, at \*3 (M.D. Fla. Nov. 22, 2010) ("Given the surfeit of caselaw stating that forum selection clauses are to be enforced absent a strong showing of unreasonableness, this Court will enforce the arbitration clause and dismiss the case for improper venue.")

Even putting aside the venue provision, the Complaint should be dismissed.  The Eleventh Circuit and courts in this District have repeatedly held that dismissal is appropriate where all claims are subject to arbitration.  *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1379 (11th Cir. 2005) (affirming dismissal where all claims were subject to arbitration); *Olsher Metals Corp. v. Olsher*, No. 03-12184, 2004 WL 5394012, at \*3 (11th Cir. Jan. 26, 2004) (same).  *See also*, *Jacobs v. Bank of Am. Corp.*, No. 1:15-CV-24585-UU, 2019 WL 2268976, at \*7 (S.D. Fla. Feb. 26, 2019) (collecting appellate authority explaining that dismissal was more appropriate than a stay); *Hodgson v. NCL (Bahamas), Ltd.*, 151 F. Supp. 3d 1315, 1317 (S.D. Fla. 2015) (compelling arbitration and dismissing the case, noting that "Plaintiff's counsel knew or should have been aware that this case would be subject to arbitration, and the filing of the Complaint notwithstanding this fact is borderline frivolous.").[9]

Plaintiff fails to state any individual claim properly before this Court, so he cannot represent a putative class and the Complaint should be dismissed in its entirety.  *See O'Shea v. Littleton,* 414 U.S. 488, 494 (1974) ("if none of the named plaintiffs purporting to represent a class establishes a requisite case or controversy with the defendant, none may seek relief on behalf of herself or himself or any other member of the class").

---

[9] U.S. Courts of Appeals in other federal circuits agree.  *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (collecting cases).  *See also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) (noting that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."); *Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141, 156 n.21 (1st Cir. 1998) ("a court may dismiss, rather than stay, a case when all of the issues before the court are arbitrable.")

## II.     THE CLAIMS AGAINST VOYAGER DIGITAL LTD ALSO MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

While the entire case should be dismissed pursuant to the User Agreement's mandatory Arbitration Clause and exclusive jurisdiction provision, the claims against Voyager Ltd also fail as a matter of law under Rule 12(b)(2) for lack of personal jurisdiction.

To withstand a motion to dismiss for lack of personal jurisdiction under 12(b)(2), plaintiff bears the burden to "plead sufficient facts to establish a prima facie case of jurisdiction over the non-resident defendant." *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1286 (S.D. Fla. 2014) (citing *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 Fed. Appx. 623, 625 (11th Cir. 2010)). Moreover, where "the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

Plaintiff has failed to carry his initial burden here.  No facts have been pled to establish personal jurisdiction over Voyager Ltd.  The only alleged basis for jurisdiction over Voyager Ltd is a conclusory group-pled allegation reciting the legal standard for personal jurisdiction.  (*See* Compl. ¶ 14 (alleging that the "Voyager Defendants" have "sufficient minimum contacts with Florida, or otherwise intentionally avail themselves of the Florida consumer market through the promotion, marketing, sale, and service of their Voyager Platform in Florida.").)

The factual allegations in the Complaint contradict that conclusory group-pled allegation and establish that the Voyager Platform and all services about which Plaintiff is complaining were provided by Voyager LLC, not Voyager Ltd.  (*See* Compl. ¶ 19; Compl. Ex. A at 5-6 (describing the holding company corporate structure and the Voyager Platform offered by Voyager LLC); Compl. Ex. B (explaining that "Voyager Digital Ltd. is a publicly traded holding

company whose subsidiaries operate a crypto-asset platform . . . .")) As a result, the conclusory allegations seeking to attribute the Voyager Platform and related conduct to Voyager Ltd are entitled to no weight. *See Griffin Indus., Inc.*, 496 F.3d at 1205-06 ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations."); *see also Med-X Glob., LLC v. SunMed Int'l, LLC*, No. 19-20722-CIV, 2021 WL 3772673, at *3 (S.D. Fla. Aug. 25, 2021) (holding that plaintiff failed to state a prima facie case for personal jurisdiction sufficient to shift the burden to defendants where its theory of specific jurisdiction was "inconsistent with the allegations" in the complaint).

The facts set forth in the accompanying declaration of Shannon Casey further confirm that there is no basis for personal jurisdiction against Voyager Ltd. Voyager Ltd is a foreign parent holding company, with no operations or employees of its own, much less any operations or employees in Florida. (Casey Decl. ¶ 5.)

In short, the Complaint's only basis for jurisdiction over Voyager Ltd is the alleged actions of Voyager LLC. That is not enough. The Supreme Court has made clear that contacts of a subsidiary are insufficient to establish personal jurisdiction over a parent corporation. *See Daimler AG v. Bauman*, 571 U.S. 117, 139, 134 S. Ct. 746, 762, 187 L. Ed. 2d 624 (2014); *see also Andrew v. Radiancy, Inc.*, No. 616CV1061ORL37GJK, 2017 WL 2692840, at *4 (M.D. Fla. June 22, 2017) ("The mere fact that the distributor of a product is a subsidiary 'is insufficient to form a basis for the assertion of personal jurisdiction' over the subsidiary's parent company."); Similarly, the "Eleventh Circuit has held that a parent and a subsidiary are separate and distinct corporate entities, and the presence of one in a forum state may not necessarily be attributed to the other." *Consolidated Dev. Corp. v. Sherritt, Inc*., 216 F.3d 1286, 1292 (11th Cir. 2000).

For these reasons, claims tacking on additional corporate entities as defendants are routinely dismissed.  For example, in *Atmos Nation LLC v. Alibaba Grp. Holding Ltd.*, the court dismissed Alibaba.com, Inc. because the complaint "identifie[d] the specific Alibaba entities it claims are responsible for operating the Alibaba Platforms" and then tried to sweep in several additional entities including Alibaba.com, Inc., with no presence in Florida.  No. 0:15-CV-62104-KMM, 2016 WL 1028332, at *4 (S.D. Fla. Mar. 15, 2016).

Similarly here, the Complaint identifies Voyager LLC, not its parent, as the entity that operates the Voyager Platform.  The claims against Voyager Ltd should be dismissed for failure to plead a prima facie case establishing a basis for personal jurisdiction.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice and compel Plaintiff to assert his claims in arbitration.

## REQUEST FOR ORAL ARGUMENT

Defendants respectfully request that the Court hear oral argument on the foregoing Motion to Compel Arbitration and to Dismiss the Complaint.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. Counsel for Voyager spoke with counsel for Plaintiff Cassidy on January 26, 2022, regarding the requested relief and was informed that Plaintiff opposes the requested relief.

Date: February 17, 2022

Respectfully submitted,

By: /s/ *Gavin C. Gaukroger*
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600

*Counsel for Defendants*