UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

Defendants.
_____/

**EXPEDITED MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF DEFENDANTS' MOTION TO
COMPEL ARBITRATION AND TO DISMISS THE COMPLAINT**

Defendants Voyager Digital Ltd. and Voyager Digital, LLC (collectively "Defendants") for good cause shown respectfully move the Court on an expedited basis pursuant to SD Fla. Local Rule 7.1(d)(2) to enter an order on or before March 9, 2022, staying discovery in this matter pending resolution of Defendants' motion to compel arbitration and to dismiss this case. [ECF No. 28] ("Motion to Compel Arbitration").

This request for a stay of all discovery is properly before the District Court pursuant to Magistrate Judge Torres' Order Setting Discovery Procedures (ECF No. 24).[1]  Defendants request expedited relief in order to have this threshold issue determined before a discovery conference set before Magistrate Judge Torres on March 10, 2022.

---

[1] *See id.* at p.5 n.1 (noting that the restriction on discovery motions "does not apply to motions to stay discovery altogether (which are often premised on pending dispositive motions that are believed to moot the necessity of any and all forms of discovery). Such motions for a blanket stay are not deemed "discovery motions" for purposes of this Standing Order and may be filed on the docket for the District Judge's consideration.")

Defendants filed their Motion to Compel Arbitration more than a week before their deadline to respond to the Complaint (*see* ECF No. 10) to avoid any prejudice to either party from a brief stay of discovery pending resolution of that motion.

This Motion is necessary because Plaintiff is demanding immediate discovery on the core merits issues of the case. Meanwhile, Defendants do not wish to waive their right to arbitration, or Voyager Ltd's defense based on lack of personal jurisdiction, by engaging in merits discovery. In short, good cause exists for a short stay of discovery to address the pending threshold motion on this Court's jurisdiction over this case.

Entry of an order temporarily staying discovery will not prejudice Plaintiff and is warranted by Defendants' compelling interests in preserving their right to arbitration, preserving the protections afforded by the Federal Arbitration Act, and avoiding a waste of the parties' and the Court's resources on discovery that should not occur in this forum because this case is not properly before this Court. Courts routinely stay litigation pending a motion to compel arbitration for exactly these reasons.

## **THE DISCOVERY REQUESTS NECESSITATING THIS MOTION**

At the outset of this case Defendants promptly alerted Plaintiff that a motion to compel arbitration was forthcoming and made clear that they object to proceeding with discovery until that threshold motion is decided, particularly as to discovery unrelated to the Motion to Compel Arbitration. *See, e.g.,* Joint Scheduling Report [ECF No. 19] filed on January 28, 2022 (informing the Court and Plaintiff that "Defendants anticipate moving to compel arbitration and to dismiss the Complaint. Defendants respectfully submit that further proceedings unrelated to that motion should be held in abeyance until that threshold motion is decided.").

In response, Plaintiff rushed to notice a Rule 30(b)(6) deposition of the primary defendant, on the core merits of Plaintiff's claims, before Defendants' deadline to respond to the

Complaint and before a single document had been exchanged. Voyager LLC objected to Plaintiff's deposition notice and the parties have scheduled a hearing on the issue before Chief United States Magistrate Judge Edwin G. Torres on March 10, 2022 (ECF No. 27).

Plaintiff then sent document requests and interrogatories to both Defendants on February 11, 2022, again going well beyond any issue related to arbitration to address the core merits of the case. Absent the entry of an order granting this Motion, Defendants' deadline to respond to the written discovery is currently March 14, 2022.

With respect to both the deposition and the paper discovery, the core dispute is the one properly presented in this Motion, *i.e.,* whether discovery should be stayed entirely pending the Motion to Compel Arbitration because the case does not belong in this Court and must be dismissed and compelled to arbitration. Expedited relief is warranted under these circumstances.

## **MEMORANDUM**

Defendants request that discovery be stayed pending a decision on this Motion to Compel Arbitration. A court's power to stay proceedings is incidental to its power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigations. *James v. Hunt*, 761 F. App'x 975, 980-81 (11th Cir. 2018) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). This power includes "broad discretion over the management of pre-trial activities, including discovery and scheduling." *See Johnson v. Bd. of Regents of Univ. of Georgia,* 263 F.3d 1234, 1269 (11th Cir. 2001).

In determining whether to grant a stay, courts generally examine whether a stay will: (1) reduce the burden of litigation on the court and the parties, simplify the issues, and streamline the trial; and (2) unduly prejudice or tactically disadvantage the non-moving party. *See Coatney v. Synchrony Bank*, No. 6:16-cv-389-Orl-22TBS, 2016 WL 4506315, at *1 (M.D. Fla. Aug. 2, 2016). It is appropriate to stay discovery where a "movant shows 'good cause and

reasonableness.'" *Tradex Global Master Fund SPC Ltd. v. Palm Beach Capital Mgmt., LLC*, No. 09-21622-CIV-MORENO, 2009 WL 10664410 (S.D. Fla. Nov. 24, 2009) (citation omitted).

These factors weigh in favor of granting a stay of discovery here, as detailed below.

