**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 21-24441-CIV-ALTONAGA/Torres**

MARK CASSIDY, on behalf of himself
and others similarly situated,

Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

Defendants.
_____/

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**DEFENDANTS' EXPEDITED MOTION TO STAY DISCOVERY**

Defendants' Expedited Motion to Stay Discovery [ECF No. 29] (the "Motion to Stay") established that good cause exists to grant a brief stay pending resolution of the already-filed Motion to Compel Arbitration and to Dismiss the Complaint [ECF No. 28] ("Motion to Compel"), in order to preserve the protections afforded by the Federal Arbitration Act ("FAA") and to avoid substantial prejudice to Defendants. (*See* Motion to Stay.)

Plaintiff's opposition brief [ECF No. 33] ("Opposition") cannot overcome the good cause for a brief stay and (i) fails to address the protections of the FAA; (ii) fails to raise any issue on which discovery is necessary to resolve the Motion to Compel and instead concedes that Plaintiff agreed to the arbitration provision on which that motion relies; (iii) fails to distinguish the cases granting motions to stay discovery pending similar motions to compel arbitration; and (iv) fails to identify any meaningful prejudice that would result from a stay. The Motion to Stay should be granted.

1

**PLAINTIFF'S DISCOVERY DEMANDS**

Defendants filed the Motion to Stay after Plaintiff rushed to notice a broad and burdensome Rule 30(b)(6) deposition of the primary defendant, Voyager Digital LLC, on the core merits of Plaintiff's claims, before Defendants' deadline to respond to the Complaint and before a single document had been exchanged. (*See* Deposition Notice, Plaintiff's Order to Show Cause Ex. B [ECF No. 25-2] at p. 11 (seeking a deposition on three topics including the "design, operation, management, and maintenance of Voyager's 'Smart Order Routing,' the 'Voyager Pricing Engine,' and the 'Proprietary Fills Algorithm'")). Plaintiff then sent document requests and interrogatories to both Defendants on February 11, 2022, again delving into the core merits of the case.

The only discovery requests tangentially related to the Motion to Compel sought information related to revisions of the Voyager User Agreement. All versions of that agreement, and the dates of each revision, have now been filed in support of the Motion to Compel. Moreover, Plaintiff's Opposition confirms that there is no dispute concerning the facts of Plaintiff's entry into the version of the agreement upon which the Motion to Compel relies.

**I.    PLAINTIFF FAILS TO OVERCOME THE GOOD CAUSE TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION.**

As set forth in Defendants' Motion to Stay, failure to grant a stay would undermine the protections of the Federal Arbitration Act and, for this reason, courts have observed that "'it is the general practice of district courts to stay discovery pending a decision on a motion to compel arbitration.'" (Mot. at 5 (citing *Lopez*, 2021 WL 911176, at *4 (quoting *Al Thani v. Hanke*, No. 20-CV-4765, 2021 WL 23312, at *2 (S.D.N.Y. Jan. 4, 2021) (in turn citing *Intertec Contracting v. Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18,

2001)); *Brooks*, 2020 WL 5535346, at *2 (granting stay, and noting that "if the motion is granted, proceeding any further in this forum would ultimately be improper")).)

Plaintiff's Opposition ignores the protections of the FAA, fails to mention much less distinguish *Lopez* or *Brooks*, and does not deny that motions to stay discovery are routinely granted pending a motion to compel arbitration for the reasons set forth in those cases. (*See* Opp.) The only case Plaintiff cites that denied a motion to stay discovery pending resolution of a motion to compel arbitration is *Flecha v. Neighbors Moving Services, Inc.*, in which the arbitration agreement was not entered into until many months after the conduct at issue in the case. 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013).[1]

Plaintiff's Opposition cannot justify, and therefore abandons, his original demand for wide-ranging and burdensome discovery into the merits of the case before the Motion to Compel is decided. (*See* Opp. at Section I.A (arguing only that the Court should allow "limited discovery concerning arbitration issues").) Plaintiff's new request for limited discovery into arbitration issues—which does not correspond to the discovery actually noticed—should be rejected for several reasons:

First, Plaintiff has already made clear that it will use any deposition as license for wide-ranging discovery. While Plaintiff now asserts that Chief Magistrate Judge Torres will "determine the scope of the issues that Plaintiff should be entitled to explore during [the noticed 30(b)(6)] deposition" (Opp. at 6), that assertion is disingenuous. In previous meet-and-confer

