UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

VOYAGER DIGITAL LTD, and
VOYAGER DIGITAL LLC

    Defendants.
_____/

## PLAINTIFF'S *EXPEDITED* MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

    Plaintiff Mark Cassidy ("Plaintiff") pursuant to Local Rule 7.1(d)(2) respectfully moves the Court on an expedited basis to enter an order on or before March 2, 2022 granting a brief extension of time for Plaintiff's Response to Defendants' Motion to Compel Arbitration and to Dismiss the Complaint and Supporting Memorandum of Law (ECF No. 28) ("Motion to Compel"), particularly in light of Defendants' pending expedited motion to stay all discovery, (ECF No. 29), which Plaintiff details in his response in opposition, (ECF No. 33), should be denied insofar as Plaintiff requires discovery on many issues raised in the Motion to Compel in formulating his response. Plaintiff seeks an expedited order because the response to the Motion to Compel is currently due Thursday, March 3, 2022. In support thereof, Plaintiff states:

    1.    Defendants have had almost two months to prepare their Motion to Compel, which is based on documents and testimony that Defendants have had sole possession of and have refused to produce to Plaintiff in discovery. Defendants now assert that Plaintiff should be required to respond to the Motion to Compel without the benefit of conducting any discovery on crucial issues to test Defendants' assertions.

    2.    Defendants first raised the issue concerning arbitration with Plaintiff on January 26, 2022, when counsel for the parties met and conferred regarding the joint scheduling report. Plaintiff's counsel asked for the Customer Agreement and arbitration provision Defendants

purported applied to this dispute, but Defendants' counsel did not provide it. Plaintiff's counsel then reviewed Defendants' website and ascertained that the Customer Agreement was revised January 7, 2022, two weeks after this lawsuit was filed. Cross-referencing this new provision with the prior version of the agreement through the Wayback machine showed that these revisions were comprehensive and extremely material. Further, there was a dispute regarding whether Defendants were attempting to restrict access to Plaintiff's account. *See* (ECF No. 25).

3. On February 2, 2022, in order to get to the bottom of these serious issues, Plaintiff's counsel served correspondence along with a corporate representative deposition notice on Defendant Voyager Digital LLC, scheduling a deposition for **February 23, 2022**, seeking an explanation for these events and to conduct discovery regarding issues related to arbitration. *See* (ECF No. 25-2) (email transmitting corporate representative deposition notice). Between February 2nd and 9th, despite repeated emails and a Zoom conference to meet and confer regarding these issues, Defendants wholly failed to provide any explanation, to confirm what version of the Customer Agreement they contended applied to this dispute, or to produce any requested information. In fact, Defendants took the position that (1) they have not "materially" revised the Customer Agreement or arbitration provision, specifically, since the filing of this action, (2) Plaintiff's Voyager account was not terminated, and, astoundingly (3) should Plaintiff succeed in accessing his Voyager account, that access would "constitute[] acceptance of the current User Agreement" and therefore, Defendants argue, Plaintiff will have agreed to the new arbitration provision Defendants drafted and implemented after Plaintiff filed his lawsuit against them.

4. Further, Plaintiff specifically identified for Defendants during a Zoom meet and confer that Defendants' initial disclosures should include all iterations of the Customer Agreement that have been revised (at all, regardless of whether Defendants deem the change to be "material") from the time Plaintiff signed up for the app (March 17, 2021) to the present, when the versions were made effective, whether notification was sent to the users about the change, how notification was sent, and when notification was sent. This information (among other information, *see* ECF No. 33) is necessary for Plaintiffs to formulate their response to Defendants' Motion to Compel from a level playing field, as opposed to the disadvantaged position Defendants ostensibly seek to hold Plaintiff in. Despite this clear request that Defendants produce these materials that are clearly required to be produced as part of their initial disclosure requirements, Defendants have refused to do so. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (providing that a party "must, without awaiting a

discovery request, provide to the other part[y]" "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses); *see also* (ECF No. 25-5) (Defendants' Initial Disclosures).

5. Plaintiff also served written requests for production and interrogatories specifically regarding arbitration-related issues on February 11, 2022. The parties met and conferred regarding these discovery issues as the related to arbitration, could not resolve them, and set the matter for hearing on March 10, 2022—a date Defendants insisted on, although there were February dates available. Defendants thereafter unilaterally refused to attend the February 23, 2022 corporate representative deposition.

