UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-24441-CIV-ALTONAGA/Torres

**MARK CASSIDY**,

    Plaintiff,

v.

**VOYAGER DIGITAL LTD.**, *et al.*,

    Defendants.
_____/

# ORDER

**THIS CAUSE** came before the Court on Defendants, Voyager Digital Ltd.'s ("Voyager Ltd.") and Voyager Digital, LLC's Expedited Motion to Stay Discovery Pending Resolution of Defendants' Motion to Compel Arbitration and to Dismiss the Complaint [ECF No. 29], filed on February 17, 2022. The Court issued an Order [ECF No. 30] requiring expedited briefing. Plaintiff, Mark Cassidy, filed a Response [ECF No. 33], to which Defendants filed their Reply [ECF No. 34]. For the following reasons, the Motion is denied.

***Standard.*** A district court "has broad discretion to stay discovery pending decision on a dispositive motion." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) (citations omitted). "Motions to stay discovery 'are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-cv-61422, 2019 WL 6052408, at *1 (S.D. Fla. Nov. 15, 2019) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In determining whether to stay discovery, courts must take a "preliminary peek" at a dispositive motion to assess the likelihood that the motion will be granted. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (quotation marks omitted; quoting *Feldman*, 176 F.R.D. at 652). Parties seeking to stay

discovery must make a "specific showing of prejudice or burdensomeness[.]" *Cuhaci v. Kouri Grp., LP*, No. 20-cv-23950, 2021 WL 1945819, at *2 (S.D. Fla. May 14, 2021) (quotation marks and citation omitted).

***Discussion***. Having taken a "preliminary peek" at Defendants' Motion to Compel Arbitration and to Dismiss the Complaint [ECF No. 28] ("Motion to Compel & Dismiss"), the Court cannot grant the Motion to Stay. Instead, the parties must conduct limited discovery to determine (1) whether the Court has personal jurisdiction over Voyager Ltd.; and (2) whether the arbitration agreement is enforceable. The Court explains.

Motion to Dismiss for Lack of Personal Jurisdiction. Voyager Ltd. seeks to dismiss the Complaint [ECF No. 1] for lack of personal jurisdiction. (*See* Mot. to Compel & Dismiss 23).[1] Voyager Ltd. maintains that Plaintiff has "failed to make a prima facie showing of personal jurisdiction" over it. (Reply 7; *see* Mot. to Compel & Dismiss 23). To establish personal jurisdiction over a nonresident defendant, a plaintiff "initially need only allege sufficient facts to make out a prima facie case of jurisdiction." *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999) (citation omitted). Courts must accept the facts alleged as true, to the extent they are undisputed. *See id.* at 1214–15. A genuine dispute of material jurisdictional fact warrants jurisdictional discovery. *See Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 878 (11th Cir. 2018).

Voyager Ltd. disputes that it purposefully "avail[ed itself] of the Florida consumer market through the promotion, marketing, sale, and service of [its] Voyager Platform in Florida." (Compl. ¶ 15 (alterations added); *see* Mot. to Compel & Dismiss 23). Voyager Ltd. describes itself as a

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

mere "holding company" that does not conduct business in Florida. (Reply 7 (citations omitted); *see also* Mot. to Compel & Dismiss 24).

But Voyager Ltd.'s own statements contradict its position and bolster Plaintiff's allegations that it provides services in Florida. In Voyager Ltd.'s March 2021 earnings call, one of its representatives stated, "We're at 49 states today. We offer our services in 49 states. It's only New York that we're not — we don't offer this service." (Compl., Ex. G, March 3, 2021 Earnings Call [ECF No. 1-8] 17; *see id.* 2 ("[W]elcome to Voyager Digital Limited earnings call." (alteration added)). It is possible that the representative meant to reference Voyager Digital, LLC, when he used "we," but this ambiguity only accentuates the need for jurisdictional discovery.

