# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 21-24441-CIV-ALTONAGA/Torres**

MARK CASSIDY, on behalf of himself
and others similarly situated,

Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

Defendants.

_____/

**DEFENDANT VOYAGER DIGITAL LTD'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFF'S REQUESTS FOR PRODUCTION**
**REGARDING PERSONAL JURISDICTION AND ARBITRATION**

Defendant Voyager Digital Ltd. ("Voyager LTD") by and through its undersigned

counsel, hereby responds to Plaintiff's Requests for Production Regarding Personal Jurisdiction

and Arbitration (the "Requests"), as follows:

**OBJECTIONS TO DEFINITIONS**

**"Voyager," "You," or "Your":** Voyager LTD objects to these defined terms as

overbroad in purporting to include not just Voyager LTD but also "any of its affiliates,

subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees,

representatives, or agents." This definition would bring within the scope of certain requests

persons and entities that have nothing to do with Plaintiff, the Voyager Platform, or the Voyager

Customer Agreement, which is not reasonable or proportional to the need for discovery in

response to Voyager LTD's motion to compel arbitration and to dismiss for lack of personal

jurisdiction.

1

These definitions also bring Voyager Digital Ltd. ("Voyager LLC") within the scope of requests to Voyager LTD and render the separate requests to each Defendant entirely duplicative. Defendants will avoid duplication of productions.

**"Voyager Platform":** Voyager LTD objects to the definition of this term as it incorrectly attributes the Voyager mobile application to both Voyager LLC and Voyager LTD. The Voyager Platform is operated by Voyager LLC.

**"Nationwide Class Members" and "Florida Class Members":** Voyager LTD objects to these definitions on the grounds that no class has been certified in this action.

**Time Period Specified**: Voyager LTD objects to Plaintiff's request for documents for the period from January 1, 2019 to the present, as this predates Plaintiff's March 2021 use of the Voyager Platform by more than two years. As such, it is overly broad and unduly burdensome and not proportional to the need for discovery in response to Defendants' motion to compel arbitration and to dismiss the case.  Unless otherwise specified below, Voyager LTD will produce non-privileged documents[1] for the time period from January 1, 2021 (more than two months before Plaintiff first opened his account in March 2021), to March 12, 2022.

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:** All Documents, including internal Communications, regarding Plaintiff or Plaintiff's Voyager account.

**RESPONSE:** Voyager LTD objects to Request No. 1 insofar as the request for "All Documents" is outside the scope of discovery permitted by the Court's Order dated March 3, 2022 [ECF No. 36], which limits discovery to "jurisdictional and arbitration-related discovery

---

[1] The term "non-privileged documents" refers to documents not protected by attorney-client privilege, work product immunity, or other applicable privilege or immunity from production.

2

requests." *Id.* at 6. Voyager LLC further objects to Request No. 1 to the extent it calls for

documents subject to attorney-client privilege or work product immunity.  Voyager LTD further

objects that the request to it is duplicative of the Request to Voyager LLC, and refers to the

response of Voyager LLC.  Voyager LTD is not aware of any documents, or locations likely to

have responsive documents, that were excluded from the scope of Voyager LLC's response on

the basis that such documents were within the possession, custody, or control of Voyager LTD

but not Voyager LLC.

**DOCUMENT REQUEST NO. 2:** All Documents, including internal Communications, regarding Your decision to change, cancel and/or restrict Plaintiff's Voyager account, subsequent to the filing of this proposed class action, including how You investigated his allegations, and how that compared or differed from how You investigated prior complaints made by users of the Voyager Platform to the better Business Bureau, *see* https://www.bbb.org/us/ny/new-york/profile/cryptocurrency-exchange/voyager-digital-llc-0121-87148788 (last accessed March 7, 2022).

**RESPONSE:** There are no responsive documents or communications concerning any

"decision to change, cancel and/or restrict Plaintiff's Voyager account, subsequent to the filing

of this proposed class action" because no such decision or change occurred. To the extent

Request No. 2 is seeking materials concerning the investigation of Mr. Cassidy's allegations

after the complaint was filed, or the investigation of any other complaints, Voyager LTD refers

to and incorporates Voyager LLC's objections that this Request as outside the scope of discovery

reasonably related to responding to Defendants' motion to compel arbitration and to dismiss

Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's

Order dated March 3, 2022 [ECF No. 36], and further that it calls for documents protected by

attorney-client privilege or work product immunity.

Voyager LTD is not aware of any documents, or locations likely to have responsive documents, that were excluded from the scope of Voyager LLC's response on the basis that such documents were within the possession, custody, or control of Voyager LTD but not Voyager LLC.

**DOCUMENT REQUEST NO. 3:** All Documents, including internal Communications, regarding the specific version of the Customer Agreement, which contains any alleged arbitration provision, You contend applies to Plaintiff's claims in this action.

**RESPONSE:** Voyager LTD objects to Request No. 3 to the extent it calls for documents subject to attorney-client privilege or work product immunity. Voyager LTD further objects that the request to it is duplicative of the Request to Voyager LLC, and refers to the response of Voyager LLC.  Voyager LTD is not aware of any documents, or locations likely to have responsive documents, that were excluded from the scope of Voyager LLC's response on the basis that such documents were within the possession, custody, or control of Voyager LTD but not Voyager LLC.

**DOCUMENT REQUEST NO. 4:** All Documents to explain why You decided to change the arbitration provision in the Voyager Customer Agreement after this Lawsuit was filed.

**RESPONSE:** There are no responsive documents because there was no decision to change the arbitration provision in the Voyager Customer Agreement after this Lawsuit was filed. Moreover, insofar as Request No. 4 seeks documents concerning decisions about changes to the arbitration provision, Voyager LTD objects to the extent it calls for documents subject to attorney-client privilege or work product immunity.

4

**DOCUMENT REQUEST NO. 5:** A sample copy of every (different) Customer Agreement between Voyager and users of the Voyager Platform from January 1, 2019 to the present, and, for every (different) Customer Agreement, produce all Documents, including internal Communications, regarding any notification provided to users of the Voyager Platform of any changes to the Customer Agreement, from January 1, 2019 to the present, including but not limited to, the date and substance of any communications sent to users and any action(s) that Voyager implemented to the platform to inform users of the arbitration provisions.

**RESPONSE:** Voyager LTD objects to Request No. 5 to the extent it calls for Documents and internal Communications subject to attorney-client privilege or work product immunity. Voyager LTD further objects to the time range of this request, as versions of the Agreement prior to the version in place at the time Plaintiff first opened an account on the Voyager Platform are not relevant to whether Plaintiff agreed to arbitrate his claims. Voyager LTD further objects to this request as vague and ambiguous, and unduly broad and overly burdensome, in seeking "all Documents" concerning "any action(s) that Voyager implemented to the platform to inform users of the arbitration provisions." Voyager LTD further objects to the extent this Request calls for Voyager LTD to produce documents and communications that are public, including communications on Twitter or other public social media platforms.

Voyager LTD further objects that the request to it is duplicative of the Request to Voyager LLC, and refers to the response of Voyager LLC. Voyager LTD is not aware of any documents, or locations likely to have responsive documents, that were excluded from the scope of Voyager LLC's response on the basis that such documents were within the possession, custody, or control of Voyager LTD but not Voyager LLC.

**DOCUMENT REQUEST NO. 6:** All internal reports and/or audits and communications regarding the legality and/or enforceability of any and/or all of the arbitration provisions in Voyager's agreements with users, including reports and/or audits conducted by any third-party hired by Voyager.

**RESPONSE:** Voyager LTD objects to Request No. 6 because it affirmatively targets documents subject to attorney-client privilege or work product immunity.  Voyager LTD further objects that the request to it is duplicative of the Request to Voyager LLC, and refers to the response of Voyager LLC.  Voyager LTD is not aware of any documents, or locations likely to have responsive documents, that were excluded from the scope of Voyager LLC's response on the basis that such documents were within the possession, custody, or control of Voyager LTD but not Voyager LLC.

**DOCUMENT REQUEST NO. 7:** All documents regarding internal policies and procedures regarding the arbitration provisions found in any of the Customer Agreements (or its accompanying documents), including but not limited to, Voyager's policies and procedures concerning the handling of opt-out requests or requests to arbitrate and the notifications to users regarding the allegedly binding arbitration provision or any revisions or updates to the arbitration provision.

**RESPONSE:** Voyager LTD objects to Request No. 7 to the extent it calls for documents subject to attorney-client privilege or work product immunity.

Voyager LTD further objects that the request to it is duplicative of the Request to Voyager LLC, and refers to the response of Voyager LLC.  Voyager LTD is not aware of any documents, or locations likely to have responsive documents, that were excluded from the scope of Voyager LLC's response on the basis that such documents were within the possession, custody, or control of Voyager LTD but not Voyager LLC.

**DOCUMENT REQUEST NO. 8:** Documents sufficient to identify (by party name, case or matter number, and name of forum) every lawsuit and arbitration demand made by a current or former user against Voyager, in any forum (such as FINRA, AAA, JAMS, etc.).

