**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-24441-CIV-ALTONAGA/Torres**

**MARK CASSIDY**,

  Plaintiff,

v.

**VOYAGER DIGITAL LTD.,** *et al.*,

  Defendants.

_____/

## STIPULATED PROTECTIVE ORDER

The Parties to this Action recognize that many of the documents and much of the information ("**Materials**" as defined herein) being sought through discovery in this Action will contain confidential, proprietary, financial, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this Action may be warranted, as contemplated under Federal Rule of Civil Procedure 26(c)(1)(G). Accordingly, the Parties stipulate and agree to be bound by the terms of this Confidentiality Agreement ("**Agreement**") to facilitate the document production and disclosure, and to protect the respective interests of the Parties.

**I. DEFINITIONS**

  The following definitions shall apply to this Agreement:

  A. The term "**Action**" means the above-captioned litigation pending between Plaintiffs and Defendants in the United States District Court for the Southern District of Florida, designated as Case No. 21-24441-CIV-ALTONAGA/Torres.

  B. The term "**Confidential Information**" means and includes information contained or disclosed in any Materials, including, without limitation, documents, portions of documents,

answers to interrogatories, responses to requests for admissions, discovery responses and disclosures provided pursuant to the Federal Rules of Civil Procedure, trial testimony, deposition testimony, transcripts of trial testimony and depositions, motions, affidavits, declarations, and briefs, including data, summaries, and compilations derived therefrom that is deemed to be confidential under the applicable legal standards by any Party to which it belongs.

C. The term "**Counsel**" means all outside counsel of record in this Action, other attorneys, paralegals, secretaries, and other support staff employed by their respective firms, in-house counsel, and other attorneys, paralegals, secretaries, and other support staff employed by in house counsel who are assisting outside counsel of record or in-house counsel in the defense of the Action.

D. The term "**Defendants**" means Voyager Digital LTD and Voyager Digital LLC, including all of their officers, directors, employees, consultants, and insurance carriers.

E. The term "**Designating Party**" means the Party designating Confidential Information or Materials as "CONFIDENTIAL."

F. The term "**Expert**" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action. This term also includes any assistants or stenographic and clerical employees associated with such Expert.

G. The term "**Litigation Consultants**" means persons or entities retained by a Party or its Counsel to serve as a professional jury or trial consultant or mock juror and their employees or subcontractors.

H. The term "**Materials**" includes, but is not limited to: documents; correspondence; memoranda; financial information; email; text or instant messages; spreadsheets; slide

presentations (e.g., PowerPoint); specifications; marketing plans; marketing budgets; customer information; materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; research, development, or commercial information; technical or proprietary information; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; presentations; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; records of website development; internet archives; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The protections conferred by this Agreement cover not only "Materials," but also any information copied or extracted from such Materials and all copies, excerpts, summaries, or compilations of Materials.

    I.    The term "**Party**" means Plaintiff or any or all of the Defendants in the Action.

    J.    The term "**Parties**" means Plaintiff and Defendants, collectively.

    K.    The term "**Plaintiff**" means Mark Cassidy.

    L.    The term "**Professional Vendors**" means persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, trial support, and organizing, storing or retrieving data in any form or medium) or provide services in connection with class notice or claims administration and their employees and subcontractors to the Parties.

    M.    The term "**Receiving Party**" means the Party to whom production of Materials designated as "CONFIDENTIAL" is made.

**II.     TERMS**

The following provisions shall apply:

1.      Any Party that produces or discloses Materials that the Designating Party believes contain Confidential Information that should be subject to this Agreement, may designate the Materials as "CONFIDENTIAL."

>   (a)     Designation as "CONFIDENTIAL": Any Party may designate Materials as "CONFIDENTIAL" if the Designating Party has an objective, good-faith basis for asserting the Materials contain Confidential Information.
>
>   (b)     The Party designating Materials as "CONFIDENTIAL" must take care to limit any such designation to specific parts that qualify as Confidential Information.  To the extent it is practical to do so, the Party designating Materials as "CONFIDENTIAL" must designate for protection only those parts that qualify so that other parts of the Materials for which protection is not warranted are not swept within the ambit of this Agreement.

