UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

    Plaintiff,
v.

VOYAGER DIGITAL LTD, and
VOYAGER DIGITAL LLC

    Defendants.
_____/

## NOTICE OF COMPLIANCE

Plaintiff Mark Cassidy ("Cassidy") hereby provides notice of his compliance with the February 1, 2022 Order Setting Discovery Procedures [ECF No. 24] concerning the hearing scheduled to take place on **April 7, 2022 at 2:30 p.m.** [ECF No. 38], and states as follows:

### SUBSTANCE OF DISCOVERY MATTERS

This nationwide class action seeks to hold Defendants accountable for their actions surrounding their violations of state consumer protection statutes arising from their unfair and deceptive business practices in reaping hundreds of millions of dollars in profits from ordinary retail investors around the nation by (1) providing them with a platform to trade cryptocurrency using a deceptive pricing scheme from which Defendants take secret profits (despite their uniform representations that they offer the trades commission-free), and (2) operating accounts that constitute unregistered securities by promising returns on their customers' cryptocurrency asset holdings through the revenue generated by lending them to undisclosed third parties at an undisclosed level of risk. [ECF No. 1].

Since the filing of this action, Defendants have used every effort to keep Plaintiff and the Court in the dark while working to stymy Plaintiff's efforts to have the merits of his case adjudicated by this Court. After Defendants refused to produce any discovery on issues of arbitration, necessitating Plaintiff to seek a discovery hearing before this Court, [ECF No. 27], Defendants moved to compel arbitration and, for the first time, raised arguments to dismiss for lack of personal jurisdiction, and moved to stay discovery entirely. [ECF Nos. 28, 29]. In opposing Defendants' motion to stay, Plaintiff informed the Court that jurisdictional discovery was necessary, and had not had a chance to seek that discovery in his first wave of requests since Defendants did not disclose that was a basis for their motion until after their motions were filed (despite numerous Zoom and telephone conferences on discovery and arbitration issues up to that point).

Defendants argued in their reply that the Court should deny Plaintiff's "informal requests for" jurisdictional discovery even though there was no reason for Plaintiff to believe when serving the initial discovery requests that Defendants contested personal jurisdiction, an argument the Court called: "Nonsense." [ECF No. 36] at 4. The Court allowed Plaintiff to take discovery on arbitration and personal jurisdiction, which Plaintiff commenced per that order on March 7th. [ECF No. 36].

Defendants now continue their efforts to obfuscate and conceal the true nature of their business and relationship from Plaintiff and this Court. Plaintiff requests the Court's adjudication of its discovery dispute concerning Defendants' responses and objections to Plaintiff's requests for production, interrogatories, and noticed corporate representative topics, all regarding issues relating to personal jurisdiction and arbitrability, which the Court specifically ordered Plaintiff was entitled to take before deciding whether to amend the complaint or to proceed with the complaint

*CASE NO.: 21-24441-CIV-ALTONAGA/Torres*

as currently on file, *see* [ECF No. 36]. Specifically, in order to prevent Plaintiff from obtaining the full discovery to which he is entitled within the time limits as ordered by the Court, Defendants have unilaterally:

(1) limited the time frame in which they respond to January 2021 through March 12, 2022 (instead of Plaintiff's requested time period of January 1, 2019 through the present, which covers three years, less than the allowable time period for the four year statute of limitations on Plaintiff's putative nationwide class action claims);

(2) limited their responses to information specifically regarding the "Voyager Platform" in the state of Florida, instead of all business activities conducted by Defendants, which are subject to discovery by this Court's order, [ECF No. 36], as this information is reasonably calculated to lead to the discovery of admissible evidence regarding the personal jurisdiction over Defendant Voyager Digital LTD (the "LTD") (for instance, that the entities are operating as a single entity) or otherwise relates to the issue of arbitrability in this action;

(3) taken the position that they are not required to respond to certain discovery requests as to Defendant Voyager Digital LLC (the "LLC"), arguing that "[t]here is no dispute concerning Voyager LLC," while at the same time refusing to answer on behalf of the LTD, ignoring the well-known agency theory for asserting personal jurisdiction over parent corporations and why that entitles Plaintiff to seek the full breadth of requested discovery from both LLC and LTD on these issues;

(4) withheld and redacted documents and have yet to produce a privilege log, leaving Plaintiff guessing as to what information is being withheld and on what basis, which may result in waiver of any applicable privilege or protection, or alternatively these

documents should instead be submitted in unredacted form to the Court for *in camera* review;

(5) limited production of documents to those that Defendants searched for through their own, still undisclosed search terms, and limited to documents involving only non-lawyers or third parties without regard to the nature of the communication including any lawyers employed or retained by Defendants—specifically, Defendants conducted "a search-term based search of email communications among non-lawyers likely to have responsive information, as well as communications including lawyers if a third party is included on the communication, and will exclude from the search communications involving lawyers that do not include any third party"—which leaves Plaintiff unable to ascertain whether any responsive information is being withheld;

