# Exhibit C

**EMAIL TO DEFENSE COUNSEL KAYVAN SADEGHI AND GAVIN GAUKROGER: May 4, 2022**

Kayvan and Gavin, thank you for the meet and confer that we conducted yesterday (Tuesday) from 2:00 pm to 2:17pm, along with Joey, Ryan, and myself. You asked us to send you our responses this morning to your three questions. We also include a 4th response to a new issue, that you just raised this afternoon, after we prepared our first three responses.  We are certainly glad to continue discussing any of these issues and/or any other issues that you would like to discuss in this matter.

1. **YOU TOLD US THAT IF WE FILE A MOTION FOR CERTIFICATION, YOU WOULD ASK THE COURT TO STAY THE MOTION.**

    We informed you earlier this week that we intended to move for class certification, on a portion of the case, for just the claims for the offer and sale of unregistered securities claim against only Voyager Digital Ltd. (the parent company that admittedly has no agreement or arbitration clause directly with Plaintiff), now that we have taken discovery and believe we have sufficient support to carry our burden for certification.

    You contended that the Court specifically limited the Parties and that the only issues the Parties "could" raise at this juncture are your client's Motion to Dismiss, based on the arbitration clause, and alleged lack of personal jurisdiction over Voyager Digital Ltd., but that Plaintiff is not allowed to attempt to progress their case in any manner.

    ***Voyager's Counsel:***  You told us that the Court "would not allow us" to file any Motion for Class Certification (regardless of the claims), because the recent Order [ECF No. 36] addressed only the defenses, that you raised as grounds to dismiss this case (arbitration and personal jurisdiction).

    ***Class Counsel:***  The Federal Rules allow motions for class certification to be filed as soon as practicable and when the moving party (who has the burden) believes it has enough support for the Motion.  The "Trial and Pretrial Order" in this case (prior to the delays caused by the additional discovery and briefing of the arbitration and jurisdictional issues) set a deadline for Plaintiff to file his Motion for Class Certification on or before May 20, 2022 (in 2 weeks).  Plaintiff

respectfully submits that these dates set by a Court are always outer limit "deadlines" that a party must comply with, but they are certainly free to file a Motion for Class Certification earlier (if they agree to comply with all discovery and believe they have enough to satisfy the factors for Federal Rule 23).

Attached is a recent Report & Recommendations from Magistrate Judge Jonathan Goodman in a class action where we filed our Motion for Class Certification similarly just one week after filing the Amended Complaint, because we were able to obtain all of the necessary supporting evidence from other sources outside of the discovery process.  The Court not only rejected the defendant's arguments that the Motion was filed "prematurely," it in fact granted class certification, because Plaintiffs had satisfied all the requirements of Federal Rule 23.In this matter, there is: (1) possibly unprecedented, overwhelming support, arguments and evidence from many state and federal regulators, that Voyager has been offering and selling unregistered securities to our client, (2) ample deposition testimony that we have obtained, whereby Voyager's representatives admit that Plaintiffs' Voyager Earn Program Account, is exactly the same as all others in the proposed class, his account does not vary by any state and is the specific subject of the numerous state and SEC securities investigations.

Query why any Plaintiff in a class action, supported with all of this information, would decide to wait to adjudicate the simple question of whether Plaintiff's (and all proposed class members') Voyager Earn Program Accounts should (or should not) have been registered by Voyager with state and federal regulatory officials. That preeminent decision would certainly narrow and focus the issues for those two claims for all Parties.  As Magistrate Judge Goodman explained, there is also no one-way intervention rule violation, in that the Defendant has a pending Motion to Dismiss (which did not have to be decided before granting class certification).

**2.    YOU REQUESTED THAT WE MOVE TO SEAL NUMEROUS DOCUMENTS AND/OR FILE A REVISED AMENDED COMPLAINT.**

***Voyager Counsel:*** You informed us that our Amended Complaint attached and/or cited to six (6) Voyager produced documents (documents attached to Exhibit C of the Amended Complaint, which were introduced as Exhibits 5A, 6, 7, 11 and 14 at the deposition of Voyager Digital LLC's corporate representative) that you marked as "Confidential." As such, you stated that we should now be required to either move to seal those documents and/or should file a revised Amended Complaint.

There is no dispute that you did not even make any reference at the 3 depositions to any of these purportedly confidential documents and/or to the testimony elicited in connection therewith. You stated on our call, however, that you wanted to "give us a chance" to correct our mistake, before you request that the Court "either sanction us and/or hold us in contempt" for violating the Confidentiality Order. You stated that the longer this "confidential" information was in the public, the more harm would occur.

Here are the five clearly non-privileged and non-confidential documents that you asked us to review again:

**Exhibit 5A:** Part of a non-privileged email chain from Voyager Digital Ltd.'s Chief Marketing Officer, discussing Voyager Digital LLC's User Agreement, which includes a ½ responsive page that is redacted and completely blacked out (alleging under some unknown basis that the information within the black box is somehow privileged and confidential). The rest of the document is not claimed to be privileged.

