**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 21-24441-CIV-ALTONAGA/Torres**

MARK CASSIDY, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

    Defendants.
_____/

**EXPEDITED MOTION FOR EXTENSION OF TIME AND FOR AUTHORIZATION TO FILE A CONSOLIDATED BRIEF IN RESPONSE TO BOTH RENEWED AND NEWLY ASSERTED CLAIMS IN THE AMENDED COMPLAINT [ECF NO. 46]**

Defendants Voyager Digital Ltd. ("Voyager Ltd") and Voyager Digital, LLC ("Voyager LLC", and collectively with Voyager Ltd, "Defendants") by and through their undersigned counsel, for good cause shown and pursuant to Local Rule 7.1(a)(1)(J), move the Court for an Order: (i) authorizing Defendants to file one consolidated brief of up to thirty (30) pages to consolidate Voyager LLC's renewed motion to compel arbitration with Voyager Ltd's new motion to dismiss claims asserted for the first time in the Amended Complaint; and (ii) extending the deadline to respond to Plaintiff's Amended Complaint (ECF No. 46) to May 16, 2022 in order to facilitate that joint filing, and in support hereof state:

1.    On December 24, 2021, Plaintiff filed a putative class action complaint ("First Complaint") against Defendants Voyager Ltd and Voyager LLC, asserting claims against both entities related to purported commissions on trades placed through the Voyager Platform.

2. On February 17, 2022, Defendants moved to compel arbitration and to dismiss the First Complaint, and to dismiss the claims against Voyager Ltd for the additional reason that the Court lacked jurisdiction over Voyager Ltd (the "Motion").

3. On March 3, 2022, the Court denied the Motion without prejudice to permit limited discovery concerning the issues of arbitrability and jurisdiction (ECF No. 36). The Court simultaneously granted Defendants leave to renew their motion to compel arbitration and to dismiss for lack of personal jurisdiction with regard to the anticipated amended complaint (*id.* at p. 7), granting Defendants ten days to renew the prior motion from the date the Amended Complaint was filed. The Court set aside all other deadlines, to be addressed after resolution of the matters of arbitration and personal jurisdiction (*id.*).

4. Plaintiff has now filed an Amended Complaint (ECF No. 46). Pursuant to the Court's previous Orders (ECF Nos. 36 and 40), Defendants' deadline to renew the prior motion to compel arbitration and to dismiss for lack of personal jurisdiction is Sunday, May 8, 2022 (ECF No. 40).

5. The Amended Complaint drops the claims previously asserted against Voyager Ltd and asserts those previously stated causes of action only against Voyager LLC.[1] Voyager LLC intends to renew its motion to compel arbitration and to dismiss those claims.

6. In addition, the Amended Complaint asserts two new causes of action against Voyager Ltd. The new claims are not based on the same facts—the alleged "commissions"—that form the basis of the First Complaint. Instead, the new claims have a different factual basis concerning the Voyager Earn Program, which is a reward provided to users of the Voyager Platform that was not addressed in the First Complaint. Plaintiff now alleges that the Voyager

---

[1] The Amended Complaint also drops the unjust enrichment claim altogether.

Earn Program constitutes an unregistered security and asserts new claims arising under federal and Florida securities laws.

7. Voyager Ltd intends to move to dismiss, and alternatively to compel arbitration, of the newly asserted claims against it. The motion to dismiss will include, but go beyond, the jurisdictional defects raised in the prior motion because the new securities claims are subject to dismissal on additional grounds. For example, among other things, Plaintiff has suffered no injury from the Voyager Earn Program and therefore lacks standing to assert those new claims.

8. If Voyager Ltd were permitted the default time under the Federal Rules to respond to the new claims, its response would be due on May 12, 2022. To avoid duplication and to address overlapping issues in a streamlined manner, Defendants respectfully request the Court permit the Defendants the opportunity to file one, consolidated thirty (30) page brief in response to the Amended Complaint, and grant Plaintiff the equal number of pages for his response, rather than filing two briefs on separate schedules or requiring Voyager Ltd to respond to newly asserted securities claims within the ten-day period provided for a renewed motion on the prior claims.

9. In order to present a streamlined single motion, Defendants also request a limited extension of time, until Monday May 16, 2022, to file the consolidated brief.

10. That limited extension is further warranted by Plaintiff's tactical efforts to divert Defendants' attention within its limited period to respond under the existing Orders. In addition to filing new claims, Plaintiff has sought to frustrate Defendants' ability to respond to the Amended Complaint within the already constrained ten days, by prematurely filing for class certification on its new claims before Defendants have had any opportunity to respond to those claims and before the Court has had an opportunity to address threshold questions as to whether Plaintiff has standing to assert those claims, or whether Plaintiff has stated any viable claim properly before this Court.

Plaintiff also now seeks further discovery, *after* filing his Amended Complaint and beyond the targeted discovery the Court permitted concerning jurisdiction and arbitration. These actions are inconsistent with the Court's March 3 Order, which permitted only targeted discovery related to arbitrability and jurisdiction, set aside all other deadlines, and ordered that: "Once the matters of personal jurisdiction and arbitration are resolved, the parties will be instructed by separate order to submit an amended joint scheduling report." (ECF No. 36 at 7.)

11.     Defendants will separately seek a stay of the class certification motion and further discovery, pending resolution of the threshold motions to dismiss and compel arbitration. However, for purposes of this expedited request for an extension and consolidated briefing, Plaintiff's tactical efforts to consume Defendants' limited time to respond to the Amended Complaint is further grounds for the limited extension sought here.

12.     This Motion is filed as an Expedited Motion and Defendants respectfully request the Court enter an order on the Motion by Friday May 6, 2022, in light of the looming Sunday May 8, 2022 deadline.

13.     Defendants submit that the relief requested in this Motion is made in good faith and not for the purposes of delay and will not modify any other deadline in the case (ECF No. 36 at 7) ("The deadlines set forth in the Court's Scheduling Order **[ECF No. 20]** are **SET ASIDE**. Once the matters of personal jurisdiction and arbitration are resolved, the parties will be instructed by separate order to submit an amended joint scheduling report.") (emphasis in original).

14.     Good cause for the relief requested exists. The newly pled claims against Voyager Ltd involve complex claims arising under federal and state securities laws which require additional analysis and briefing unrelated to the facts and claims alleged in the original Complaint (ECF No.

4

1). Further, the Amended Complaint contains additional theories and argument concerning the issues of arbitrability and jurisdiction, beyond the inclusion of new factual allegations.

15. Plaintiff and Defendants met and conferred regarding the relief requested and counsel for Plaintiff did not consent to any portion of this request.

WHEREFORE, for good cause shown, Defendants request the Court enter an order granting them 30 pages for a consolidated response to the Amended Complaint, and that the deadline to file their consolidated motion be **May 16, 2022**, and for all such other relief as the Court deems just and proper.

### Local Rule 7.1(a)(3) Certification

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Defendants certifies that he conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised by this motion on May 3, 2022 via Teams videoconference during which time counsel for Plaintiff advised that they would provide their position with respect to the relief request by the end of the day today, May 4, 2022. On May 4, 2022, counsel for Plaintiff responded in writing, making clear that it did not consent to any portion of Defendants' request.

Dated May 4, 2022                    Respectfully submitted,

By: /s/ *Gavin C. Gaukroger*
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)

5

jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600

*Counsel for Defendants*