UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

VOYAGER DIGITAL LTD, and
VOYAGER DIGITAL LLC

    Defendants.
_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**EXPEDITED MOTION FOR EXTENSION OF TIME [ECF NO. 46]**

Plaintiffs respectfully acknowledge that the Court will decide whether to grant Voyager's requested relief (extending their deadline by another week and the increasing their page limit by 50%, which they state will "streamline" the briefing process with a "consolidated brief"):

Undersigned counsel cannot remember the last time ever objecting to an extension request, but we respectfully object to this one, in that Voyager has, yet again, failed to simply provide the Court with accurate information, even after Class Counsel respectfully requested that Voyager correct these specific misstatements.[1]

As a result of the facts in this case, the Court entered an Order [ECF No. 6] **requiring** Defendants to file a single motion to dismiss Plaintiff's complaint, within the specific page limitations required by the Local Rules. Rather than acknowledge this fact and attempt to establish good cause for why Defendants require an additional 10 pages to make their arguments, Defendants disingenuously purport to sacrifice the nonexistent opportunity to file 40 pages of briefing "to avoid duplication." Mot., 3.

---

[1] Defendants also state that Plaintiff "did not consent" to all of their requested relief, Plaintiff specifically told Voyager to state that we *opposed* Defendants' request, after reading their representations to the Court. The Parties have met and conferred extensively on these issues, and Plaintiff responded in a written email, *see* **ECF No. 47 at Ex. C**.

Moreover, Defendants completely fail to state the obvious language in the Court's prior ruling—expressed in not one, but *two* orders—that "**[n]o extensions of time will be given.**" [ECF Nos. 36, 40] (emphasis added). Instead, Defendants claim that under "the default time," which, of course, this Court's orders supersede, they would be afforded until May 12th to file their motion. Mot., 3.

Finally, Defendants' contention that the first complaint did not address the Voyager Earn Program (previously called the "Voyager Interest Program") is incorrect. The original complaint contained numerous references to this Voyager product. ECF No. 1, ¶¶ 1, 20, 29, 39; ECF No. 1-2 at 7, 8, 10, 13; ECF No. 1-10 at 10–11, 26, 28–29. The Amended Complaint should simply come as no surprise to Defendants, who have now had five months to assess Plaintiff's allegations and to formulate their arguments for its dismissal (the vast majority of which, apparently, remain unchanged).

## **CONCLUSION**

While it is this Court that will certainly decide whether to grant further exceptions to prior Orders and rules, Plaintiffs respectfully suggest that Voyager has started down a pattern of overzealousness, which does not support providing the requested discretionary relief.

Dated: May 5, 2022                                          Respectfully submitted,

By: /s/ *Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: /s/ *Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
szg@grossmanroth.com
Rachel W. Furst
Florida Bar No. 45155
rwf@grossmanroth.com
Ryan J. Yaffa
Florida Bar No. 1026131
rjy@grossmanroth.com
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Office: 305-442-8666
*Co-Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was filed on May 5, 2022, with the Court via CM/ECF system, which will send notification of such filing to all attorneys of record.

By: /s/ *Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280