UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

Defendants.
_____/

**DEFENDANTS' MOTION TO ENFORCE PROTECTIVE ORDER
AND IMPOSE SANCTIONS FOR VIOLATION OF PROTECTIVE ORDER**

Defendants bring this motion as a last resort, to remedy a direct breach of the Stipulated Protective Order (ECF No. 42) (the "Protective Order") that Plaintiff refused to remedy without motion practice. Plaintiff ignored the Protective Order and filed as exhibits to the Amended Complaint (ECF No. 46) documents designated in discovery as "CONFIDENTIAL" without redacting those documents and without any attempt to meet and confer prior to filing. Those documents include personal identifying information ("PII") of Voyager LLC's non-party customers and other confidential information. Defendants called this to Plaintiff's attention, assuming it might have been inadvertent, and requested that Plaintiff agree to remedy its breach without motion practice to avoid the unnecessary expenditure of party and Court resources on this motion. Plaintiff's counsel refused to take any corrective action.

As such, Defendants by and through their undersigned counsel, respectfully move the Court for an Order: (i) directing the Clerk of the Court to remove the documents designated as "Confidential" from the docket; (ii) compelling Plaintiff to follow the terms of the Protective Order

1

by re-filing any documents designated as "Confidential" in redacted form or under seal and/or following the procedures set forth in the Protective Order to meet and confer concerning any disputed designations; and (iii) awarding Defendants' the attorneys' fees incurred in connection with this Motion, which should not have been necessary.

## BACKGROUND

### A.   The Protective Order

1. On March 28, 2022, the Court entered the Protective Order, which protects documents designated as "CONFIDENTIAL" from public disclosure. The Protective Order provides that documents designated by a party as CONFIDENTIAL must not be disclosed "to anyone other than those persons designated within this Agreement[,]" that "[a]ll Confidential Information must be held in confidence by those inspecting or receiving it," and that counsel for each party "must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information." [ECF No. 42, Protective Order at pp. 5, 9].

2. The Protective Order also requires the parties to attempt to redact any Confidential Information from materials to be filed with the Court. *See id.,* at p. 7. If Confidential Information must be considered by the Court, then the filing party must "move the Court for leave to file portions of the Materials that contain Confidential Information under seal[.]"). *Id.*

3. The Protective Order also includes a process to dispute confidentiality designations. The party that objects to the confidentiality designation must notify the "Designating Party" of the specific materials they object to and the grounds for the objection, in writing. *See id.*, at p. 8. If the parties do not come to an agreement the dispute may be placed on the discovery calendar. *Id.* at p. 9. The Protective Order states that "[u]ntil the Court rules on the challenge, all parties shall

continue to treat the Discovery Materials as Confidential Information under the terms of this Order." *Id*.

**B.  Plaintiff's Violation of the Protective Order**

4.  On April 28, 2022, Plaintiff filed an Amended Complaint along with several exhibits, five of which clearly bear the stamp "CONFIDENTIAL" as designated by Voyager LLC when it produced those documents (ECF No. 46).

5.  Exhibit C to the Amended Complaint includes a selection of pages from the "rough draft" of the deposition transcript from the Rule 30(b)(6) deposition of a representative Voyager Ltd. Exhibit C contains twelve pages of excerpts from the deposition transcript and seventy pages of exhibits.

6.  Among the exhibits attached to Exhibit C to the Amended Complaint are several documents that were designated by Defendants as CONFIDENTIAL under the Protective Order, including:

   a.  Exhibit 5A is an internal business communication that contains Voyager LLC's employee email addresses.

   b.  Exhibit 6 is a portion of a spreadsheet that includes Voyager LLC's customer information, including email addresses and other account-related information of individual customers of Voyager LLC.

   c.  Exhibit 7 is letter correspondence concerning a confidential mediation between Voyager LLC and one of its customers and contains the name, email address, and physical address of a customer.

   d.  Exhibit 11 is a chart that shows certain business revenue by month, which is confidential business information that was otherwise not public.

   e.  Exhibit 14 is an internal Voyager LLC's business communication that contains employee email addresses and email addresses of third-party vendors.

