# EXHIBIT 4

Voyager Digital LLC Responses to Plaintiff's Interrogatories
Regarding Personal Jurisdiction and Arbitration

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

Defendants.
_____/

**DEFENDANT VOYAGER DIGITAL LLC'S RESPONSES
TO PLAINTIFF'S INTERROGATORIES
REGARDING PERSONAL JURISDICTION AND ARBITRATION**

Pursuant to Fed. R. Civ. P. 26 and 33, and the Court's Orders (ECF Nos. 24 and 36), Defendant Voyager Digital LLC, ("Voyager LLC") by and through its undersigned counsel, hereby respond to Plaintiff's Interrogatories Regarding Personal Jurisdiction and Arbitration (the "Requests"), as follows. These Responses supplement the Objections served on March 17, 2022.

**OBJECTIONS TO DEFINITIONS**

**"Voyager," "You," or "Your":** Voyager LLC objects to these defined terms as overbroad in purporting to include not just Voyager LLC but also "any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents." This definition would bring within the scope of certain requests persons and entities that have nothing to do with Plaintiff, the Voyager Platform, or the Voyager

1

Customer Agreement, which is not reasonable or proportional to the need for discovery in response to Voyager LLC's motion to compel arbitration.

These definitions also bring Voyager Digital Ltd. ("Voyager LTD") within the scope of requests to Voyager LLC and render the separate requests to each Defendant entirely duplicative. To avoid duplication, where interrogatories primarily concern Voyager LTD or its subsidiaries other than Voyager LLC, Voyager LLC will rely on Voyager LTD's response except to the extent it has any different or supplemental response on behalf of Voyager LLC.

**"Voyager Platform":** Voyager LLC objects to the definition of this term as it incorrectly attributes the Voyager mobile application cryptocurrency investment service to both Voyager LLC and Voyager LTD. The Voyager Platform is operated by Voyager LLC.

**"Nationwide Class Members" and "Florida Class Members":** Voyager LLC objects to these definitions on the grounds that no class has been certified in this action.

**Time Period Specified**: Voyager LLC objects to Plaintiff's Requests to the extent that they request information for the period from January 1, 2019 to the present, as this predates Plaintiff's March 2021 use of the Voyager Platform by more than two years. As such, it is overly broad and not proportional to the need for discovery in response to Defendants' motion to compel arbitration and to dismiss the case. Unless otherwise specified below, Voyager LLC will construe the Requests to cover the time period from January 1, 2021 (more than two months before Plaintiff first opened his account in March 2021), to March 12, 2022.

Each of the following responses is subject to the foregoing objections.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify and explain whether either You took any action towards Plaintiff's Voyager account after this case was filed, that would have any impact to

cancel, restrict and/or affect use of his account, including on what date that decision was made, how the action was effectuated, and all reasons why the action was effectuated.

**OBJECTION:** Voyager LLC will respond to Interrogatory No. 1.

**ANSWER:** Voyager LLC did not take any action after this case was filed that would have any impact to cancel, restrict and/or affect the use of Plaintiff's account. After this case was filed, Voyager LLC placed Plaintiff on an internal watch list, which provides an internal alert to assist in monitoring account activity, but it does not and did not have any effect on Plaintiff's ability to access or use his Voyager Platform account.

**INTERROGATORY NO. 2:** Identify and explain what version of the Customer Agreement You contend applies to Plaintiff's claims in this action, when and how Plaintiff was given notice of that version of the Customer Agreement, and when and how You contend Plaintiff manifested his consent to be bound by that version of the Customer Agreement.

**OBJECTION:** Voyager LLC will respond to Interrogatory No. 2.

**ANSWER:** Plaintiff's claims are subject to the version of the Customer Agreement published in January 2021, which was the version in place at the time of Plaintiff's registration of an account on the Voyager Platform. Pursuant to the Customer Agreement to which Plaintiff agreed, his continued use of the Voyager Platform through 2021 constituted agreement to be governed by subsequent versions of the Customer Agreement.

Plaintiff was given notice of the January 2021 version of the Customer Agreement on Voyager Platform registration screen via a conspicuous link labeled "Terms" in contrasting color font accompanying a check box stating the user agrees to Voyager LLC's terms. *See* Motion to Compel at 2-3. That conspicuous link takes the registrant to the text of the version of the Customer Agreement in place at registration. *Id*. Plaintiff manifested his assent to the January 2021 version of the Customer Agreement when he checked the box accompanied by the text "By

creating an account, you agree to our Terms" at registration, which was required in order for him to proceed with registering an account on the Voyager Platform, which he did. *Id*. at 2.

There was one update to the Customer Agreement during the time in which Plaintiff's trades in this action took place, on April 16, 2021, and notice was sent to Plaintiff as described in response to Interrogatory No. 4, below.