### A. There is Good Cause to Stay Discovery Pending Resolution of Defendants' Motion to Compel Arbitration.

Defendants' Motion to Compel Arbitration warrants a brief stay of discovery for multiple reasons discussed below. These reasons apply with particular force here because Defendants' Motion to Compel Arbitration "has a substantial likelihood of being granted" for all the reasons set forth in Defendants' Motion to Compel. *See Lopez v. Auto Wax of S. Fla., Inc*., No. 20-CIV-81892-RAR, 2021 WL 911176, at *4 (S.D. Fla. Mar. 2, 2021) (taking a preliminary look at the merits and granting contested motion to stay discovery pending motion to compel arbitration); *Brooks v. Event Ent. Grp., Inc.*, No. 20-CIV-22495-SCOLA, 2020 WL 5535346, at *2 (S.D. Fla. Sept. 15, 2020) (taking a "'preliminary peek' at the merits" in granting motion to stay).

*First*, a stay is appropriate because failure to grant a stay threatens substantive prejudice to Defendants. The Eleventh Circuit has held that one factor in determining whether a party waives its right to arbitration is the extent to which "a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate." *Citibank, N.A. v. Stok & Assoc., P.A.*, 387 F. App'x 921, 924 (11th Cir. 2010). As a result, Courts in this District have noted that "not granting a stay would force [Defendants] to take action that could be construed as inconsistent with [Defendants'] intent to arbitrate." *Lopez*, 2021 WL 911176, at *4 (granting stay of discovery pending motion to compel arbitration) (quoting *Brooks*, 2020 WL 5535346, at *1 (ordering stay pending motion to compel arbitration)).

*Second*, failure to grant a stay would undermine the protections of the Federal Arbitration Act, which mandates a stay of judicial proceedings where a plaintiff files a lawsuit in the face of

a binding arbitration clause. *See* 9 U.S.C. § 3 (if issue is referable to arbitration, the court must stay the action until the arbitration is conducted). If the Court ultimately determines that the dispute should be arbitrated, responsibility for the conduct of discovery lies with the arbitrators. *See Lopez*, 2021 WL 911176, at *4; *Brooks*, 2020 WL 5535346, at *2 (granting stay, and noting that "if the motion is granted, proceeding any further in this forum would ultimately be improper"). For this reason, courts have observed that "'it is the general practice of district courts to stay discovery pending a decision on a motion to compel arbitration.'" *Lopez*, 2021 WL 911176, at *4 (quoting *Al Thani v. Hanke*, No. 20-CV-4765, 2021 WL 23312, at *2 (S.D.N.Y. Jan. 4, 2021) (in turn citing *Intertec Contracting v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001)).

*Third,* failure to grant a stay would waste the parties' and the Court's resources. The Eleventh Circuit "emphasizes the responsibility of trial courts to manage pretrial discovery in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the court's ability to administer justice." *Perez*, 297 F.3d at 1263 (internal quotation marks omitted). This includes "[g]ranting a discovery stay until an impending motion to dismiss is resolved." *Rivas v. Bank of New York Mellon*, 676 Fed. App'x. 926, 932 (11th Cir. 2017); *see also Borislow v. Canaccord Genuity Group. Inc.*, Case No. 14-CIV-80134-RYSKAMP, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014) (granting stay; a district court's "authority encompasses a stay of discovery pending the resolution of a dispositive motion") (citation omitted). The Eleventh Circuit repeatedly has instructed district courts that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997); *Bufkin v. Scottrade, Inc.*, No. 19-12003, 2020 WL 2043393, at *2 (11th Cir. Apr. 28, 2020) (finding a stay of discovery

appropriate given the potential for the claims against one party to be resolved in the motion to compel arbitration and claims against the other party to be resolved in the motion to dismiss)

"Allowing a case to proceed through the pretrial processes with an invalid claim that increases the cost of the case does nothing but waste the resources of the litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama*, 123 F.3d at 1368.

### B. Plaintiff Will Not Be Prejudiced By A Temporary Stay of Discovery.

While failure to grant a stay threatens substantial prejudice and waste, granting a stay will not cause any material prejudice to Plaintiff because "should the case proceed, Plaintiff w[ould] have ample opportunity to conduct discovery." *Pierce v. State Farm Mutual Auto. Ins. Co.*, No. 14-CIV-22691-WILLIAMS, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014); *see also Borislow*, 2014 WL 12580035, at *1 (granting motion to stay discovery pending motion to dismiss and holding that plaintiff could not "reasonably claim prejudice" because "any discovery to which Plaintiff may ultimately be entitled will be available following the stay").

Moreover, substantially all of the discovery sought by Plaintiff that is potentially relevant to the Motion to Compel Arbitration is moot because the information requested has been filed in support of the motion. This includes every version of Voyager LLC's User Agreement throughout the time period requested by Plaintiff, as well as evidence that Plaintiff agreed to be bound by that agreement, and evidence that Plaintiff was notified of the only revision to the agreement during the time of his trading on the Voyager Platform (which revision did not substantively change the arbitration clause). (*See* Motion to Compel Arbitration at 5; Declaration of Shannon Casey, dated February 17, 2022 [ECF No. 28-1].)

Discovery, particularly on other topics directed to the merits, can await resolution of the Motion to Compel without prejudice to Plaintiff, and certainly without prejudice sufficient to

-6-

overcome the substantial prejudice to Defendants and waste of resources that would result from ordering merits discovery now in a case that is not properly before this Court.

## CONCLUSION

For all the foregoing reasons and for good cause shown, Defendants respectfully request that the Court stay discovery pending resolution of this motion.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the movant has conferred with all parties of non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. Counsel for Voyager spoke with counsel for Plaintiff Cassidy on February 16, 2022, regarding the requested relief and was informed that he opposes the requested relief, though he did not oppose the request for entry of an order before March 10, 2022.

Respectfully submitted,

By: /s/ Gavin C. Gaukroger
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600

*Attorneys for Defendants*