---

[1] So far as Defendants are aware, the only decision relying on *Flecha* to deny a motion to stay discovery pending a motion to compel arbitration is *Envision Ins. Co. v. GrayRobinson, P.A.*, No. 8:13-CV-114-T-17EAJ, 2013 WL 12388601 (M.D. Fla. Aug. 19, 2013), in which Magistrate Judge Jenkins denied a motion to stay because—unlike this case—"[e]ven if granted, the motion to compel arbitration would not dispose of the entire case" and the moving defendants would likely still be subject to discovery as third parties even if not as defendants, and "therefore a complete stay of all discovery is not warranted." *Id.* at *3.

calls, Plaintiff refused to limit the scope of the noticed deposition, explicitly relying on the fact that Chief Magistrate Judge Torres' Order Setting Discovery Procedures makes clear that he will *not* limit deposition topics in advance, and that any objections to the scope of 30(b)(6) depositions shall only be adjudicated after the taking of the deposition. (Order Setting Discovery Procedures [ECF No. 24] at 3(e)(4).)

Second, the only discovery Plaintiff now argues for with respect to the Motion to Compel relates to notice of the amendments to the Voyager LLC User Agreement.  (*See* Opp. at 6, 9.) Notice of those amendments is irrelevant to the Motion to Compel because Plaintiff admits in his Opposition that he consented to the version of the User Agreement relied on by the Motion to Compel. (Opp. at 2.) ("When he subscribed, he consented to the January 2021 Customer agreement in effect at that time via a clickwrap agreement.")

Defendants' Motion to Compel relies on the January 2021 version of the Voyager LLC User Agreement that Plaintiff entered into when he signed up for a Voyager account in March 2021, and further demonstrates that there was no substantive change to the arbitration provision during the time that Plaintiff used the Voyager Platform to make the trades that form the basis of his claims.  (*See* Motion to Compel at 2-5.)  Plaintiff also submits a declaration with his Opposition in which he confirms that all of his relevant trades took place during the period from March 17, 2021 to July 31, 2021, and that he had removed all his assets from the Voyager Platform by August 17, 2021.  (*See* Decl. of Mark Cassidy dated February 23, 2022 [ECF No. 33-1]).[2]  Those facts are not in dispute.

---

[2] In a footnote, Plaintiff asserts that "for some unexplained reason, [Defendants] voluntarily limited their explanation of the notice issues to periods where Plaintiff was 'trading' on the Voyager App" even though he has not closed his account.  All Plaintiff's claims relate only to his trading activity, so Defendants' Motion to Compel relies on the arbitration provision that remained in force and substantively the same throughout the time relevant to that activity.

Plaintiff instead disputes whether he received notice of the only revision to the User Agreement that occurred during the time he had assets on the Voyager Platform. (*See* Opp. at 6.) But that is a red herring and entirely irrelevant because there was no substantive change to the arbitration provision, which remained substantially identical as demonstrated in Defendants' Motion to Compel. (*See* Motion to Compel at 5.)

Plaintiff's request for discovery into notifications of all subsequent revisions to the User Agreement identifies no reason why revisions *after* all of Plaintiff's trading took place are relevant to oppose Defendant's Motion to Compel. In any event, Plaintiff is free to argue that Defendants have failed to establish notice of subsequent revisions, without need of discovery. Of course, that argument cannot change the undisputed fact that Plaintiff did have notice of and affirmatively "consented to" the version of the arbitration agreement upon which the Motion to Compel actually relies. (Opp. at 2.)

Further, Plaintiff does not dispute or distinguish the cases holding that click-wrap agreements are enforceable. *See Bell v. Royal Seas Cruises, Inc.*, No. 19-CIV-60752-RAR, 2020 WL 5639947, at *5 (S.D. Fla. Sept. 21, 2020) (finding that an arbitration agreement was enforceable where customers were required to "take the affirmative action of clicking the continue button directly below" a statement that "I understand and agree" to the Terms and Conditions). Plaintiff instead cites cases addressing browsewrap agreements (*i.e.*, where a user is not required to take affirmative action affirming consent), in order to argue that he is not bound by subsequent versions of the Agreement. (*See* Opp. at 14-15.) That is beside the point because Defendants are not relying on those subsequent revisions, and because motions to compel arbitration should be granted where "[i]t is unclear which arbitration agreement applies to which

5

claims, but it is undisputed there is an arbitration agreement that covers all claims." *Yucra v. Carnival Corp.*, No. 10-20870-CIV, 2010 WL 11586522, at *1 (S.D. Fla. May 18, 2010).