6. Although the discovery hearing before Magistrate Judge Torres is not until March 10, 2022, and although Defendants' Motion to Compel was not due until February 25 (which would have put Plaintiff's response deadline after that hearing with Magistrate Judge Torres), Defendants instead filed their Motion to Compel on February 17, 2022. *See* (ECF No. 28). This was also the first time Defendants finally provided Plaintiff with the Customer Agreement (along with a number of others) that Defendants argue were all agreed to by Plaintiff and therefore compel this Court to send to arbitration.

7. Notably, the Motion to Compel also raises arguments as to whether the Court may assert personal jurisdiction over Voyager Digital LTD, which is based primarily on a self-serving and untested affidavit, and which Defendants *did not raise* during any prior meet and confer.

8. On the same day, Defendants filed a Motion to Stay *all* Discovery pending resolution of the Motion to Compel. (ECF No. 29) Pursuant to the Court's February 18, 2022 Order (ECF No. 30), Plaintiff filed his response on February 23, 2022 (ECF No. 33) and Defendants filed their reply on February 24, 2022 (ECF No. 34).

9. In their Motion to Compel, Defendants raise a variety of arguments as to why the case must be arbitrated, some of which have little to no analysis. The Motion to Compel not only requires an in-depth analysis into a complex choice of law analysis, but it also raises numerous difficult factual and legal questions, including those relating to arbitration and personal jurisdiction, some of which are outlined in Plaintiff's pending Response in Opposition to Defendants' Motion to Stay (ECF No. 33).

10. Limited discovery is required to properly analyze and determine many of these issues. Yet, in filing their Motion to Stay, which seeks to prevent any discovery on issues relating to arbitration, Defendants are effectively asking the Court to "take their word for it" and send the case to arbitration without giving both Plaintiff and the Court an opportunity to fully discover the factual bases for their request.

11. In this regard, Plaintiff requested the professional courtesy from Defendants in agreeing to not oppose Plaintiff's request for an extension of time to respond to the Motion to Compel until either (if the Court denies Defendants' Motion to Stay as Plaintiff requested) (a) 2 weeks after Plaintiff takes the requested corporate representative deposition, or, alternatively (if the Court denies the Motion to Stay), (b) 2 weeks from the current deadline of March 3 to extend until Thursday, March 17. *See* **Exhibit A** (email chain between counsel).

12. Defendants responded that they oppose either requested extension.

13. In effect, although Defendants have had two months to prepare their Motion to Compel and access to all relevant documents and information during that time, by delaying setting any discovery hearing, filing the Motion to Compel and Motion to Stay early, and opposing Plaintiff's reasonable request for an extension of time until these issues are all resolved, Defendants seek to force Plaintiff to forego any requested discovery on these issues and to require him to file his response before the Court has the chance to rule on the Motion to Stay (which Defendants request a ruling on or before March 9, 2022) or to resolve any other discovery issues at the March 10, 2022 hearing. The Court should not tolerate such gamesmanship.

14. Plaintiff is diligently working to prepare his response to the Motion to Compel which is currently due on March 3, 2022, but requires additional time to complete his discovery, analysis, and research.

15. For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order, on an expedited basis, extending the deadline for Plaintiff to response to the Motion to Compel until either until either (if the Court denies Defendants' Motion to Stay as Plaintiff requested) (a) 2 weeks after Plaintiff takes the requested corporate representative deposition, or, alternatively (if the Court denies the Motion to Stay), (b) 2 weeks from the current deadline of March 3 to extend until Thursday, March 17.

16. In light of the foregoing, good cause exists for an extension of time.

17. This Motion is made in good faith and not for the purposes of unnecessary delay.

18. Plaintiff's counsel certifies, pursuant to Local Rule 7.1(a)(3), that they have conferred with Defendants' counsel in a good faith effort to resolve the issues raised in this motion but have been unable to do so.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Expedited Motion on or before March 2, 2022, and enter the proposed order attached as Exhibit B, or in such other form as the Court deems appropriate, together with such other and further relief as the Court deems just, equitable, and proper.

Dated: March 1, 2022            Respectfully submitted,

By: /s/ *Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: /s/ *Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
szg@grossmanroth.com
Rachel W. Furst
Florida Bar No. 45155
rwf@grossmanroth.com
GROSSMAN ROTH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Office: 305-442-8666

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on March 1, 2022, with the Court via CM/ECF system, which will send notification of such filing to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280