Although the Court is only conducting a "preliminary peek at the merits," *McCabe*, 233 F.R.D. at 685 (citation and quotation marks omitted), other courts have concluded that similar evidence of business activity within a jurisdiction is sufficient to satisfy a plaintiff's initial burden of alleging personal jurisdiction. *See, e.g.*, *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 628, 632 (11th Cir. 1996) (affirming finding of personal jurisdiction over nonresident defendant where her "sporadic" business activities occurred in Florida); *Kinney v. Mindsize, LLC*, No. 20-62094-Civ, 2021 WL 3911859, at *4–5 (S.D. Fla. June 7, 2021) (concluding that unrebutted allegations of business activity in a state "establish at least a prima facie basis for exercising personal jurisdiction" (italics omitted)). Given the Complaint's allegations and Voyager Ltd.'s own statement that it operates in 49 states, including Florida, the possibility of dismissal "is not apparent enough after a 'preliminary peek' to warrant an across-the-board stay of discovery[.]" *Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 187 (S.D. Fla. 2019) (alteration added).

While Plaintiff has satisfied his prima facie showing at this juncture, Voyager Ltd. has produced a declaration that conflicts with Plaintiff's allegations and evidence. (*See* Mot. to Compel & Dismiss, Ex. A., Casey Decl. [ECF No. 28-1] 3 ("Voyager Ltd[.] is a foreign holding

3

company parent of Voyager [Digital] LLC with no operations or employees. Voyager Ltd[.] does not operate or market the Voyager Platform." (alterations added))). Even though factual conflicts merit jurisdictional discovery, *see Aviation One of Fla.*, 722 F. App'x at 878, Voyager Ltd. opposes discovery because "Plaintiff has not moved the Court for jurisdictional discovery or for an extension of time to respond to the Motion to Compel" (Reply 6).[2]

Courts may occasionally deny informal requests for jurisdictional discovery, *see Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545, 550 (11th Cir. 2019), but they also "have the power to order the discovery of facts necessary to determine their jurisdiction over the merits[,]" *Aviation One of Fla.*, 722 F. App'x at 878 (alteration added; citation omitted). The Court opts to exercise its authority to order jurisdictional discovery to resolve the disputed facts surrounding personal jurisdiction rather than waste time awaiting further briefing.

Nevertheless, if Plaintiffs' jurisdictional discovery requests are too far-reaching, and conferral is unsuccessful at resolving any disagreement, Defendants may address that matter with Magistrate Judge Torres.

Motion to Compel Arbitration. Defendants also argue that (1) permitting discovery prejudices Defendants because it risks a conclusion that they waived their right to arbitrate (*see* Mot. 4); (2) the Federal Arbitration Act ("FAA") requires the Court stay discovery until arbitration is conducted (*see id.* 4–5); and (3) failure to grant a stay will waste the parties' resources (*see id.* 5–6). These arguments do not persuade.

First, Defendants can rest assured knowing that their participation in court-ordered discovery will not waive their right to arbitrate. It may be true that "substantially participat[ing]

---

[2] Voyager Ltd. also argues that the Court should deny Plaintiff's "informal requests for" jurisdictional discovery because Plaintiff omitted any jurisdictional inquiries in his first wave of requests. (Reply 6). Nonsense. Plaintiff served discovery *before* Voyager Ltd. moved to dismiss for lack of personal jurisdiction. (*See* Resp. 6). Plaintiff's failure to predict Voyager Ltd.'s position does not require that he forgo jurisdictional discovery.

in litigation" could reach "a point inconsistent with an intent to arbitrate." *Citibank, N.A. v. Stok & Assocs., P.A.*, 387 F. App'x 921, 924 (11th Cir. 2010) (alteration added; citation and quotation marks omitted). But no waiver occurs when a party invokes its right to arbitrate, and the court orders it to engage in discovery. *See, e.g.*, *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1351–52 (11th Cir. 2017) ("To conclude that [defendant] acted inconsistently with its right to arbitrate, we would have to conclude that [defendant] should have disobeyed the District Court's order. We decline to adopt such a position." (alterations added)).