**RESPONSE:** Voyager LTD objects to this request insofar as it calls for confidential information concerning third parties that is not relevant to the Plaintiff's agreement to arbitrate or to the lack of personal jurisdiction over Voyager LTD in this action.

Voyager LTD further objects that the request to it is duplicative of the Request to Voyager LLC, and refers to the response of Voyager LLC.  Voyager LLC will search for and produce documents sufficient to identify the number of lawsuits or arbitration demands made against Voyager LTD, and the relevant forums, without disclosing personal identifying information.

**DOCUMENT REQUEST NO. 9:** All Documents regarding any and all federal, state, or local regulatory complaints against Voyager relating specifically to its Arbitration provisions.

**RESPONSE:** None.

**DOCUMENT REQUEST NO. 10:** All Corporate Records for You and any Related Entity.

**RESPONSE:** Voyager LTD objects to Request No. 10 to the extent it incorporates definitions of "You" and "Related Entity" that expand the scope of the request beyond entities in the Voyager corporate family, or that do not relate to the Voyager Platform used by Plaintiff. Voyager LTD will produce Corporate Records, as defined at ¶ 7 of Plaintiff's Requests, for entities related to the Voyager Platform or that have any registrations, licenses, or business operations in Florida.

**DOCUMENT REQUEST NO. 11:** Documents sufficient to identify the Board of Directors and the organizational structure of You and any Related Entities.

**RESPONSE:** Voyager LTD's Board of Directors is disclosed on the company's website at: https://www.investvoyager.com/investorrelations/governance/.

Voyager LTD will produce documents sufficient to identify the organizational structure of Voyager LTD and its subsidiaries, including Voyager LLC, to the extent those subsidiaries relate to the Voyager Platform or any activities in Florida. To the extent Request No. 11 seeks documents concerning any other entities that do not relate to the Voyager Platform or any activities in Florida, Voyager LTD objects to this Request as outside the scope of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF No. 36].

**DOCUMENT REQUEST NO. 12:** Documents showing Your ownership interest in, common ownership control, or affiliation with, any Related Entity, and Your control over any Related Entities' business or operations.

**RESPONSE:** Voyager LTD will produce documents sufficient to show the organizational structure among Voyager LTD and Related Entities, including respective ownership percentages, to the extent those subsidiaries relate to the Voyager Platform or any activities in Florida.  To the extent Request No. 12 seeks documents concerning any other entities that do not relate to the Voyager Platform or any activities in Florida, Voyager LTD objects to this Request as outside the scope of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF No. 36].

**DOCUMENT REQUEST NO. 13:** Contracts and Agreements between You (or any Related Entity) and Victor Oladipo, Landon Cassill, Coinify, BlockDaemon, or Market Rebellion. *See* https://www.bnnbloomberg.ca/voyager-digital-is-gearing-up-for-rapid-growth-with-new-acquisition-and-all-star-crypto-partnership-1.1639000 (last accessed March 7, 2022).

**RESPONSE:** Voyager LTD will produce contracts or agreements between Voyager LTD and any of the referenced entities related to the Voyager Platform, if any. Voyager LTD objects that the other documents sought by Request No. 13 are outside the scope of discovery permitted by the Court's Order dated March 3, 2022 [ECF No. 36], which limits discovery to "jurisdictional and arbitration-related discovery requests." *Id*. at 6. For example, Coinify is a foreign-based payments company with no connection to "jurisdictional and arbitration-related discovery requests." *Id*. Similarly, any contracts or agreements to which Voyager LTD is not a party is not related to jurisdictional discovery or Plaintiff's arbitration agreement and seeks merits discovery into business operations that are beyond the limited scope of discovery permitted for "jurisdictional and arbitration-related discovery requests." *Id*. at 6.

**DOCUMENT REQUEST NO. 14:** Documents showing any registrations You or any Related Entities have in the state of Florida and any and all activities You or any Related Entities conduct in the state of Florida, including but not limited to loaning crypto assets, placing crypto asset orders to buy, sell, or convert crypto assets on the platform, merchant services, marketing and sales activities, and staking.

**RESPONSE:** Voyager LTD objects to the request for documents showing "any and all activities You or any Related Entities conduct in the state of Florida" as overly broad and unduly burdensome, both insofar as the definition of You sweeps within the scope of the request numerous potential persons and entities unrelated to this dispute, and further to the extent it seeks itemization of activities conducted through the Voyager Platform by users in Florida.

Voyager LTD further objects that the request to it is duplicative of the Request to Voyager LLC. Voyager LTD will produce documents or information sufficient to identify any

9

registrations in the State of Florida of Voyager LTD or its subsidiaries other than Voyager LLC

(as to which Voyager LTD refers to the response of Voyager LLC).

**DOCUMENT REQUEST NO. 15:** Documents showing any Employee of Yours who, at any time, was also an Employee of any Related Entity, or (ii) had duties within the course and scope of his/her employment involving promotion, marketing, sale, or service of the Voyager Platform in Florida.

**RESPONSE:** Voyager LTD objects to Request No. 15 to the extent the definition of

"Yours" and of "Related Entity" are each sufficiently broad as to substantially overlap and

render the request vague and ambiguous. Voyager LTD also objects to the request as overbroad

to the extent any employee whose duties related to the Voyager Platform generally, could be

construed as having duties in Florida. Voyager LTD will produce documents sufficient to show

employees of Voyager LTD and/or its subsidiaries who had duties within the course and scope of

his/her employment involving promotion, marketing, sale, or service of the Voyager Platform in

Florida.

**DOCUMENT REQUEST NO. 16:** Documents relating to any overlapping or shared departments or divisions between You and any Related Entities, e.g., human resources, compliance, or legal.

**RESPONSE:** Voyager LTD objects to this Request to the extent the definitions of "You"

and "Related Entity" substantially overlap and thereby render the request vague and ambiguous.

Voyager LTD further objects that to the extent "You" is construed more broadly than Voyager

LTD, it renders the request overbroad and unduly burdensome in seeking documents outside the

scope of discovery reasonably related to responding to Defendants' motion to compel arbitration

and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was

contemplated by the Court's Order dated March 3, 2022 [ECF No. 36].  Voyager LTD will

produce documents sufficient to identify overlapping departments or divisions between Voyager

LTD and any Related Entities.

**DOCUMENT REQUEST NO. 17:** Documents relating to any insurance coverage or policy issued to You or any Related Entity covering any insurable event arising out of the State of Florida relating to the Voyager Platform.

**RESPONSE:** Voyager LTD objects to this Request is outside the scope of discovery

reasonably related to responding to Defendants' motion to compel arbitration and to dismiss

Voyager LTD for lack of personal jurisdiction, for which discovery was contemplated by the

Court's Order dated March 3, 2022 [ECF No. 36].

**DOCUMENT REQUEST NO. 18:** Documents showing the location and duration of all travel to the State of Florida by any officer, director, or employee of Yours, relating in whole or in part, to the promotion, marketing, sale, or service of the Voyager Platform.

**RESPONSE:** Voyager LTD objects that Request No. 18 is overbroad in seeking

documents concerning the location and duration of "all" travel by any officer, director, or

employee that relates "in part" to the promotion, marketing, sale, or service of the Voyager

Platform. Construed broadly, the request would encompass any employee who spoke favorably

about the Voyager Platform while traveling.

Voyager LTD will produce documents sufficient to show travel to Florida for the purpose

of promotion, marketing, sale, or service of the Voyager Platform from January 2021 to present,

to the extent they can be located based on a reasonable search under the circumstances.

**DOCUMENT REQUEST NO. 19:** Documents evidencing all of the Voyager Platform's registered account holders/customers domiciled in the State of Florida, the volume and quantity of all executed trade orders on the Voyager Platform by Your registered account holders/customers domiciled in the State of Florida, and how revenues and profits derived from the promotion, marketing, sale, or services of the Voyager Platform in Florida or to Florida

customers are divided or allocated among You and any Related Entities. Such Documents may be redacted for the purpose of consumer privacy and protection.

**RESPONSE:** Voyager LTD objects to request for documents evidencing "all" Voyager

Platform customers and transactions in Florida as it is outside the scope of discovery permitted

by the Court's Order dated March 3, 2022 [ECF No. 36], which limits discovery to

"jurisdictional and arbitration-related discovery requests." *Id*. at 6. The Voyager Platform is

operated by Voyager LLC and there is no dispute concerning personal jurisdiction over Voyager

LLC.

Voyager LTD will provide documents or information sufficient to identify revenue from

Florida in 2021, and how such revenue is reflected in Voyager LTDs financial statements.

**DOCUMENT REQUEST NO. 20:** All Communication and Correspondence sent by You or any Related Entity to Florida consumers/residents relating to the promotion, marketing, sale, or service of the Voyager Platform. Such Documents may be redacted for the purpose of consumer privacy and protection.