2.      In the event the Designating Party elects to produce Materials for inspection, no marking need be made by the Designating Party in advance of the initial inspection.  For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL" and must be treated as such pursuant to the terms of this Agreement.  Thereafter, upon selection of specified Materials for copying by the inspecting Party, the Designating Party must, within a reasonable time prior to producing those Materials to the inspecting Party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

3.      Whenever a deposition taken on behalf of any Party involves the disclosure of Confidential Information:

  (a) the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Agreement; such designation must be made on the record whenever possible, but a Party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a Party will have until thirty (30) days after receipt of the deposition transcript to inform the other Parties of the portions of the transcript designated "CONFIDENTIAL";

  (b) the Designating Party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent and the persons agreed upon pursuant to paragraph 5 below; and

  (c) the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Agreement, and protected from being opened except by order of the Court.

  4. All Confidential Information must not be disclosed by Counsel for the Receiving Party or the Receiving Party to anyone other than those persons designated within this Agreement and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this Action and any related reviews by the persons specified in paragraph 5 below, unless and until such designation is removed either by agreement of the Parties or by order of the Court; provided, however, that Materials initially designated as

"CONFIDENTIAL" but for which the "CONFIDENTIAL" designation has been removed either by agreement of the Parties or by order of the Court must not be used for any purpose other than in connection with this Action.

5. Confidential Information may be viewed only by:

(a) the Parties;

(b) Counsel for the Parties;

(c) any insurer of a Party, including representatives, claims personnel and attorneys of the insurer;

(d) Experts retained by a Party or its Counsel to whom disclosure is reasonably necessary for this litigation. Prior to receiving any Confidential Information of the Designating Party, the Expert must execute a copy of the "Agreement to Be Bound by Confidentiality Agreement," attached hereto as Exhibit A;

(e) the Court and any Court staff and administrative personnel;

(f) any court reporter employed in this Action and acting in that capacity;

(g) Litigation Consultants and Professional Vendors, provided that they sign the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A;

(h) the author, recipient, or custodian of a document containing the Confidential Information, or another person who had authorized access to the Confidential Information in the course of his or her employment duties;

(i) during deposition or court testimony, witnesses and counsel for witnesses to whom disclosure is reasonably necessary provided that the witness signs

      the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A;

  (j) any mediator or settlement officer, and their supporting personnel; and

  (k) any other person upon written approval of the Designating Party or order of the Court.

6. Counsel for the Party providing Confidential Information to any person required to execute a copy of the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. In the event a person listed in paragraph 5 above as being required to sign the "Agreement to Be Bound by Confidentiality Agreement" attached hereto as Exhibit A before being provided with copies of Confidential Information refuses to sign Exhibit A, the Party desiring to disclose the Confidential Information may seek appropriate relief from the Court after meeting and conferring with the other Party.

7. Before a Party files any Materials with the Court that disclose another Party's Confidential Information, the filing Party shall first attempt to redact Confidential Information from any Materials that will be filed with the Court. If, and only if, the Court must consider Confidential Information that would otherwise be redacted to adjudicate a motion, then the filing Party shall move the Court for leave to file portions of the Materials that contain Confidential Information under seal in conformance with applicable rules and requirements. The Parties anticipate meeting and conferring with respect to redacting any Confidential Information from any Materials that will be filed with the Court in order to avoid the need to file Materials under seal, whenever possible. All Materials filed with the Court that constitute or contain Confidential Information may be filed publicly, without redaction and not under seal, or introduced into

evidence, without redaction and not under seal, if agreed to by the Parties in writing or if otherwise ordered by the Court.

8. The terms and provisions of this Agreement also are applicable to Materials a non-party has designated as "CONFIDENTIAL."

9. Confidential Information shall be used only as specified in paragraph 4. A Party who wishes to use Confidential Information for another purpose must request and obtain permission, in writing, from Counsel for the Designating Party. The Receiving Party's request must identify the Confidential Information that the Receiving Party wishes to use and identify the purpose for which it wishes to use Confidential Information. If the Designating Party does not provide written consent, and the Parties cannot resolve the question of whether the Receiving Party can use Confidential Information for a purpose other than specified in paragraph 4, above, within fourteen (14) days of the Designating Party's receipt of such a request, the Receiving Party may seek a discovery hearing for the Court to rule on the Receiving Party's request. In the event any Party seeks Court permission to use Confidential Information for a purpose other than as specified in paragraph 4, the Confidential Information shall be submitted to the Court, under seal, for an in-camera inspection. Any Confidential Information at issue must be treated as Confidential Information, as designated by the Designating Party, until the Court has ruled on the request or the matter has been otherwise resolved in writing between the Parties.