(6) limited availability for the corporate representative of Defendant Voyager Digital LLC to be deposed only on April 26–28, notwithstanding that Plaintiff's deadline to amend the complaint is April 28th;

(7) asserted that Defendants "will not produce a witness" on the following topics on Plaintiff's noticed deposition as to Voyager Digital LTD, which concern issues on which Plaintiff is allowed to inquire pursuant to the Court's order:

- o Any and all FINRA rules or regulations that Defendant is required to follow, including provisions regarding arbitration (Topic 3);

- o The total revenue that Defendant has received as a result of the transactions completed using the Voyager Platform, stating the amount per quarter from January 1, 2019 to the present, and explain how much revenue is derived from "spread revenue and interest revenue," as well as how "Voyager executes trades and

captures spread revenue in both up and down markets," and how Your "Rewards paid to customers" went from approximately $1,540,000 in the six month period ending December 31, 2020, to approximately $122,693,000 in the six month period ending December 31, 2021, including the breakdown for such revenues by state, including specifically the state of Florida. *See* Steve Ehrlich's remarks in the Transcript of March 1, 2021 Earnings Call; *see also* Voyager Digital LTD. Management's Discussion and Analysis for the quarter ending December 31, 2021, dated February 14, 2022. (Topic 6);

- o The total number of users who executed trades on the Voyager Platform, for the State of Florida and nationwide, the total aggregate number of trades, the aggregate amount of trades (reflected in USD), the average number of trades per user, and the average amount of trades per user (reflected in USD) (Topic 8)

- o The "available markets to which Voyager has access" as stated in https://www.investvoyager.com/blog/passion-for-product-trading/, including but not limited to where those markets are located and where users are located for whom Voyager places trades on those markets (Topic 9); and

(8) asserted that Defendants "will not produce a witness" on the following topics on Plaintiff's noticed deposition as to Voyager Digital LLC which concern issues on which Plaintiff is allowed to inquire pursuant to the Court's order:

- o Any and all FINRA rules or regulations that Defendant is required to follow, including but not limited to, any provisions regarding arbitration (Topic 3)

- o Voyager's corporate structure, including any and all Related Entities and any applicable management policies and procedures (Topic 5);

- The total revenue that Voyager has received as a result of the transactions completed using the Voyager Platform, stating the amount per quarter from January 1, 2019 to the present, (Topic 6);

- Any and all registrations Defendant and any Related Entities have in the state of Florida and any and all activities conducted in the state of Florida, including loaning crypto assets, placing crypto asset orders to buy, sell, or convert crypto assets on the platform, merchant services, marketing and sales activities, and staking (Topic 7)

- The total number of users who executed trades on the Voyager Platform, for the State of Florida and nationwide, the total aggregate number of trades, the aggregate amount of trades (reflected in USD), the average number of trades per user, and the average amount of trades per user (reflected in USD) (Topic 8)

- The "available markets to which Voyager has access" as stated in https://www.investvoyager.com/blog/passion-for-product-trading/, including but not limited to where those markets are located and where users are located for whom Voyager places trades on those markets (Topic 9)

- The Contracts and Agreements between Defendant (or any Related Entity) and any entity or individual in the state of Florida, that it partners with, including but not limited to subsidiaries, OTCs, and influencers, for example such as Victor Oladipo, Landon Cassill, Coinify, BlockDaemon, or Market Rebellion. *See* https://www.bnnbloomberg.ca/voyager-digital-is-gearing-up-for-rapid-growth-with-new-acquisition-and-all-star-crypto-partnership-1.1639000 (last accessed March 7, 2022) (Topic 10)

*CASE NO.: 21-24441-CIV-ALTONAGA/Torres*

## **CERTIFICATE OF LOCAL RULE 7.1(a)(3) PRE-FILING CONFERENCE**

In accordance with Local Rule 7.1(a)(3), Plaintiff's counsel certifies they have conferred with Defendants' counsel regarding these issues on multiple, lengthy Zoom teleconferences (specifically on March 15 and April 4, as well as numerous emails) in a good faith effort to resolve them short of a hearing, but they have been unable to do so. Plaintiff's counsel are continuing to attempt to resolve these issues and will advise the Court to the extent any are resolved at or before the April 7th hearing at 2:30pm.

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

Dated: April 6, 2022

Respectfully submitted,

By: *s/ Adam M. Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza
Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423
*Co-Counsel for Plaintiff and the Class*

By: */s/Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
szg@grossmanroth.com
Rachel W. Furst
Florida Bar No. 45155
rwf@grossmanroth.com
GROSSMAN ROTH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Office: 305-442-8666
*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on April 6, 2022, with the Court via CM/ECF system, which will send notification to all attorneys of record.

By: */s/ Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280