**Exhibit 6:** One (barely legible) Chart of a list of random Voyager email addresses maintained by Voyager (the witness was not clear where it came from or what it included), identifying (with a highlighter) our client's email address (to show that he was allegedly sent a basic two sentence email by Voyager Digital LLC, after it changed its Arbitration Agreement). The Chart admittedly does not contain any personal and/or confidential information from any customers (such as social security, date of birth, and/or personal information). Plaintiff has already provided a sworn declaration in the record that he never received the allegedly

attached mass email and in fact, he produced a copy of all emails that he has received (with no contrary evidence from Voyager).  Voyager has decided **NOT** to take Plaintiff's deposition during the past 6 months, although they have been specifically permitted by the Court and offered by Plaintiffs.

**Exhibit 7**: A letter from the AAA to Voyager explaining that: Voyager's then-existing Arbitration Provision (that may be subject in this case) fails, and in fact violates the AAA rules in that it: (1) requires the investor to travel to New Jersey to conduct any arbitration, and (2) the arbitration must be kept confidential before a single arbitrator.  You have informed us that you do not have another copy of this letter, that was actually signed by Voyager (in the blank place provided by AAA for Voyager to sign and date), agreeing to waive these violations for this single arbitration.

**Exhibit 11:** A small 14-rowed Chart, prepared and created by Voyager, that identifies $29 million dollars that was collected by Voyager Digital LLC, and paid up to its parent company Voyager Digital Ltd. (as explained at our discovery hearing with Judge Torres), specifically from just their Florida consumers (not even including the millions in profits from the interest revenues), for each month in just the year 2021, relevant to the issue of personal jurisdiction.  Judge Torres informed Voyager's counsel that he must allow Class Counsel to question the witness on this Chart and is allowed to ask these amounts for all other relevant years (which may total hundreds of millions of dollars from Florida) and from any other source to the parent Voyager Digital Ltd., not simply restricted to the Voyager Platform.

**Exhibit 14:** Part of a non-privileged email chain containing admissions from Voyager non-legal officers that the existing Arbitration Clause needs "significant overhaul."

*Class Counsel:* We are certainly careful and mindful to comply with every rule, regulation, and Order.  We have reviewed your allegations and have not found any basis to take any corrective action at this juncture for numerous reasons.

*First:*  We have already discussed that you have clearly abused (as sometimes happens in these large class actions) the use of the word "Confidential".  Attached hereto are again just 2 examples of the many documents you marked as "Confidential."  It is simply inconceivable how you can "in good faith" assert that the information in these documents is "confidential and proprietary" (that are a public box and a publicly mass disseminated email)

Moreover, the Confidentiality Order [ECF No. 42] (at Section II.1, (b)) specifically requires you to "limit such designations to specific parts that qualifies as Confidential."  We cannot see how you have a "good faith" basis to designate any of the information in these emails as "proprietary," let alone the whole document, which includes information such as our own client's Voyager email address (which we cite extensively), but no personal information such as date of birth and/or account information.

*Second:* The Confidentiality Order specifically requires in "Depositions" you to state **"on the record"** any objection to the use of any alleged confidential information during depositions.  We have now conducted 3 depositions of Voyager representatives where we extensively discussed all of these documents (in fact, the documents you are discussing are only attached to the complaint as exhibits to one of those very deposition transcripts), and you (who had at least 3 lawyers at each deposition) failed to raise a single objection of confidentiality to any of these materials. We therefore concluded that you had realized that you may have been overzealous with your "confidential" designations.

Moreover, Gavin and I argued an extensive discovery hearing with Magistrate Torres, where we specifically discussed many of these issues in open court.  We specifically discussed the Chart showing the $29 million dollars that Voyager Digital LLC provided to its parent Voyager Digital Ltd., because Judge Torres commented that those facts may certainly be considered in the argument as to whether the Court has personal jurisdiction over Voyager Digital Ltd. In fact, Judge Torres overruled your planned instruction to your witness not to answer

any other questions about this Chart, such as the revenue for all other years, and other sources for Voyager Digital Ltd.'s connections to Florida.

**Third:** As we told you on the call, we are still willing to consider any measures that you believe are necessary to protect any personal, proprietary and/or confidential information. But you have, to date, not made the required showing, your statement that "we say what is confidential" is certainly not the standard, and the fact the email may be harmful to your argument certainly does not make it "confidential." You can certainly raise any of the specific information with the Court.

3. **YOU REQUEST WE ALLOW YOU TO FILE ONE 30-PAGE CONSOLIDATED MOTION TO DISMISS (FOR LLC AND LTD.) BY MAY 16TH.**

**Voyager:** You informed us that you thought it would be more "convenient" and "efficient" for the Court, if you could file one thirty (30) page Combined Motion to Dismiss by May 16th, but would not disclose all of the asserted grounds.

**Class Counsel:** We will certainly allow the Court decide if you should be provided with an exception to the Court's ordered page limitation and deadline.

On January 4, 2022, the Court entered an Order requiring [ECF No. 6] that both Defendants file "a single combined Response," so Class Counsel is not sure why Defendants claim to be providing some concession by allowing themselves an additional ten pages.

Second, the Court already set a deadline for your Renewed Motion to be **filed by May 8th and stated that "no extensions will be granted,"** so we see no reason for any extension. Finally, you have again failed to identify to us what grounds you will be raising in this renewed Motion to Dismiss (we first learned you were going to challenge personal jurisdiction from reading your initial Motion to Dismiss, despite having around half a dozen calls and conferences before you filed). You stated that you will renew the arbitration and personal jurisdiction arguments but may include other arguments that you will not disclose to us at this time.

*Thank you, Adam*