7. At no time prior to the filing of the Amended Complaint did Plaintiff communicate with Defendants in any way about the confidentiality designations or potential redactions, or invoke the procedures for challenging any of the confidentiality designations.

8. After the Amended Complaint was filed, Defendants contacted Plaintiff to meet and confer about remedying the breach of the Protective Order without the need for Court intervention. On May 3, 2022, the Parties met and conferred and Defendants' counsel requested that Plaintiff take steps to remove the exhibits marked as CONFIDENTIAL from the public record to be re-filed in redacted form, after which the parties could engage in any needed conferral process in the event Plaintiff disputed particular designations, as provided for in the Protective Order. A copy of the email memorializing that meet-and-confer discussion is attached as **Exhibit A**.

9. On May 4, 2022, Plaintiff's counsel denied these requests in correspondence that is attached hereto as **Exhibit B**.

## MEMORANDUM

Plaintiff willfully violated the Protective Order by filing information designated as CONFIDENTIAL on the docket, and by refusing to remedy the breach even after it was specifically called to attention of counsel. That violation should be remedied.

### A. The Protective Order Prohibited Plaintiff from Filing the Documents Designated as Confidential.

The Protective Order instructs that each party can designate documents produced to the other side as CONFIDENTIAL "under the applicable legal standards." [ECF No. 42, Protective Order, at p. 2]. Defendants clearly marked each of the documents above on its face as CONFIDENTIAL under the Protective Order before producing the documents, as is evident from the face of the exhibits filed with the Court. *See* [ECF No. 46, Amended Complaint, Ex. C, at Exhs. 5a, 6, 7, 11, and 14 (ECF No. 46-3 at pp. 23-31, 72-73, 78-82)].

4

Two of the documents (Exhibits 6 and 7) were marked as CONFIDENTIAL because they contain PII of customers of Voyager LLC, including email addresses, physical addresses, and/or other account information, which clearly should not have been placed in the public record. *See Allgood v. Paperlesspay Corp.*, 3:20-CV-516-MMH-MCR, 2021 WL 3887558, at *2 (M.D. Fla. June 4, 2021) (holding that a Declaration and Exhibit that contained addresses and personal email addresses contained confidential personally identifying information and should be filed under seal).

Three of the documents (Exhibits 5a, 11 and 14) were marked as CONFIDENTIAL because they contain internal business communications, revenue information, and/or business email addresses, none of which are normally publicly disclosed. *CSX Transportation, Inc. v. Fla. Dept. of Revenue*, 4:06CV342-SPM/WCS, 2006 WL 8443347, at *7 (N.D. Fla. Dec. 26, 2006) (holding that information sought by Defendant was confidential business information because it was "information that Plaintiff normally does not publicly disclose.").

Plaintiff was not permitted to publicly disclose these documents without following the procedures in the Protective Order. *See* [ECF No. 42, Protective Order at p. 5 ("All Confidential Information must not be disclosed by Counsel for the Receiving Party or the Receiving Party to anyone other than those persons designated within this Agreement[.]")]. If Plaintiff wished to file the documents on the public docket, the Protective Order provided a mechanism for doing so. *See id.,* at p. 7 ("the filing Party shall first attempt to redact Confidential Information from any Materials that will be filed with the Court. If, and only if, the Court must consider Confidential Information that would otherwise be redacted [], then the filing Party shall move the Court for leave to file portions of the Materials that contain Confidential Information under seal[.]"). Plaintiff made no effort to redact any portion of any of the documents.