The arbitration provision remained materially unchanged in the January 2021 and April 16, 2021 versions of the Customer Agreement and throughout the time in which Plaintiff engaged in the transactions as issue in this case. *See* Motion to Compel at fn. 2, Motion to Stay Discovery [ECF No. 29] at 6. As a result, Voyager LLC contends that Plaintiff is obligated to arbitrate his claims against Voyager LLC regardless of which of those versions of the Customer Agreement applies.

**INTERROGATORY NO. 3:** Explain why You believe that Plaintiff's relationship with You is not bound to any FINRA regulations, including, but not limited to, relating to arbitration.

**OBJECTION:** Voyager LLC will respond to Interrogatory No. 3.

**ANSWER:** Voyager LLC is not a member of FINRA and is not subject to FINRA regulations, as it is not engaged in activities that would trigger classification as one of the three types of entities regulated by FINRA, as defined by FINRA. *See* https://www.finra.org/about/firms-we-regulate.  To the extent this Interrogatory seeks any further response, Voyager LLC objects that it calls for a legal conclusion.

**INTERROGATORY NO. 4:** Identify (i) every (different) Customer Agreement between Voyager and users of the Voyager Platform from January 1, 2019 to the present; (ii) when You contend each version of the Customer Agreement was effective; (iii) whether notification of each revision to the Customer Agreement was given to users of the Voyager Platform; (iv) in what manner such notification was given to users of the Voyager Platform; (v) when such notification was given to users of the Voyager Platform; and (vi) when and how You contend the users manifested their consent to be bound by each version of the Customer Agreement.

4

**OBJECTION:** Voyager LLC will respond to Interrogatory No. 4.

**ANSWER:** There have been five versions of the Customer Agreement from the time of Plaintiff's registration on the Voyager Platform to the present, and each version became effective at the time it was published on Voyager LLC's website. *See* Motion to Compel at fn. 2, Exhibit A (Declaration of Shannon Casey), a copy of which is attached hereto and incorporated by reference. Those versions are identified by their publishing dates below:

1. January 2021
2. April 16, 2021
3. August 20, 2021
4. November 23, 2021
5. January 7, 2022

Per the third paragraph of the Customer Agreement, Voyager notifies its users of revisions to the Customer Agreement by posting new versions on Voyager LLC's website, www.investvoyager.com. *Id.* at Exhibit A to Declaration of Shannon Casey. Voyager LLC also sent an email notifying users of the update to the Customer Agreement on April 18, 2021. *Id.* at Exhibit F to Declaration of Shannon Casey.

Consent to the Customer Agreement at time of account registration is manifested by requiring that the customer check the box accompanying the statement "By creating an account, you agree to our Terms" at registration, as needed in order to proceed with registering an account on the Voyager Platform. *See id.* at 2-3. Per that same third paragraph of the Customer Agreement, registered users who accept the terms of the Customer Agreement agree to the following statement: "I understand that my continued use of the Voyager Platform, accessing my Voyager Account, and participating in the Voyager Service constitutes an act of acceptance with

5

respect to any such changes or modifications that Voyager may make. If I do not agree to the terms in effect when I am accessing my Voyager Account, I must stop using the Voyager Platform." *Id.* at Exhibit A to Declaration of Shannon Casey. Users further manifest their consent to be bound by each version of the Customer Agreement via their continued use of the Voyager Platform and accessing of their Voyager accounts.

**INTERROGATORY NO. 5:** Identify, by name, position, and contact, the individuals at Voyager who are responsible for handling matters relating to arbitration.

**OBJECTION:** Voyager LLC will respond to Interrogatory No. 5.

**ANSWER:** The following individual has direct, day-to-day responsibility for handling matters relating to arbitration: Ailsa Chau, Esq., Associate Counsel, Disputes.

**INTERROGATORY NO. 6:** Identify all lawsuits and arbitration (in any forum, including but not limited to, FINRA, AAA, [JAMS], etc.) demands made by current or former users against Voyager. For each, state: the caption of the case or matter (the parties, the case number, the court or forum that heard the matter), the date the demand was lodged and/or the case was filed, a brief statement summarizing the allegations and how the matter was resolved.

**OBJECTION:** Voyager LLC objects to this interrogatory insofar as it calls for confidential information concerning unrelated proceedings and personal identifying information of third parties that is not relevant to the Plaintiff's agreement to arbitrate or to the lack of personal jurisdiction over Voyager LTD in this action. Voyager LLC's response will be limited to information sufficient to identify the number of lawsuits and arbitrations filed and the forums in which they were filed, by current or former users of the Voyager Platform.