Plaintiff has all the relevant User Agreements, all the notice upon which Defendants are relying, and concedes that he consented to the only version of the arbitration provision in force during the time of his trades. No further discovery is necessary to resolve the Motion to Compel.

## II.  PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY PROVIDES NO BASIS TO DENY THE MOTION TO STAY.

Plaintiff's argument that the Motion to Stay should be denied, to permit jurisdictional discovery, fails for three reasons.

First, Plaintiff concedes he has not sought any jurisdictional discovery. (*See* Opp. at 6.) Thus, he has no valid basis to oppose a stay of the discovery that Plaintiff has actually sought in this litigation to date, *i.e.*, the written discovery and noticed deposition of Defendant Voyager Digital, LLC. To be clear, only Defendant Voyager Digital Ltd seeks dismissal on lack of personal jurisdiction grounds – and Plaintiff has not sought jurisdictional discovery from that defendant.

Second, the Court should deny the requests for relief set forth in Plaintiff's Opposition, which informally and improperly seek unspecified jurisdictional discovery and an extension of the briefing schedule for the Motion to Compel. (*See* Opp. at 8) ("The Court should instead order that Plaintiff is entitled to conduct discovery on [the issues of arbitrability and personal jurisdiction], and to extend the briefing schedule on Defendants' motion [to compel arbitration and dismiss] for a brief period pending completion of that discovery.")

Plaintiff has not moved the Court for jurisdictional discovery or for an extension of time to respond to the Motion to Compel. Courts in this District properly deny such informal requests for unspecified discovery and the Eleventh Circuit has upheld such denials. *Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545, 550 (11th Cir. 2019) (affirming denial of similar requests for unspecified

jurisdictional discovery and noting that "[w]e have upheld a similar decision to deny 'requests' for jurisdictional discovery when a party 'buried such requests in its briefs,' instead of presenting them in a motion.") (quoting *United Techs. Corp. v Mazer*, 556 F.3d 1260, 1280–81 (11th Cir. 2009); *see also* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion."); *see also Netsurion, LLC v. Asurion, LLC*, No. 19-CIV-60898-RAR, 2019 WL 2716236, at *5 (S.D. Fla. June 28, 2019) (citing *Hinkle* and rejecting Plaintiff's request for jurisdictional discovery made in response to a motion to dismiss where plaintiff "failed to identify a genuine factual dispute that would warrant jurisdictional discovery").

Third, Plaintiff is not entitled to jurisdictional discovery because Plaintiff failed to make a prima facie showing of personal jurisdiction over Defendant Voyager Digital Ltd. As explained in the Motion to Compel, in order to obtain jurisdictional discovery, Plaintiff bears the initial burden to "plead sufficient facts to establish a prima facie case of jurisdiction over the non-resident defendant." *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1286 (S.D. Fla. 2014) (citing *Virgin Health Corp. v. Virgin Enters. Ltd.*, 393 Fed. Appx. 623, 625 (11th Cir. 2010)).

Plaintiff failed to meet its prima facie burden to plead a basis for jurisdiction. The only jurisdictional allegations against Voyager Digital Ltd are conclusory group-pled allegations reciting the legal standard for personal jurisdiction. (*See* Motion to Compel at 17; Compl. ¶¶ 14, 19.) Those allegations are contradicted by the Complaint's own factual allegations and the documents incorporated therein, which make clear that Voyager Digital Ltd is a holding company and that the Voyager Platform at issue in this case is operated by Voyager LLC. (Motion to Compel at 7; Compl. ¶ 19 & Ex. A at 5-6.) The Declaration of Shannon Casey ([ECF No. 28-1]), confirms those facts.

Plaintiff's Opposition does not dispute that he has a burden to plead a prima facie basis for

7

jurisdiction in order to proceed to discovery, nor argue that he has met that burden, and does not specify any discovery that would support jurisdiction of a foreign parent holding company. As a result, the request for jurisdictional discovery should be denied. *See, e.g., Diulus v. Am. Express Travel Related Servs. Co., Inc.*, 823 F. App'x 843, 849 (11th Cir. 2020) ("as we've explained, a district court does not abuse its discretion by denying jurisdictional discovery if 'the complaint was insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction.'") (quoting *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009)).

## CONCLUSION

For all the foregoing reasons and for good cause shown, Defendants respectfully request that the Court stay discovery pending resolution of Defendants' Motion to Compel Arbitration and to Dismiss the Complaint.

Respectfully submitted,

By: /s/ Gavin C. Gaukroger
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600

*Attorneys for Defendants*