Second, Defendants are correct that the FAA requires courts to stay "any issue referable to arbitration under an agreement[,]" but courts must first be "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement[.]" 9 U.S.C. § 3 (alterations added). It is not immediately apparent, even after a "preliminary peek at the merits" of the Motion to Compel, that the arbitration agreement is enforceable. *McCabe*, 233 F.R.D. at 685 (citation and quotation marks omitted).

To begin, assessing the merits proves difficult because it is unclear whether Florida or New Jersey law applies. (*See* Mot. to Compel & Dismiss 18–21; Resp. 13). Regardless, courts in both jurisdictions have chosen not to immediately enforce arbitration agreements that bear at least some resemblance to the arbitration agreement at issue here. *See Doe v. Natt*, 299 So. 3d 599, 600–02 (Fla. 2d DCA 2020); *Morgan v. Sanford Brown Inst.*, 137 A.3d 1168, 1182 (N.J. 2016).

Moreover, compelling arbitration could depend on which version, if any, of the arbitration provisions Plaintiff assented to. For example, even if a January 2021 arbitration provision is unenforceable (*see* Resp. 14), then Plaintiff could still be subject to an amended, later, valid arbitration agreement. Until the parties have an opportunity to evaluate different iterations of the arbitration agreement and fully brief their enforceability, the Court cannot definitively state that

5

Defendants' chance of success is "apparent enough" to merit a discovery stay. *Cabrera*, 331 F.R.D. at 187.

Third, Defendants maintain that permitting discovery will waste the parties' and Court's resources. (*See* Mot. 5). Not only does this argument rely on a premature assumption that Plaintiff has "an invalid claim" (*id.* 6 (quotation marks omitted; quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997)), but Defendants point only to cherry-picked exhibits purportedly demonstrating that discovery would be a waste (*see* Mot. 6 (citing Mot. to Compel & Dismiss, Exs. A–F [ECF No. 28-1])). The Court cannot take Defendants' word without giving Plaintiff a chance to investigate the evidence. Plaintiff will therefore have an opportunity to take discovery and assess the validity of the arbitration clause. *See Envision Ins. Co. v. GrayRobinson, P.A.*, No. 8:13-cv-114, 2013 WL 12388601, at *3 (M.D. Fla. Aug. 19, 2013) (denying a motion to stay discovery pending a motion to compel arbitration where the arbitration clause's validity was at issue).

Accordingly, it is

**ORDERED AND AJUDGED** as follows:

1. Defendants, Voyager Digital Ltd. and Voyager Digital, LLC's Expedited Motion to Stay Discovery Pending Resolution of Defendants' Motion to Compel Arbitration and to Dismiss the Complaint **[ECF No. 29]** is **DENIED** without prejudice.

2. Plaintiff shall propound written jurisdictional and arbitration-related discovery requests by **March 7, 2022**.[3]

3. Defendants shall serve objections to written jurisdictional arbitration-related discovery requests — following proper conferral with Plaintiff — by **March 17, 2022**. Should any

---

[3] Defendants may similarly engage in discovery if they wish; the Court will not address deadlines for such discovery as this is not an issue in the parties' briefing.

       objections be served, Plaintiff shall contact Magistrate Judge Edwin G. Torres's chambers by March 21, 2022 to arrange a date for a discovery hearing.

4. Defendants shall respond to written jurisdictional discovery requests by **March 24, 2022**.

5. The parties shall complete jurisdictional discovery, including depositions, by **April 14, 2022**.

6. Plaintiff has until **April 14, 2022** to file his first amended complaint or file a notice stating that he intends to proceed with the Complaint [ECF No. 1].

7. Defendants have until **April 16, 2022** to file a notice indicating they will not be challenging personal jurisdiction or seeking to compel arbitration, or until **April 24, 2022** to renew their motion to compel arbitration and dismiss for lack of personal jurisdiction. The response and reply memoranda are due within the times permitted by the Rules. No extensions of time will be given.

8. The deadlines set forth in the Court's Scheduling Order **[ECF No. 20]** are **SET ASIDE**. Once the matters of personal jurisdiction and arbitration are resolved, the parties will be instructed by separate order to submit an amended joint scheduling report.

9. All pending motions are **DENIED** as premature.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of March, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record

7