**RESPONSE:** Voyager LTD objects to Request 20 as overbroad and unduly burdensome,

particularly in that communications to or from users are not readily searchable by the location of

the user. Voyager LTD further objects that the request to it is duplicative of the Request to

Voyager LLC, and refers to the response of Voyager LLC.  Voyager LTD is not aware of any

documents, or locations likely to have responsive documents, that were excluded from the scope

of Voyager LLC's response on the basis that such documents were within the possession,

custody, or control of Voyager LTD but not Voyager LLC.

Dated: March 17, 2022                                    Respectfully submitted,

By: /s/ Gavin C. Gaukroger
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of March, 2022, a true and correct copy of

the foregoing document has been furnished via email to counsel of record identified below.

*/s/ Gavin C. Gaukroger*
Gavin C. Gaukroger

## **SERVICE LIST**

Adam Moskowitz
adam@moskowitz-law.com
Joseph M. Kaye
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

Stuart Z. Grossman
szg@grossmanroth.com
Rachel W. Furst
rwf@grossmanroth.com
GROSSMAN ROTH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Telephone: (305) 442-8666

*Attorneys for Plaintiff,*
*Mark Cassidy*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

Defendants.

_____/

## DEFENDANT VOYAGER DIGITAL LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION REGARDING PERSONAL JURISDICTION AND ARBITRATION

Pursuant to Fed. R. Civ. P. 26 and 34, and the Court's Orders (ECF Nos. 24 and 36), Defendant Voyager Digital LLC ("Voyager LLC") by and through its undersigned counsel, hereby responds to Plaintiff's Requests for Production Regarding Personal Jurisdiction and Arbitration (the "Requests"), as follows:

## OBJECTIONS TO DEFINITIONS

**"Voyager," "You," or "Your":** Voyager LLC objects to these defined terms as overbroad in purporting to include not just Voyager LLC but also "any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents." This definition would bring within the scope of certain requests persons and entities that have nothing to do with Plaintiff, the Voyager Platform, or the Voyager Customer Agreement, which is not reasonable or proportional to the need for discovery in response to Voyager LLC's motion to compel arbitration.

1

These definitions also bring Voyager Digital Ltd. ("Voyager LTD") within the scope of requests to Voyager LLC and render the separate requests to each Defendant entirely duplicative. Defendants avoid duplication of productions.

**"Voyager Platform":** Voyager LLC objects to the definition of this term as it incorrectly attributes the Voyager mobile application to both Voyager LLC and Voyager LTD. The Voyager Platform is operated by Voyager LLC.

**"Nationwide Class Members" and "Florida Class Members":** Voyager LLC objects to these definitions on the grounds that no class has been certified in this action.

**Time Period Specified**: Voyager LLC objects to Plaintiff's request for documents for the period from January 1, 2019 to the present, as this predates Plaintiff's March 2021 use of the Voyager Platform by more than two years. As such, it is outside the scope of discovery permitted by the Court's Order dated March 3, 2022 [ECF No. 36], which limits discovery to "jurisdictional and arbitration-related discovery requests." *Id.* at 6.  Unless otherwise specified below, Voyager LLC will only review and produce non-privileged documents[1] for the time period from January 1, 2021 (more than two months before Plaintiff first opened his account in March 2021), to March 12, 2022. With respect to the Customer Agreement dated January 2021, Voyager LLC will extend the search to include November and December 2020.

## EMAIL SEARCH

Many of the requests call for "all" documents or communications. Even for the limited time period set forth above, a search of all email would require a search of over 650,000 documents. As discussed on the parties' March 15, 2022 meet-and-confer, in order to avoid

---

[1] The term "non-privileged documents" refers to documents not protected by attorney-client privilege, work product immunity, or other applicable privilege or immunity from production.

undue burden and conduct a search of email that is reasonable in scope in response to the

requests seeking "all" documents or communications concerning various topics, Voyager LLC

will conduct a search-term based search of email communications among non-lawyers likely to

have responsive information, as well as communications including lawyers if a third party is

included on the communication, and will exclude from the search communications involving

lawyers that do not include any third party.

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:** All Documents, including internal Communications, regarding Plaintiff or Plaintiff's Voyager account.

**RESPONSE:** Voyager LLC objects to Request No. 1 insofar as the request for "All

Documents" is outside the scope of discovery permitted by the Court's Order dated March 3,

2022 [ECF No. 36], which limits discovery to "jurisdictional and arbitration-related discovery

requests." *Id.* at 6. Voyager LLC further objects to Request No. 1 to the extent it calls for

documents subject to attorney-client privilege or work product immunity. Voyager LLC will

only review and produce responsive and non-privileged documents and communications

regarding Plaintiff and Plaintiff's Voyager account to the extent they can be located based on a

reasonable search under the circumstances, including a search of electronic mail for the term

"Cassidy".

**DOCUMENT REQUEST NO. 2:** All Documents, including internal Communications, regarding Your decision to change, cancel and/or restrict Plaintiff's Voyager account, subsequent to the filing of this proposed class action, including how You investigated his allegations, and how that compared or differed from how You investigated prior complaints made by users of the Voyager Platform to the better Business Bureau, *see* https://www.bbb.org/us/ny/new-york/profile/cryptocurrency-exchange/voyager-digital-llc-0121-87148788 (last accessed March 7, 2022).

**RESPONSE:** There are no responsive documents or communications concerning any "decision to change, cancel and/or restrict Plaintiff's Voyager account, subsequent to the filing of this proposed class action" because no such decision or change occurred. To the extent Request No. 2 is seeking materials concerning the investigation of Mr. Cassidy's allegations after the complaint was filed, or the investigation of any other complaints, Voyager LLC objects to this Request as outside the scope of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF No. 36], and further objects that it calls for documents protected by attorney-client privilege or work product immunity.

**DOCUMENT REQUEST NO. 3:** All Documents, including internal Communications, regarding the specific version of the Customer Agreement, which contains any alleged arbitration provision, You contend applies to Plaintiff's claims in this action.

**RESPONSE:** Voyager LLC objects to Request No. 3 to the extent it calls for documents subject to attorney-client privilege or work product immunity.  Voyager LLC will produce responsive non-privileged documents, including communications, relating to the versions of the Customer Agreement in place during the time in which Plaintiff conducted the transactions alleged in the Complaint, and relating to subsequent amendments to the arbitration provision, to the extent such documents and communications can be located based on a reasonable search under the circumstances.

**DOCUMENT REQUEST NO. 4:** All Documents to explain why You decided to change the arbitration provision in the Voyager Customer Agreement after this Lawsuit was filed.

**RESPONSE:** There are no responsive documents because there was no decision to change the arbitration provision in the Voyager Customer Agreement after this Lawsuit was filed. Moreover, insofar as Request No. 4 seeks documents concerning decisions about changes to the arbitration provision, Voyager LLC objects to the extent it calls for documents subject to attorney-client privilege or work product immunity.

**DOCUMENT REQUEST NO. 5:** A sample copy of every (different) Customer Agreement between Voyager and users of the Voyager Platform from January 1, 2019 to the present, and, for every (different) Customer Agreement, produce all Documents, including internal Communications, regarding any notification provided to users of the Voyager Platform of any changes to the Customer Agreement, from January 1, 2019 to the present, including but not limited to, the date and substance of any communications sent to users and any action(s) that Voyager implemented to the platform to inform users of the arbitration provisions.

**RESPONSE:** Voyager LLC objects to Request No. 5 to the extent it calls for Documents and internal Communications subject to attorney-client privilege or work product immunity. Voyager LLC further objects to the time range of this request, as versions of the Agreement prior to the version in place at the time Plaintiff first opened an account on the Voyager Platform are not relevant to whether Plaintiff agreed to arbitrate his claims. Voyager further objects to the extent this Request calls for Voyager LLC to produce documents and communications that are public, including communications on Twitter or other public social media platforms.

Voyager LLC will neither search for nor produce all communications with its customers on a customer-by-customer basis. Instead, Voyager LLC will produce a non-customer specific sample of each version of the Customer Agreement in place from the time Plaintiff first opened his account on the Voyager Platform to present. Voyager LLC will also produce non-customer specific samples of notifications and other communications to users of the Voyager Platform concerning changes to the Customer Agreement, since Plaintiff first opened his account.

**DOCUMENT REQUEST NO. 6:** All internal reports and/or audits and communications regarding the legality and/or enforceability of any and/or all of the arbitration provisions in Voyager's agreements with users, including reports and/or audits conducted by any third-party hired by Voyager.

**RESPONSE:** Voyager LLC objects to Request No. 6 because it affirmatively targets documents subject to attorney-client privilege or work product immunity.  Voyager LLC will only review and produce responsive non-privileged documents, if any, following a reasonably diligent email search, as described above.

**DOCUMENT REQUEST NO. 7:** All documents regarding internal policies and procedures regarding the arbitration provisions found in any of the Customer Agreements (or its accompanying documents), including but not limited to, Voyager's policies and procedures concerning the handling of opt-out requests or requests to arbitrate and the notifications to users regarding the allegedly binding arbitration provision or any revisions or updates to the arbitration provision.