10. At any stage of these proceedings, any Party may object to a designation of Materials as "CONFIDENTIAL." The Party objecting to confidentiality must notify Counsel for the Designating Party, in writing, of the objected-to Materials by specific Bates number (if a document) or page number (if a deposition transcript) and state the grounds for the objection, and must endeavor to limit objections to Materials for which the party has a specific, good-faith need

to use or disclose in this litigation in a manner not prohibited by this agreement. If the dispute is not resolved consensually between the Parties within fourteen (14) days of receipt of such a notice of objections, the objecting Party shall not file a written motion. Rather, the "moving party" shall contact the chambers of Magistrate Judge Edwin Torres at (305) 523-5750 and place the matter on the next available discovery calendar. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the Discovery Materials as Confidential Information under the terms of this Order.

11. All Confidential Information must be held in confidence by those inspecting or receiving it. In addition, Counsel for each Party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Agreement, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

12. No Party will be responsible to another Party for disclosure of Confidential Information under this Agreement if the information in question is not labeled or otherwise identified as such in accordance with this Agreement, subject to the provisions in paragraph 13 below.

13. If a Party, through inadvertence, discloses any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Agreement, the Designating Party may give written notice to the Receiving Party that the information or Materials

are deemed "CONFIDENTIAL," and that they should be treated as such in accordance with that designation under this Agreement. The Receiving Party must treat the information and Materials as Confidential Information, once the Designating Party so notifies the Receiving Party, and the Designating Party must endeavor to re-produce the designated information and Materials with the appropriate designation within seven (7) business days after notification of the designation. If the Receiving Party has disclosed the information and Materials before receiving the designation, the Receiving Party must notify the Designating Party, in writing, of each such disclosure. Counsel for the Parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced information or Materials as "CONFIDENTIAL."

14. Nothing within this Agreement will prejudice the right of any Party to object to the disclosure or production of any information or Materials on the grounds that the information or Materials are protected by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, or any other privilege or immunity from disclosure.

15. This Agreement will be without prejudice to the right of any Party to oppose disclosure or production of any information or Materials for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Agreement must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

16. Confidential Information also may be disclosed if: (a) the Party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the Party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed Party: (i) gives prompt notice to Counsel for the Party

which made the designation, and permits that Party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued; and (ii) gives prompt notice in writing to the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Agreement and provides a copy of this Agreement with the notice.

17. Nothing in this Agreement shall limit any Designating Party's use of its own Confidential Information or shall prevent any Designating Party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Agreement.

18. Within sixty (60) business days of the final termination of this Action, including any and all appeals, upon request of the Designating Party, Counsel for each Receiving Party must use commercially reasonable efforts to purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the Party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy same. Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, motions, documents filed with the Court, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, consultant and expert work product that refer to or incorporate Confidential Information, and other materials Counsel is required to retain to comply with Counsel's malpractice insurance and will continue to be bound by this Agreement with respect to all such retained information, after the conclusion of this litigation. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not

destroyed, the person in possession of the attorney work product Materials will continue to be bound by this Agreement with respect to all such retained information, after the conclusion of this litigation. Counsel is not required to delete Confidential Information from back-up tapes or cloud back-ups and may destroy such information in accordance with its electronically stored information protocols.

19. The restrictions and obligations set forth within this Agreement will not apply to any information or Materials that: (a) the Parties agree do not contain Confidential Information; or (b) the Parties agree, or the Court rules, have become public knowledge other than as a result of disclosure by a Receiving Party, its employees, or its agents, in violation of this Agreement.

20. Any Party may designate as "CONFIDENTIAL" any Materials that were produced during the course of this litigation without such designation before the effective date of this Agreement, as follows:

    (a) Parties may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" to all other Parties. Any Party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the Designating Party all undesignated copies of such Materials, or shall affix the appropriate legend to all copies of the designated Materials; and

    (b) upon notice of designation pursuant to this paragraph, the Parties shall also: (i) make no disclosure of such designated Materials or information contained therein except as allowed under this Agreement; and (ii) take reasonable steps to notify any persons known to have possession of such

designated Materials or information contained therein of the effect of such designation under this Agreement.