If Plaintiff disagreed with any of the designations, the Protective Order required him to object by notifying Counsel, "in writing, of the objected-to Materials" before disclosing the confidential information. *Id.* at p. 8. Defendants were and remain willing to meet and confer on appropriate redactions. If any dispute remains thereafter, under the Protective Order, "[u]ntil the Court rules on the challenge, all parties shall continue to treat the Discovery Materials as Confidential Information under the terms of this Order." *Id.* at p. 9. Plaintiff failed to follow those procedures, even after Defendant specifically requested that Plaintiff remove the materials so the parties could do so. *See* Exhibits B and C.

Nor is it relevant that the documents marked as CONFIDENTIAL were discussed at a deposition. Nothing in the Protective Order states that the introduction of a document at a deposition retroactively deprives that document of the protections of a CONFIDENTIAL designation. In addition, the confidential portions of those documents generally were not discussed on the record. Moreover, the Protective Order gives each side 30 days to designate a deposition transcript as CONFIDENTIAL under the Protective Order, *see* (ECF No. 42 at p. 5) (stating that within thirty days after receipt of the deposition transcript "a Party may designate portions of depositions as containing Confidential Information").[1]

In short, Plaintiff violated the express terms of the Protective Order by filing documents designated as CONFIDENTIAL under the Protective Order, and by declining to remedy that breach when Defendants requested that Plaintiff do so in an effort to avoid this motion practice.

---

[1] The provision on depositions applies to the transcript and does not purport to retroactively de-designate documents marked as confidential that are introduced as exhibits at the deposition. Defendants have now expressly designated the transcripts as Confidential, within the 30-day period, pending further review.

6

**B.     The Court Should Order that the Confidential Exhibits Be Removed From the Public Docket.**

The Court should direct the Clerk of the Court to remove from the docket the documents designated as Confidential. The parties' should then meet and confer pursuant to the terms of the Protective Order to determine appropriate redactions. That relief is amply justified. The information that Plaintiff has now publicly disclosed includes personal customer information, and third-party vendor information, that creates unwarranted risks to third parties to this litigation. Plaintiff has provided no reason or justification why this information should be made public in furtherance of the asserted claims. On the other, Plaintiff would in no way be prejudiced by abiding by the terms of the Court's Protective Order.

**C.     The Court Should Award Defendants the Fees Incurred in Bringing This Motion.**

Sanctions are warranted to remedy the breach of the Protective Order. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii) ("If a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders ... [including] treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.").[2]

Defendants do not seek to hold Plaintiff in contempt, in hopes that an order remedying the violation will be sufficient, but Defendants do seek attorneys' fees incurred in bringing this Motion because this Motion should not have been necessary and Defendants should not be prejudiced by Plaintiff's violation and subsequent refusal to remedy that violation short of motion practice.

---

[2] Civil contempt sanctions are warranted when it is evident that a party has violated an outstanding court order. *See TracFone Wireless, Inc. v. Holden Prop. Servs.*, LLC, 103 F. Supp. 3d 1357, 1360 (S.D. Fla. 2015) (internal citation omitted).

## CONCLUSION

For the foregoing reasons, Defendants request an Order (i) directing the Clerk of the Court to remove from the docket Exhibit C to the Amended Complaint (ECF No. 46-3); (ii) compelling Plaintiff to follow the terms of the Protective Order by re-filing any documents designated as "Confidential" in redacted form or under seal, and/or following the procedures set forth in the Protective Order to meet and confer concerning any disputed designations; (iii) awarding Defendants' the attorneys' fees incurred in connection with this Motion, which should not have been necessary; and granting such other relief as the Court deems just and proper.

### S.D. Fla. L.R. 7.1(a)(3) CERTIFICATE OF CONFERENCE OF COUNSEL

Pursuant to Local Rule 7.1(a)(3), undersigned counsel hereby certifies that counsel for the movant has conferred with counsel for Cassidy, including a telephonic conference with Adam Moskowitz and Joseph Kaye, in a good faith on May 3, 2022, and in emails thereafter, in an effort to resolve the issues but has been unable to resolve the issues.

Dated May 5, 2022

Respectfully submitted,

By: /s/ *Gavin C. Gaukroger*
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com

**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600

*Counsel for Defendants*