**ANSWER:** Aside from the instant action, Voyager LLC responds that two AAA arbitration demands and two California state court complaints have been filed against it by users of the Voyager Platform:

6

- Litigations:
    - *Hamidi v. Voyager Digital LLC,* Case No. 01242380 (California Small Claims Ct.) (filed Jan. 26, 2021) – Dismissed.
    - *Berk v. Voyager Digital, LLC et al.*, Case No. 37-2002-00009286-CU-NP-CTL) (Sup. Ct. California) (filed March 10, 2022) – Pending.
- Arbitrations:



**INTERROGATORY NO. 7:** Identify all lawsuits and arbitration (in any forum, including but not limited to, FINRA, AAA, [JAMS], etc.) demands initiated by Voyager against current or former users. For each, state: the caption of the case or matter (the parties, the case number, the court or forum that heard the matter), the date the demand was lodged and/or the case was filed, a brief statement summarizing the allegations and how the matter was resolved.

**OBJECTION:** Voyager LLC objects to this interrogatory insofar as it calls for confidential information concerning unrelated proceedings and personal identifying information of third parties that is not relevant to the Plaintiff's agreement to arbitrate or to the lack of personal jurisdiction over Voyager LTD in this action. Voyager LLC's response will be limited to information sufficient to identify the number of lawsuits and arbitrations filed and the forums in which they were filed, by Voyager LLC.

**ANSWER:** None.

**INTERROGATORY NO. 8:** Identify "all available markets to which Voyager has access" as stated in https://www.investvoyager.com/blog/passion-for-product-trading/, including but not limited to where those markets are located and where users are located for whom Voyager places trades on those markets.

**OBJECTION:** Voyager LLC objects to this interrogatory as it is outside the scope of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF No. 36]. There is no dispute concerning personal jurisdiction over Voyager LLC. The markets to which it has access are a merits inquiry into the features of the platform outside the scope of discovery permitted by the Court, which limits discovery to "jurisdictional and arbitration-related discovery requests." *Id*. at 6.

**INTERROGATORY NO. 9:** Identify the total revenue that Voyager has received as a result of the transactions completed using the Voyager Platform, stating the amount per quarter from January 1, 2019 to the present, and explain how much revenue is derived from "spread revenue and interest revenue," as well as how "Voyager executes trades and captures spread revenue in both up and down markets," and identify and explain how Your "Rewards paid to customers" went from approximately $1,540,000 in the six month period ending December 31, 2020, to approximately $122,693,000 in the six month period ending December 31, 2021, including the breakdown for revenues by state, including specifically the state of Florida. *See* Steve Ehrlich's remarks in the Transcript of March 1, 2021 Earnings Call; *see also* Voyager Digital LTD. Management's Discussion and Analysis for the quarter ending December 31, 2021, dated February 14, 2022.

**OBJECTION:** Voyager LLC objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated March 3, 2022 [ECF No. 36], which limits discovery to "jurisdictional and arbitration-related discovery requests." *Id*. at 6. There is no dispute concerning jurisdiction over Voyager LLC. This interrogatory seeks information about the Voyager Platform and how it generates revenue and executes trades, which is beyond the permissible scope of discovery at this stage. *Id.*

**INTERROGATORY NO. 10:** Identify all persons, entities, or Related Entity that has partnered with or entered into any Contracts or Agreements with You in the state of Florida, including a brief description of each entity's role.

**OBJECTION:** Voyager LLC objects to this interrogatory insofar as it calls for confidential information concerning third parties outside the scope of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF No. 36]. There is no dispute concerning jurisdiction over Voyager LLC. The request for all contracts and agreements between Voyager LLC and other parties delves into the merits of the functioning of Voyager LLC's business and is beyond the permissible scope of discovery at this stage. *Id.*

**ANSWER:** Subject to the foregoing objections, Voyager LLC has conducted a reasonable inquiry and identifies the following individuals who are known to reside in Florida and who have engaged in promotional activities for Voyager LLC: Victor Oladipo, Professional Basketball Player for the Miami Heat; Robert Gronkowski, Professional Football Player for the Tampa Bay Buccaneers.

Dated: March 28, 2022                                  Respectfully submitted,

                                                                   By: /s/ Gavin C. Gaukroger
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600

*Attorneys for Defendants*

## VERIFICATION

I, Shannon Casey, on behalf of Voyager Digital LLC, do hereby verify pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America that the facts set forth in the foregoing Responses to Plaintiff's Interrogatories Regarding Personal Jurisdiction and Arbitration are true and correct to the best of my knowledge, information, and belief. I am authorized to make and am making this Verification on behalf of Defendant Voyager Digital LLC.

Dated: March 28, 2022.

_____
Shannon Casey

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March, 2022, a true and correct copy of the foregoing document has been furnished via email to counsel of record identified below.

/s/ Gavin S. Gaukroger
Gavin S. Gaukroger

## SERVICE LIST

Adam Moskowitz
adam@moskowitz-law.com
Joseph M. Kaye
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

Stuart Z. Grossman
szg@grossmanroth.com
Rachel W. Furst
rwf@grossmanroth.com
GROSSMAN ROTH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134