**RESPONSE:** Voyager LLC objects to Request No. 7 to the extent it calls for documents subject to attorney-client privilege or work product immunity. Voyager LLC further objects that the request for "All Documents" is overly broad if intended to seek documents regarding internal policies and procedures, as opposed to the policies themselves. Voyager LLC will search for and produce responsive non-privileged documents sufficient to show any non-privileged internal policies and procedures regarding arbitration, and the notification of users regarding the arbitration provision and any changes thereto.

**DOCUMENT REQUEST NO. 8:** Documents sufficient to identify (by party name, case or matter number, and name of forum) every lawsuit and arbitration demand made by a current or former user against Voyager, in any forum (such as FINRA, AAA, JAMS, etc.).

**RESPONSE:** Voyager LLC objects to this request insofar as it calls for confidential information concerning third parties that is not relevant to the Plaintiff's agreement to arbitrate or

to the lack of personal jurisdiction over Voyager LTD in this action. Voyager LLC will search

for and produce documents sufficient to identify the number of lawsuits or arbitration demands

made against Voyager LLC, and the relevant forums, without disclosing personal identifying

information.

**DOCUMENT REQUEST NO. 9:** All Documents regarding any and all federal, state, or local regulatory complaints against Voyager relating specifically to its Arbitration provisions.

**RESPONSE:** None.

**DOCUMENT REQUEST NO. 10:** All Corporate Records for You and any Related Entity.

**RESPONSE:** Voyager LLC objects to Request No. 10 to the extent it incorporates

definitions of "You" and "Related Entity" that expand the scope of the request beyond entities in

the Voyager corporate family, or that do not relate to the Voyager Platform used by Plaintiff.

Voyager LLC will produce its responsive Corporate Records, as defined at ¶ 7 of Plaintiff's

Requests, and refers Plaintiff to Voyager LTD's response concerning Corporate Records for

certain other Related Entities.

**DOCUMENT REQUEST NO. 11:** Documents sufficient to identify the Board of Directors and the organizational structure of You and any Related Entities.

**RESPONSE:** Voyager LTD's Board of Directors is disclosed on the company's website

at: https://www.investvoyager.com/investorrelations/governance/.

Voyager LLC refers to the response of Voyager LTD, which will produce documents

sufficient to identify the organizational structure of Voyager LTD and its subsidiaries, including

Voyager LLC, to the extent those subsidiaries relate to the Voyager Platform or any activities in

Florida. To the extent Request No. 11 seeks documents concerning any other entities that do not relate to the Voyager Platform or any activities in Florida, Voyager LTD objects to this Request as outside the scope of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF No. 36].

**DOCUMENT REQUEST NO. 12:** Documents showing Your ownership interest in, common ownership control, or affiliation with, any Related Entity, and Your control over any Related Entities' business or operations.

**RESPONSE:** Voyager LLC objects to Request No. 12 to the extent it incorporates definitions of "You" and "Related Entity" that expand the scope of the request beyond entities in the Voyager corporate family, or that do not relate to the Voyager Platform used by Plaintiff. To the extent this request seeks documents related to Voyager LTD, Voyager LLC refers to Voyager LTD's response for production of documents sufficient to show the organizational structure among Voyager LTD and Related Entities, including respective ownership percentages, to the extent those subsidiaries relate to the Voyager Platform or any activities in Florida.

**DOCUMENT REQUEST NO. 13:** Contracts and Agreements between You (or any Related Entity) and Victor Oladipo, Landon Cassill, Coinify, BlockDaemon, or Market Rebellion. *See* https://www.bnnbloomberg.ca/voyager-digital-is-gearing-up-for-rapid-growth-with-new-acquisition-and-all-star-crypto-partnership-1.1639000 (last accessed March 7, 2022).

**RESPONSE:** Voyager LLC objects that Request No. 13 seeks documents outside the scope of discovery permitted by the Court's Order dated March 3, 2022 [ECF No. 36], which limits discovery to "jurisdictional and arbitration-related discovery requests." *Id*. at 6. There is no dispute concerning personal jurisdiction over Voyager LLC.  To the extent Request No. 13 seeks

contracts or agreements with Voyager LTD, as to which personal jurisdiction is disputed,

Voyager LLC refers to the response of Voyager LTD.

**DOCUMENT REQUEST NO. 14:** Documents showing any registrations You or any Related Entities have in the state of Florida and any and all activities You or any Related Entities conduct in the state of Florida, including but not limited to loaning crypto assets, placing crypto asset orders to buy, sell, or convert crypto assets on the platform, merchant services, marketing and sales activities, and staking.

**RESPONSE:** Voyager LLC objects to Request No. 14 to the extent it incorporates

definitions of "You" and "Related Entity" that expand the scope of the request beyond entities in

the Voyager corporate family, or that do not relate to the Voyager Platform used by Plaintiff.

Voyager LLC further objects to the portion of this request which seeks "any and all activities

You or any Related entities conduct in the state of Florida" as it seeks documents outside the

scope of discovery permitted by the Court's Order dated March 3, 2022 [ECF No. 36], which

limits discovery to "jurisdictional and arbitration-related discovery requests." *Id*. at 6. There is no

dispute concerning personal jurisdiction over Voyager LLC. Voyager LLC also objects insofar

as the definition of You sweeps within the scope of the request numerous potential persons and

entities, and further to the extent it seeks itemization of activities conducted through the Voyager

Platform by users in Florida.

Voyager LLC will search for and produce non-privileged documents sufficient to show

the commercial and promotional activities described in the request, as conducted in the state of

Florida from January 2021 to present. Information concerning Voyager LLC's money transmitter

license from the Florida Office of Financial Regulation is available at

https://www.investvoyager.com/licenses.

**DOCUMENT REQUEST NO. 15:** Documents showing any Employee of Yours who, at any time, was also an Employee of any Related Entity, or (ii) had duties within the course and scope of his/her employment involving promotion, marketing, sale, or service of the Voyager Platform in Florida.

**RESPONSE:** Voyager LLC objects to Request No. 15 on the grounds that there is no dispute as to personal jurisdiction over Voyager LLC, and notes that counsel for Plaintiff agreed on the meet-and-confer videoconference with counsel for Defendants on March 15, 2022, that response to this request was necessary only with regard to Voyager LTD and not Voyager LLC.

**DOCUMENT REQUEST NO. 16:** Documents relating to any overlapping or shared departments or divisions between You and any Related Entities, e.g., human resources, compliance, or legal.

**RESPONSE:** Voyager LLC objects to Request No. 16 on the grounds that there is no dispute as to personal jurisdiction over Voyager LLC, and notes that counsel for Plaintiff agreed on the meet-and-confer videoconference with counsel for Defendants on March 15, 2022, that response to this request was necessary only with regard to Voyager LTD and not Voyager LLC.

**DOCUMENT REQUEST NO. 17:** Documents relating to any insurance coverage or policy issued to You or any Related Entity covering any insurable event arising out of the State of Florida relating to the Voyager Platform.

**RESPONSE:** Voyager LLC objects to this Request is outside the scope of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was contemplated by the Court's Order dated March 3, 2022 [ECF No. 36]. There is no dispute concerning personal jurisdiction over Voyager LLC.

**DOCUMENT REQUEST NO. 18:** Documents showing the location and duration of all travel to the State of Florida by any officer, director, or employee of Yours, relating in whole or in part, to the promotion, marketing, sale, or service of the Voyager Platform.

**RESPONSE:** Voyager LLC objects to Request No. 18 on the grounds that there is no dispute as to personal jurisdiction over Voyager LLC, and notes that counsel for Plaintiff agreed on the meet-and-confer videoconference with counsel for Defendants on March 15, 2022, that response to this request was necessary only with regard to Voyager LTD and not Voyager LLC.

**DOCUMENT REQUEST NO. 19:** Documents evidencing all of the Voyager Platform's registered account holders/customers domiciled in the State of Florida, the volume and quantity of all executed trade orders on the Voyager Platform by Your registered account holders/customers domiciled in the State of Florida, and how revenues and profits derived from the promotion, marketing, sale, or services of the Voyager Platform in Florida or to Florida customers are divided or allocated among You and any Related Entities. Such Documents may be redacted for the purpose of consumer privacy and protection.

**RESPONSE:** Voyager LLC objects to request for documents evidencing "all" customers and transactions in Florida as it is outside the scope of discovery permitted by the Court's Order dated March 3, 2022 [ECF No. 36], which limits discovery to "jurisdictional and arbitration-related discovery requests." *Id.* at 6. There is no dispute concerning personal jurisdiction over Voyager LLC.

To the extent this request seeks information regarding Voyager LTD, Voyager LLC refers to the response of Voyager LTD with respect to production of documents concerning revenue from Florida and how such revenue is reflected in Voyager LTDs financial statements.

**DOCUMENT REQUEST NO. 20:** All Communication and Correspondence sent by You or any Related Entity to Florida consumers/residents relating to the promotion, marketing, sale, or service of the Voyager Platform. Such Documents may be redacted for the purpose of consumer privacy and protection.