21. When a Party gives notice to another Party that certain inadvertently produced Material is subject to a claim of privilege or other protection, the obligations of the Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in a stipulated protective order submitted to the Court. The Parties further agree that:

(a) The inadvertent production by a Party of Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Party's reasonable efforts to prescreen such Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Material is made promptly after the producing Party learns of its inadvertent production.

(b) Upon a request from any Party who has inadvertently produced Material that it believes is privileged and/or protected, each other Receiving Party shall immediately return such Material and all copies to the requesting Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the requesting Party.

22. Transmission by e-mail or facsimile is acceptable for all notification purposes within this Agreement.

23. Any modification of the terms and conditions of this Agreement must be in writing, signed by all Parties, or by order of the Court.

24. After termination of this Action, the provisions of this Agreement shall continue to be binding, except with respect to those Materials and information that became a matter of public record. The Court shall have continuing jurisdiction over the Parties and recipients of Confidential Information for enforcement of the provisions of this Agreement.

25. The Parties acknowledge that this Agreement does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

26. Any use of Confidential Information at trial shall be governed by the orders of the Court. This Agreement does not govern the use of Confidential Information at trial.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 25, 2022                                            Respectfully submitted,

| | |
|---|---|
| By: */s/Adam M. Moskowitz*<br>Adam M. Moskowitz<br>Florida Bar No. 984280<br>adam@moskowitz-law.com<br>Joseph M. Kaye<br>Florida Bar No. 117520<br>joseph@moskowitz-law.com<br>Barbara C. Lewis<br>Florida Bar No. 118114<br>barbara@moskowitz-law.com<br>**THE MOSKOWITZ LAW FIRM, PLLC**<br>2 Alhambra Plaza<br>Suite 601<br>Coral Gables, FL 33134<br>Telephone: (305) 740-1423<br><br>*Co-Counsel for Plaintiff and the Class*<br><br><br>By: */s/Stuart Z. Grossman*<br>Stuart Z. Grossman<br>Florida Bar No. 156113<br>szg@grossmanroth.com<br>Rachel W. Furst<br>Florida Bar No. 45155<br>rwf@grossmanroth.com<br>GROSSMAN ROTH YAFFA COHEN, P.A.<br>2525 Ponce de Leon Blvd Ste 1150<br>Coral Gables, FL 33134<br>Office: 305-442-8666<br><br>*Co-Counsel for Plaintiff and the Class* | By: */s/Gavin C. Gaukroger*<br>Gavin C. Gaukroger<br>Florida Bar No. 76489<br>ggaukroger@bergersingerman.com<br>drt@bergersingerman.com<br>**BERGER SINGERMAN LLP**<br>201 East Las Olas Boulevard, Suite 1500<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 525-9900<br><br>Kayvan B. Sadeghi<br>(*admitted pro hac vice*)<br>ksadeghi@jenner.com<br>Jeremy Ershow<br>(*admitted pro hac vice*)<br>jershow@jenner.com<br>Sara E. Cervantes<br>(*admitted pro hac vice*)<br>scervantes@jenner.com<br>JENNER & BLOCK LLP<br>1155 Avenue of the Americas<br>New York, NY 10036-2711<br>Telephone: (212) 891-1600<br>Fax: (212) 891-1699<br><br>*Counsel for Defendants* |

**DONE AND ORDERED** in Miami, Florida, this 28th day of March, 2022.

*[signature: Cecilia M. Altonaga]*

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

CASE NO. 21-24441-CIV-ALTONAGA

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT**

I, _____, declare and say that:

1. I have read the Confidentiality Agreement (the "Agreement") between the parties in the matter captioned *Cassidy v. Voyager LTD et al.*, Case No. 21-24441-CIV-ALTONAGA/Torres (S.D. Fla.), and understand its contents.

2. I promise that I will use any and all Confidential Information, as defined in the Agreement, given to me only in a manner authorized by the Agreement.

3. I promise that I will not disclose or discuss such Confidential Information with anyone other than the persons described in paragraph 5 of the Agreement.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court where the Action specific to my receipt of information subject to this Agreement is pending with respect to the enforcement of the Agreement.

5. I understand that any disclosure or use of Confidential Information in any manner contrary to the provisions of the Agreement may subject me to sanctions.

6. I will return all Materials designated "CONFIDENTIAL" (as defined in the Agreement) to the person who provided them to me, upon request of that person, and I shall not retain any copies of said Materials or any information contained within "CONFIDENTIAL" Materials.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____     _____