11

**RESPONSE:** Voyager LLC objects to Request No. 20 to the extent it incorporates definitions of "You" and "Related Entity" that expand the scope of the request beyond entities in the Voyager corporate family, or that do not relate to the Voyager Platform used by Plaintiff. Voyager LLC further objects to this request, particularly in that communications to or from users are not readily searchable by the location of the user. Voyager LLC will search for and produce non-privileged promotional communications sent to Florida residents from January 2021 to the present, to the extent they can be located based on a reasonable search.

Dated: March 17, 2022                                    Respectfully submitted,

                                    By: /s/ Gavin C. Gaukroger
                                    Gavin C. Gaukroger
                                    Florida Bar No. 76489
                                    ggaukroger@bergersingerman.com
                                    **BERGER SINGERMAN LLP**
                                    201 East Las Olas Boulevard, Suite 1500
                                    Fort Lauderdale, Florida 33301
                                    Telephone: (954) 525-9900

                                    Kayvan B. Sadeghi (*admitted pro hac vice*)
                                    ksadeghi@jenner.com
                                    Jeremy Ershow (*admitted pro hac vice*)
                                    jershow@jenner.com
                                    Sara E. Cervantes (*admitted pro hac vice*)
                                    scervantes@jenner.com
                                    **JENNER & BLOCK LLP**
                                    1155 Avenue of the Americas
                                    New York, NY 10036-2711
                                    Telephone: (212) 891-1600

                                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of March, 2022, a true and correct copy of

the foregoing document has been furnished via email to counsel of record identified below.

*/s/ Gavin C. Gaukroger*_____
Gavin C. Gaukroger

## SERVICE LIST

Adam Moskowitz
adam@moskowitz-law.com
Joseph M. Kaye
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

Stuart Z. Grossman
szg@grossmanroth.com
Rachel W. Furst
rwf@grossmanroth.com
GROSSMAN ROTH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Telephone: (305) 442-8666

*Attorneys for Plaintiff,*
*Mark Cassidy*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 21-24441-CIV-ALTONAGA/Torres**

MARK CASSIDY, on behalf of himself
and others similarly situated,

Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

Defendants.

_____/

**DEFENDANT VOYAGER DIGITAL LTD.'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFF'S INTERROGATORIES REGARDING**
**PERSONAL JURISDICTION AND ARBITRATION**

Pursuant to Fed. R. Civ. P. 26 and 33, and the Court's Orders (ECF Nos. 24 and 36),

Defendant Voyager Digital Ltd. ("Voyager LTD") by and through its undersigned counsel,

hereby responds to Plaintiff's Interrogatories Regarding Personal Jurisdiction and Arbitration

(the "Requests"), as follows:

**OBJECTIONS TO DEFINITIONS**

**"Voyager," "You," or "Your":** Voyager LTD objects to these defined terms as

overbroad in purporting to include not just Voyager LTD but also "any of its affiliates,

subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees,

representatives, or agents." This definition would bring within the scope of certain requests

persons and entities that have nothing to do with Plaintiff, the Voyager Platform, or the Voyager

Customer Agreement, which is not reasonable or proportional to the need for discovery in

1

response to Voyager LTD's motion to compel arbitration and to dismiss for lack of personal jurisdiction.

These definitions also bring Voyager Digital Ltd. ("Voyager LLC") within the scope of requests to Voyager LTD and render the separate interrogatories to each Defendant entirely duplicative. To avoid duplication, where interrogatories primarily concern the business or activities of Voyager LLC, Voyager LTD will rely on Voyager LLC's response except to the extent it has any different or supplemental response on behalf of Voyager LTD.

**"Voyager Platform":** Voyager LTD objects to the definition of this term as it incorrectly attributes the Voyager mobile application to both Voyager LLC and Voyager LTD. The Voyager Platform is operated by Voyager LLC.

**"Nationwide Class Members" and "Florida Class Members":** Voyager LTD objects to these definitions on the grounds that no class has been certified in this action.

**Time Period Specified**: Voyager LTD objects to Plaintiff's Requests to the extent that they request information for the period from January 1, 2019 to the present, as this predates Plaintiff's March 2021 use of the Voyager Platform by more than two years. As such, it is overly broad and not proportional to the need for discovery in response to Defendants' motion to compel arbitration and to dismiss the case.  Unless otherwise specified below, Voyager LTD will construe the Requests for the time period from January 1, 2021 (more than two months before Plaintiff first opened his account in March 2021), to March 12, 2022.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify and explain whether either You took any action towards Plaintiff's Voyager account after this case was filed, that would have any impact to cancel, restrict and/or affect use of his account, including on what date that decision was made, how the action was effectuated, and all reasons why the action was effectuated.

2

**OBJECTION:** Voyager LTD will respond to Interrogatory No. 1, relying on Voyager

LLC's response and providing any different or supplemental response on behalf of Voyager

LTD, if applicable.

**INTERROGATORY NO. 2:** Identify and explain what version of the Customer
Agreement You contend applies to Plaintiff's claims in this action, when and how Plaintiff was
given notice of that version of the Customer Agreement, and when and how You contend
Plaintiff manifested his consent to be bound by that version of the Customer Agreement.

**OBJECTION:** Voyager LTD will respond to Interrogatory No. 2, relying on Voyager

LLC's response and providing any different or supplemental response on behalf of Voyager

LTD, if applicable.

**INTERROGATORY NO. 3:** Explain why You believe that Plaintiff's relationship with
You is not bound to any FINRA regulations, including, but not limited to, relating to arbitration.

**OBJECTION:** Voyager LTD will respond to Interrogatory No. 3.

**INTERROGATORY NO. 4:** Identify (i) every (different) Customer Agreement between
Voyager and users of the Voyager Platform from January 1, 2019 to the present; (ii) when You
contend each version of the Customer Agreement was effective; (iii) whether notification of each
revision to the Customer Agreement was given to users of the Voyager Platform; (iv) in what
manner such notification was given to users of the Voyager Platform; (v) when such notification
was given to users of the Voyager Platform; and (vi) when and how You contend the users
manifested their consent to be bound by each version of the Customer Agreement.

**OBJECTION:** Voyager LTD will respond to Interrogatory No. 4, relying on Voyager

LLC's response and providing any different or supplemental response on behalf of Voyager

LTD, if applicable.

**INTERROGATORY NO. 5:** Identify, by name, position, and contact, the individuals at
Voyager who are responsible for handling matters relating to arbitration.

**OBJECTION:** Voyager LTD will respond to Interrogatory No. 5.

3

**INTERROGATORY NO. 6:** Identify all lawsuits and arbitration (in any forum, including but not limited to, FINRA, AAA, [JAMS], etc.) demands made by current or former users against Voyager. For each, state: the caption of the case or matter (the parties, the case number, the court or forum that heard the matter), the date the demand was lodged and/or the case was filed, a brief statement summarizing the allegations and how the matter was resolved.

**OBJECTION:** Voyager LTD objects to this interrogatory insofar as it calls for confidential information concerning unrelated proceedings and personal identifying information of third parties that is not relevant to Plaintiff's agreement to arbitrate or to the lack of personal jurisdiction over Voyager LTD in this action. Voyager LTD's response will be limited to information sufficient to identify the number of lawsuits and arbitrations filed and the forums in which they were filed, by current or former users of the Voyager Platform, against Voyager LTD.

**INTERROGATORY NO. 7:** Identify all lawsuits and arbitration (in any forum, including but not limited to, FINRA, AAA, [JAMS], etc.) demands initiated by Voyager against current or former users. For each, state: the caption of the case or matter (the parties, the case number, the court or forum that heard the matter), the date the demand was lodged and/or the case was filed, a brief statement summarizing the allegations and how the matter was resolved.

**OBJECTION:** Voyager LTD objects to this interrogatory insofar as it calls for confidential information of third parties that is not relevant to the Plaintiff's agreement to arbitrate or to the lack of personal jurisdiction over Voyager LTD in this action. Voyager LTD's response will be limited to information sufficient to identify the number of lawsuits and arbitrations filed and the forums in which they were filed, by Voyager LTD.

**INTERROGATORY NO. 8:** Identify "all available markets to which Voyager has access" as stated in https://www.investvoyager.com/blog/passion-for-product-trading/, including but not limited to where those markets are located and where users are located for whom Voyager places trades on those markets.

**OBJECTION:** Voyager LTD objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated March 3, 2022 [ECF No. 36], which limits discovery to "jurisdictional and arbitration-related discovery requests." *Id.* at 6. Specifically, asking Voyager LTD to identify "all markets" regardless of location, and to include any affiliate or Voyager LTD, seeks merits discovery about business methods, which is beyond the permissible scope of discovery at this stage. *Id.* Voyager LTD's response will be limited to information sufficient to identify markets to which Voyager LTD has access in Florida.

**INTERROGATORY NO. 9:** Identify the total revenue that Voyager has received as a result of the transactions completed using the Voyager Platform, stating the amount per quarter from January 1, 2019 to the present, and explain how much revenue is derived from "spread revenue and interest revenue," as well as how "Voyager executes trades and captures spread revenue in both up and down markets," and identify and explain how Your "Rewards paid to customers" went from approximately $1,540,000 in the six month period ending December 31, 2020, to approximately $122,693,000 in the six month period ending December 31, 2021, including the breakdown for revenues by state, including specifically the state of Florida. *See* Steve Ehrlich's remarks in the Transcript of March 1, 2021 Earnings Call; *see also* Voyager Digital LTD. Management's Discussion and Analysis for the quarter ending December 31, 2021, dated February 14, 2022.

**OBJECTION:** Voyager LTD objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated March 3, 2022 [ECF No. 36], which limits discovery to "jurisdictional and arbitration-related discovery requests." *Id.* at 6.  This interrogatory seeks information about the Voyager Platform and how it generates revenue and executes trades, which is beyond the permissible scope of discovery at this stage. *Id.*

**INTERROGATORY NO. 10:** Identify all persons, entities, or Related Entity that has partnered with or entered into any Contracts or Agreements with You in the state of Florida, including a brief description of each entity's role.

**OBJECTION:** Voyager LTD will respond identifying an persons or entities known to be in Florida that have entered into agreements with Voyager LTD concerning the Voyager

Platform.  Voyager LTD objects to the extent the interrogatory seeks information concerning contracts or agreements with entities other than Voyager LTD, or unrelated to the Voyager Platform, as calling for confidential information concerning third parties and outside the scope of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF No. 36]. The request for such contracts and agreements delves into the merits of the business beyond the permissible scope of discovery at this stage. *Id.*

Dated: March 17, 2022                                     Respectfully submitted,

                                                         By: /s/ Gavin C. Gaukroger
                                                         Gavin C. Gaukroger
                                                         Florida Bar No. 76489
                                                         ggaukroger@bergersingerman.com
                                                         **BERGER SINGERMAN LLP**
                                                         201 East Las Olas Boulevard, Suite 1500
                                                         Fort Lauderdale, Florida 33301
                                                         Telephone: (954) 525-9900

                                                         Kayvan B. Sadeghi (*admitted pro hac vice*)
                                                         ksadeghi@jenner.com
                                                         Jeremy Ershow (*admitted pro hac vice*)
                                                         jershow@jenner.com
                                                         Sara E. Cervantes (*admitted pro hac vice*)
                                                         scervantes@jenner.com
                                                         **JENNER & BLOCK LLP**
                                                         1155 Avenue of the Americas
                                                         New York, NY 10036-2711
                                                         Telephone: (212) 891-1600

                                                         *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17th day of March, 2022, a true and correct copy of

the foregoing document has been furnished via email to counsel of record identified below.

*/s/ Gavin C. Gaukroger_____*
Gavin C. Gaukroger

## <u>SERVICE LIST</u>

Adam Moskowitz
adam@moskowitz-law.com
Joseph M. Kaye
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

Stuart Z. Grossman
szg@grossmanroth.com
Rachel W. Furst
rwf@grossmanroth.com
GROSSMAN ROTH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Telephone: (305) 442-8666

*Attorneys for Plaintiff,*
*Mark Cassidy*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

Defendants.

_____/

### DEFENDANT VOYAGER DIGITAL LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES REGARDING <u>PERSONAL JURISDICTION AND ARBITRATION</u>

Pursuant to Fed. R. Civ. P. 26 and 33, and the Court's Orders (ECF Nos. 24 and 36),

Defendant Voyager Digital LLC ("Voyager LLC") by and through its undersigned counsel,

hereby responds to Plaintiff's Interrogatories Regarding Personal Jurisdiction and Arbitration

(the "Requests"), as follows:

### <u>OBJECTIONS TO DEFINITIONS</u>

**<u>"Voyager," "You," or "Your":</u>** Voyager LLC objects to these defined terms as

overbroad in purporting to include not just Voyager LLC but also "any of its affiliates,

subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees,

representatives, or agents." This definition would bring within the scope of certain requests

persons and entities that have nothing to do with Plaintiff, the Voyager Platform, or the Voyager

Customer Agreement, which is not reasonable or proportional to the need for discovery in

response to Voyager LLC's motion to compel arbitration.

1

These definitions also bring Voyager Digital Ltd. ("Voyager LTD") within the scope of requests to Voyager LLC and render the separate requests to each Defendant entirely duplicative. To avoid duplication, where interrogatories primarily concern Voyager LTD or its subsidiaries other than Voyager LLC, Voyager LLC will rely on Voyager LTD's response except to the extent it has any different or supplemental response on behalf of Voyager LLC.

**"Voyager Platform":** Voyager LLC objects to the definition of this term as it incorrectly attributes the Voyager mobile application to both Voyager LLC and Voyager LTD. The Voyager Platform is operated by Voyager LLC.

**"Nationwide Class Members" and "Florida Class Members":** Voyager LLC objects to these definitions on the grounds that no class has been certified in this action.

**Time Period Specified**: Voyager LLC objects to Plaintiff's Requests to the extent that they request information for the period from January 1, 2019 to the present, as this predates Plaintiff's March 2021 use of the Voyager Platform by more than two years. As such, it is overly broad and not proportional to the need for discovery in response to Defendants' motion to compel arbitration and to dismiss the case.  Unless otherwise specified below, Voyager LLC will construe the Requests to cover the time period from January 1, 2021 (more than two months before Plaintiff first opened his account in March 2021), to March 12, 2022.

### ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify and explain whether either You took any action towards Plaintiff's Voyager account after this case was filed, that would have any impact to cancel, restrict and/or affect use of his account, including on what date that decision was made, how the action was effectuated, and all reasons why the action was effectuated.

**OBJECTION:** Voyager LLC will respond to Interrogatory No. 1.

2

**INTERROGATORY NO. 2:** Identify and explain what version of the Customer Agreement You contend applies to Plaintiff's claims in this action, when and how Plaintiff was given notice of that version of the Customer Agreement, and when and how You contend Plaintiff manifested his consent to be bound by that version of the Customer Agreement.

**OBJECTION:** Voyager LLC will respond to Interrogatory No. 2.

**INTERROGATORY NO. 3:** Explain why You believe that Plaintiff's relationship with You is not bound to any FINRA regulations, including, but not limited to, relating to arbitration.

**OBJECTION:** Voyager LLC will respond to Interrogatory No. 3.

**INTERROGATORY NO. 4:** Identify (i) every (different) Customer Agreement between Voyager and users of the Voyager Platform from January 1, 2019 to the present; (ii) when You contend each version of the Customer Agreement was effective; (iii) whether notification of each revision to the Customer Agreement was given to users of the Voyager Platform; (iv) in what manner such notification was given to users of the Voyager Platform; (v) when such notification was given to users of the Voyager Platform; and (vi) when and how You contend the users manifested their consent to be bound by each version of the Customer Agreement.

**OBJECTION:** Voyager LLC will respond to Interrogatory No. 4.

**INTERROGATORY NO. 5:** Identify, by name, position, and contact, the individuals at Voyager who are responsible for handling matters relating to arbitration.

**OBJECTION:** Voyager LLC will respond to Interrogatory No. 5.

**INTERROGATORY NO. 6:** Identify all lawsuits and arbitration (in any forum, including but not limited to, FINRA, AAA, [JAMS], etc.) demands made by current or former users against Voyager. For each, state: the caption of the case or matter (the parties, the case number, the court or forum that heard the matter), the date the demand was lodged and/or the case was filed, a brief statement summarizing the allegations and how the matter was resolved.

**OBJECTION:** Voyager LLC objects to this interrogatory insofar as it calls for

confidential information concerning unrelated proceedings and personal identifying information

of third parties that is not relevant to the Plaintiff's agreement to arbitrate or to the lack of

personal jurisdiction over Voyager LTD in this action. Voyager LLC's response will be limited to information sufficient to identify the number of lawsuits and arbitrations filed and the forums in which they were filed, by current or former users of the Voyager Platform.

**INTERROGATORY NO. 7:** Identify all lawsuits and arbitration (in any forum, including but not limited to, FINRA, AAA, [JAMS], etc.) demands initiated by Voyager against current or former users. For each, state: the caption of the case or matter (the parties, the case number, the court or forum that heard the matter), the date the demand was lodged and/or the case was filed, a brief statement summarizing the allegations and how the matter was resolved.

**OBJECTION:** Voyager LLC objects to this interrogatory insofar as it calls for confidential information concerning unrelated proceedings and personal identifying information of third parties that is not relevant to the Plaintiff's agreement to arbitrate or to the lack of personal jurisdiction over Voyager LTD in this action. Voyager LLC's response will be limited to information sufficient to identify the number of lawsuits and arbitrations filed and the forums in which they were filed, by Voyager LLC.

**INTERROGATORY NO. 8:** Identify "all available markets to which Voyager has access" as stated in https://www.investvoyager.com/blog/passion-for-product-trading/, including but not limited to where those markets are located and where users are located for whom Voyager places trades on those markets.

**OBJECTION:** Voyager LLC objects to this interrogatory as it is outside the scope of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF No. 36]. There is no dispute concerning personal jurisdiction over Voyager LLC.  The markets to which it has access are a merits inquiry into the features of the platform outside the scope of discovery permitted by the Court, which limits discovery to "jurisdictional and arbitration-related discovery requests." *Id.* at 6.

4

**INTERROGATORY NO. 9:** Identify the total revenue that Voyager has received as a result of the transactions completed using the Voyager Platform, stating the amount per quarter from January 1, 2019 to the present, and explain how much revenue is derived from "spread revenue and interest revenue," as well as how "Voyager executes trades and captures spread revenue in both up and down markets," and identify and explain how Your "Rewards paid to customers" went from approximately $1,540,000 in the six month period ending December 31, 2020, to approximately $122,693,000 in the six month period ending December 31, 2021, including the breakdown for revenues by state, including specifically the state of Florida. *See* Steve Ehrlich's remarks in the Transcript of March 1, 2021 Earnings Call; *see also* Voyager Digital LTD. Management's Discussion and Analysis for the quarter ending December 31, 2021, dated February 14, 2022.

**OBJECTION:** Voyager LLC objects to this interrogatory as outside the scope of

discovery permitted by the Court's Order dated March 3, 2022 [ECF No. 36], which limits

discovery to "jurisdictional and arbitration-related discovery requests." *Id.* at 6.  There is no

dispute concerning jurisdiction over Voyager LLC.  This interrogatory seeks information about

the Voyager Platform and how it generates revenue and executes trades, which is beyond the

permissible scope of discovery at this stage. *Id.*

**INTERROGATORY NO. 10:** Identify all persons, entities, or Related Entity that has partnered with or entered into any Contracts or Agreements with You in the state of Florida, including a brief description of each entity's role.

**OBJECTION:** Voyager LLC objects to this interrogatory insofar as it calls for

confidential information concerning third parties outside the scope of discovery reasonably

related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD

for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated

March 3, 2022 [ECF No. 36].  There is no dispute concerning jurisdiction over Voyager LLC.

The request for all contracts and agreements between Voyager LLC and other parties delves into

the merits of the functioning of Voyager LLC's business and is beyond the permissible scope of

discovery at this stage. *Id.*

Dated: March 17, 2022

Respectfully submitted,

By: /s/ Gavin C. Gaukroger
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of March, 2022, a true and correct copy of

the foregoing document has been furnished via email to counsel of record identified below.

*/s/ Gavin C. Gaukroger*_____
Gavin C. Gaukroger

## SERVICE LIST

Adam Moskowitz
adam@moskowitz-law.com
Joseph M. Kaye
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

Stuart Z. Grossman
szg@grossmanroth.com
Rachel W. Furst
rwf@grossmanroth.com
GROSSMAN ROTH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Telephone: (305) 442-8666

*Attorneys for Plaintiff,*
*Mark Cassidy*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 21-24441-CIV-ALTONAGA/Torres**

MARK CASSIDY, on behalf of himself
and others similarly situated,

Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

Defendants.

_____/

**DEFENDANT VOYAGER DIGITAL LTD.'S OBJECTIONS**
**TO PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION**
**REGARDING PERSONAL JURISDICTION AND ARBITRATION**

Defendant Voyager Digital Ltd. ("Voyager LTD") by and through its undersigned

counsel, hereby objects to Plaintiff's Notice of 30(b)(6) Deposition regarding personal

jurisdiction and arbitration, as follows:

**OBJECTIONS TO TOPICS**

**TOPIC NO. 1:** All of Your responses to Plaintiff's request for production and
interrogatories propounded on You on March 7, 2022.

**RESPONSE:** Voyager LTD will produce a witness to testify on this topic.

**TOPIC NO. 2:** Any and all actions regarding You and Plaintiff regarding the Voyager
account, including, but not limited to, Your decision to change, cancel, and/or restrict Plaintiff's
Voyager account subsequent to the filing of this Action.

**RESPONSE:** Voyager LTD objects to Topic 2 to the extent the definition of "You"

would encompass Voyager LLC, who has separately been noticed for a 30(b)(6) deposition on

1

this topic.  Voyager LLC will produce a witness in response to the request to it, and Voyager

LTD will produce a witness to testify as to Voyager LTD's actions, if any, as distinct from those

of Voyager LLC.

**TOPIC NO. 3:** Any and all FINRA rules or regulations that You are required to follow,
including but not limited to, any provisions regarding arbitration.

**RESPONSE:** Voyager LTD objects to Topic 3 because Voyager LTD is not a member of

FINRA, a self-regulatory organization, and Topic 3 otherwise calls for a legal conclusion and not

fact witness testimony. Voyager LTD will not produce a witness on this topic.

**TOPIC NO. 4:** The specific Customer Agreement(s) between Voyager and Plaintiff that
relate to arbitration purportedly relating to this matter, including how You informed Plaintiff of
the/these provision(s), how You allege Plaintiff accepted any of the provision(s), and any and all
support for why You believe any provision(s) should be enforced against Plaintiff in this Action.

**RESPONSE:** Voyager LTD objects that the Customer Agreement is between Voyager

LLC and Plaintiff, and Voyager LLC has separately been noticed for a 30(b)(6) deposition on

this topic.  Voyager LTD will produce a witness to testify as to any separate factual bases

Voyager LTD has for believing the arbitration agreement should be enforced, apart from the

factual bases offered by Voyager LLC.

**TOPIC NO. 5:** Voyager's corporate structure, including any and all Related Entities and
any applicable management policies and procedures.

**RESPONSE:** Voyager LTD objects to the extent Topic 5 seeks testimony concerning

entities that do not relate to the Voyager Platform or any activities in Florida, and further objects

that the topic of "any applicable management policies and procedures" is vague, ambiguous, and

overly broad.  Voyager LTD will produce a witness to testify as to the corporate structure of

entities that relate to the Voyager Platform or any activities in Florida.


**TOPIC NO. 6:** The total revenue that Voyager has received as a result of the transactions
completed using the Voyager Platform, stating the amount per quarter from January 1, 2019 to
the present, and explain how much revenue is derived from "spread revenue and interest
revenue," as well as how "Voyager executes trades and captures spread revenue in both up and
down markets," and how Your "Rewards paid to customers" went from approximately
$1,540,000 in the six month period ending December 31, 2020, to approximately $122,693,000
in the six month period ending December 31, 2021, including the breakdown for such revenues
by state, including specifically the state of Florida. *See* Steve Ehrlic's remarks in the Transcript
of March 1, 2021 Earnings Call; *see also* Voyager Digital LTD. Management's Discussion and
Analysis for the quarter ending December 31, 2021, dated February 14, 2022.

**RESPONSE:** Voyager LTD objects to this topic as outside the scope of discovery

reasonably related to responding to Defendants' motion to compel arbitration and to dismiss

Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's

Order dated March 3, 2022 [ECF No. 36].  To the extent Topic 6 seeks revenue figures, it is

better stated as a document request or interrogatory, and to the extent it seeks information

concerning how the Voyager Platform operates, derives revenue, and executes trades, it

impermissibly seeks merits discovery outside the limited scope of discovery permitted at this

stage. *See id*. Voyager LTD will not produce a witness on this topic.


**TOPIC NO. 7:** Any and all registrations You or any Related Entities have in the state of
Florida and any and all activities You or Related Entities conduct in the state of Florida,
including but not limited to loaning crypto assets, placing crypto asset orders to buy, sell, or
convert crypto assets on the platform, merchant services, marketing and sales activities, and
staking.

**RESPONSE:** Voyager LTD will produce a witness to testify as to any registrations it or

its subsidiaries have in the state of Florida, and as to any activities it conducts in Florida, and

otherwise objects to Topic 7 as outside the scope of discovery reasonably related to responding

to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal

jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF

No. 36].

**TOPIC NO. 8:** The total number of users who executed trades on the Voyager Platform,
for the State of Florida and nationwide, the total aggregate number of trades, the aggregate
amount of trades (reflected in USD), the average number of trades per user, and the average
amount of trades (reflected in USD).

**RESPONSE:** Voyager LTD objects to this topic as it is outside the scope of discovery

reasonably related to responding to Defendants' motion to compel arbitration and to dismiss

Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's

Order dated March 3, 2022 [ECF No. 36]. Voyager LLC operates the Voyager Platform and

there is no dispute concerning jurisdiction over Voyager LLC.  Voyager LTD will not produce a

witness on this topic.

**TOPIC NO. 9:** The "available markets to which Voyager has access" as stated in
https://www.investvoyager.com/blog/passion-for-product-trading/, including but not limited to
where those markets are located and where users are located for whom Voyager places trades on
those markets.

**RESPONSE:** Voyager LTD objects to Topic 9 as outside the scope of discovery

reasonably related to responding to Defendants' motion to compel arbitration and to dismiss

Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's

Order dated March 3, 2022 [ECF No. 36]. The quoted statement concerns the Voyager Platform

operated by Voyager LLC and there is no dispute concerning personal jurisdiction over Voyager

LLC.  The markets to which Voyager LLC has access is a merits inquiry into the features of the

Voyager Platform and not the threshold issues for which limited "jurisdictional and arbitration-

4

related discovery requests" permitted at this stage. *Id.* at 6. Voyager LTD will not produce a

witness on this topic.

      **TOPIC NO. 10:** The Contracts and Agreements between You (or any Related Entity)
and any entity or individual in the state of Florida, that it partners with, including but not limited
to subsidiaries, OTCs, and influencers, for example such as Victor Oladipo, Landon Cassill,
Coinify, BlockDaemon, or Market Rebellion. *See* https://www.bnnbloomberg.ca/voyager-digital-
is-gearing-up-for-rapid-growth-with-new-acquisition-and-all-star-crypto-partnership-1.1639000
(last accessed March 7, 2022).

      **RESPONSE:** Voyager LTD will produce a witness to testify as to any contracts or

agreements between Voyager LTD and persons or entities in the State of Florida related to the

Voyager Platform, and otherwise objects to Topic 10 as outside the scope of discovery

reasonably related to responding to Defendants' motion to compel arbitration and to dismiss

Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's

Order dated March 3, 2022 [ECF No. 36].

Dated: March 17, 2022

Respectfully submitted,

By: /s/ Gavin C. Gaukroger
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of March, 2022, a true and correct copy of

the foregoing document has been furnished via email to counsel of record identified below.

*/s/ Gavin C. Gaukroger_____*
Gavin C. Gaukroger

## **SERVICE LIST**

Adam Moskowitz
adam@moskowitz-law.com
Joseph M. Kaye
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

Stuart Z. Grossman
szg@grossmanroth.com
Rachel W. Furst
rwf@grossmanroth.com
GROSSMAN ROTH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Telephone: (305) 442-8666

*Attorneys for Plaintiff,*
*Mark Cassidy*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 21-24441-CIV-ALTONAGA/Torres**

MARK CASSIDY, on behalf of himself
and others similarly situated,

Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

Defendants.

_____/

**DEFENDANT VOYAGER DIGITAL LLC'S OBJECTIONS**
**TO PLAINTIFF'S NOTICE OF 30(b)(6) DEPOSITION**
**REGARDING PERSONAL JURISDICTION AND ARBITRATION**

Pursuant to Fed. R. Civ. P. 26 and 30, and the Court's Orders (ECF Nos. 24 and 36),

Defendant Voyager Digital LLC ("Voyager LLC") by and through its undersigned counsel,

hereby responds to Plaintiff's Notice of 30(b)(6) Deposition regarding personal jurisdiction and

arbitration, as follows.

**OBJECTIONS TO TOPICS**

**TOPIC NO. 1:** All of Your responses to Plaintiff's request for production and
interrogatories propounded on You on March 7, 2022.

**RESPONSE:** Voyager LLC will produce a witness to testify on this topic.

**TOPIC NO. 2:** Any and all actions regarding You and Plaintiff regarding the Voyager
account, including, but not limited to, Your decision to change, cancel, and/or restrict Plaintiff's
Voyager account subsequent to the filing of this Action.

**RESPONSE:** Voyager LLC will produce a witness to testify on this topic.

1

**TOPIC NO. 3:** Any and all FINRA rules or regulations that You are required to follow, including but not limited to, any provisions regarding arbitration.

**RESPONSE:** Voyager LLC objects to Topic 3 because Voyager LLC is not a member of FINRA, a self-regulatory organization, and Topic 3 otherwise calls for a legal conclusion and not fact witness testimony. Voyager LLC will not produce a witness on this topic.

**TOPIC NO. 4:** The specific Customer Agreement(s) between Voyager and Plaintiff that relate to arbitration purportedly relating to this matter, including how You informed Plaintiff of the/these provision(s), how You allege Plaintiff accepted any of the provision(s), and any and all support for why You believe any provision(s) should be enforced against Plaintiff in this Action.

**RESPONSE:** Voyager LLC objects to this topic to the extent it calls for a legal argument and not fact witness testimony. Voyager LLC will produce a witness to testify as to factual questions concerning this topic.

**TOPIC NO. 5:** Voyager's corporate structure, including any and all Related Entities and any applicable management policies and procedures.

**RESPONSE:** Voyager LLC objects to the extent Topic 5 seeks testimony concerning entities that do not relate to the Voyager Platform or any activities in Florida, and further objects that the topic of "any applicable management policies and procedures" is vague, ambiguous, and overly broad. Voyager LLC further objects that this Topic concerning the corporate structure of all Voyager entities is duplicative of the request to its ultimate parent company, Voyager LTD, which has separately been noticed for a 30(b)(6) deposition on the same topic. Voyager LTD will produce a witness to testify as to the corporate structure of entities that relate to the Voyager Platform or any activities in Florida. Voyager LLC will not produce a witness on this topic.

**TOPIC NO. 6:** The total revenue that Voyager has received as a result of the transactions completed using the Voyager Platform, stating the amount per quarter from January 1, 2019 to

2

the present, and explain how much revenue is derived from "spread revenue and interest revenue," as well as how "Voyager executes trades and captures spread revenue in both up and down markets," and how Your "Rewards paid to customers" went from approximately $1,540,000 in the six month period ending December 31, 2020, to approximately $122,693,000 in the six month period ending December 31, 2021, including the breakdown for such revenues by state, including specifically the state of Florida. *See* Steve Ehrlic's remarks in the Transcript of March 1, 2021 Earnings Call; *see also* Voyager Digital LTD. Management's Discussion and Analysis for the quarter ending December 31, 2021, dated February 14, 2022.

**RESPONSE:** Voyager LLC objects to this topic as outside the scope of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF No. 36].  To the extent Topic 6 seeks revenue figures, it is better stated as a document request or interrogatory, and to the extent it seeks information concerning how the Voyager Platform operates, derives revenue, and executes trades, it impermissibly seeks merits discovery outside the limited scope of discovery permitted at this stage. *See id.* Voyager LLC will not produce a witness on this topic.

**TOPIC NO. 7:** Any and all registrations You or any Related Entities have in the state of Florida and any and all activities You or Related Entities conduct in the state of Florida, including but not limited to loaning crypto assets, placing crypto asset orders to buy, sell, or convert crypto assets on the platform, merchant services, marketing and sales activities, and staking.

**RESPONSE:** Voyager LLC objects to Topic 7 as outside the scope of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF No. 36]. There is no dispute concerning jurisdiction over Voyager LLC. Questions concerning Voyager LLC's registration and activities impermissibly seek merits discovery about the functioning of the business outside the limited scope of discovery permitted at this stage. *See id.* Voyager LLC will not produce a witness on this topic.

**TOPIC NO. 8:** The total number of users who executed trades on the Voyager Platform, for the State of Florida and nationwide, the total aggregate number of trades, the aggregate amount of trades (reflected in USD), the average number of trades per user, and the average amount of trades (reflected in USD).

**RESPONSE:** Voyager LLC objects to this topic as it is outside the scope of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF No. 36]. There is no dispute concerning jurisdiction over Voyager LLC.  Voyager LLC will not produce a witness on this topic.

**TOPIC NO. 9:** The "available markets to which Voyager has access" as stated in https://www.investvoyager.com/blog/passion-for-product-trading/, including but not limited to where those markets are located and where users are located for whom Voyager places trades on those markets.

**RESPONSE:** Voyager LLC objects to Topic 9 as outside the scope of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF No. 36].  There is no dispute concerning personal jurisdiction over Voyager LLC.  The markets to which Voyager LLC has access is a merits inquiry into the features of the Voyager Platform and not the threshold issues for which limited "jurisdictional and arbitration-related discovery requests" permitted at this stage. *Id.* at 6. Voyager LLC will not produce a witness on this topic.

**TOPIC NO. 10:** The Contracts and Agreements between You (or any Related Entity) and any entity or individual in the state of Florida, that it partners with, including but not limited to subsidiaries, OTCs, and influencers, for example such as Victor Oladipo, Landon Cassill, Coinify, BlockDaemon, or Market Rebellion. *See* https://www.bnnbloomberg.ca/voyager-digital-is-gearing-up-for-rapid-growth-with-new-acquisition-and-all-star-crypto-partnership-1.1639000 (last accessed March 7, 2022).

**RESPONSE:** Voyager LLC objects to Topic 10 as outside the scope of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF No. 36]. There is no dispute concerning jurisdiction over Voyager LLC. The request for contracts and agreements between Voyager LLC and other parties delves into the functioning of Voyager LLC's business and not the threshold issues for which limited discovery has been permitted at this stage. *See id*. Voyager LLC will not produce a witness on this topic.

Dated: March 17, 2022                                Respectfully submitted,

By: /s/ Gavin C. Gaukroger
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of March, 2022, a true and correct copy of

the foregoing document has been furnished via email to counsel of record identified below.

*/s/ Gavin C. Gaukroger*
Gavin C. Gaukroger

## SERVICE LIST

Adam Moskowitz
adam@moskowitz-law.com
Joseph M. Kaye
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

Stuart Z. Grossman
szg@grossmanroth.com
Rachel W. Furst
rwf@grossmanroth.com
GROSSMAN ROTH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Telephone: (305) 442-8666

*Attorneys for Plaintiff,*
*Mark Cassidy*

6