# EXHIBIT 5

Voyager Digital Ltd Responses to Plaintiff's Interrogatories
Regarding Personal Jurisdiction and Arbitration

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

Defendants.
_____/

**DEFENDANT VOYAGER DIGITAL LTD'S RESPONSES
TO PLAINTIFF'S INTERROGATORIES
REGARDING PERSONAL JURISDICTION AND ARBITRATION**

Pursuant to Fed. R. Civ. P. 26 and 33, and the Court's Orders (ECF No. 24 and 36), Defendant Voyager Digital LTD, ("Voyager LTD") by and through its undersigned counsel, hereby respond to Plaintiff's Interrogatories Regarding Personal Jurisdiction and Arbitration (the "Requests"), as follows. These Responses supplement the Objections served on March 17, 2022.

**DEFINITIONS**

**"Voyager," "You," or "Your":** Voyager LTD objects to these defined terms as overbroad in purporting to include not just Voyager LTD but also "any of its affiliates, subsidiaries, divisions, segments, predecessors, successors, officers, directors, employees, representatives, or agents." This definition would bring within the scope of certain requests persons and entities that have nothing to do with Plaintiff, the Voyager Platform, or the Voyager Customer Agreement, which is not reasonable or proportional to the need for discovery in

1

response to Voyager LTD's motion to compel arbitration and to dismiss for lack of personal jurisdiction.

These definitions also bring Voyager Digital LLC ("Voyager LLC") within the scope of requests to Voyager LTD and render the separate interrogatories to each Defendant entirely duplicative. To avoid duplication, where interrogatories primarily concern the business or activities of Voyager LLC, Voyager LTD will rely on Voyager LLC's response except to the extent it has any different or supplemental response on behalf of Voyager LTD.

**"Voyager Platform":** Voyager LTD objects to the definition of this term as it incorrectly attributes the Voyager mobile application to both Voyager LLC and Voyager LTD. The Voyager Platform is operated by Voyager LLC.

**"Nationwide Class Members" and "Florida Class Members":** Voyager LTD objects to these definitions on the grounds that no class has been certified in this action.

**Time Period Specified**: Voyager LTD objects to Plaintiff's Requests to the extent that they request information for the period from January 1, 2019 to the present, as this predates Plaintiff's March 2021 use of the Voyager Platform by more than two years. As such, it is overly broad and not proportional to the need for discovery in response to Defendants' motion to compel arbitration and to dismiss the case.  Unless otherwise specified below, Voyager LTD will construe the Requests to cover the time period from January 1, 2021 (more than two months before Plaintiff first opened his account in March 2021), to March 12, 2022.

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify and explain whether either You took any action towards Plaintiff's Voyager account after this case was filed, that would have any impact to cancel, restrict and/or affect use of his account, including on what date that decision was made, how the action was effectuated, and all reasons why the action was effectuated.

2

**OBJECTION:** Voyager LTD will respond to Interrogatory No. 1, relying on Voyager LLC's response and providing any different or supplemental response on behalf of Voyager LTD, if applicable.

**ANSWER:** Voyager LTD does not operate the Voyager Platform and does not take any actions towards users or their accounts. To the extent an Answer is required relating to the activities of Voyager LLC, Voyager LTD refers Plaintiff to Voyager LLC's response to Interrogatory No. 1.

**INTERROGATORY NO. 2:** Identify and explain what version of the Customer Agreement You contend applies to Plaintiff's claims in this action, when and how Plaintiff was given notice of that version of the Customer Agreement, and when and how You contend Plaintiff manifested his consent to be bound by that version of the Customer Agreement.

**OBJECTION:** Voyager LTD will respond to Interrogatory No. 2, relying on Voyager LLC's response and providing any different or supplemental response on behalf of Voyager LTD, if applicable.

**ANSWER:** Voyager LTD refers Plaintiff to Voyager LLC's response to Interrogatory No. 2. For the avoidance of doubt, Voyager LTD does not operate the Voyager Platform and does not take any actions towards users or their accounts.

**INTERROGATORY NO. 3:** Explain why You believe that Plaintiff's relationship with You is not bound to any FINRA regulations, including, but not limited to, relating to arbitration.

**OBJECTION:** Voyager LTD will respond to Interrogatory No. 3.

**ANSWER:** Voyager LTD is not a member of FINRA and is not subject to FINRA regulations, as it is not engaged in activities that would trigger classification as one of the three types of entities regulated by FINRA, as defined by FINRA. *See* https://www.finra.org/about/firms-we-regulate.

**INTERROGATORY NO. 4:** Identify (i) every (different) Customer Agreement between Voyager and users of the Voyager Platform from January 1, 2019 to the present; (ii) when You contend each version of the Customer Agreement was effective; (iii) whether notification of each revision to the Customer Agreement was given to users of the Voyager Platform; (iv) in what manner such notification was given to users of the Voyager Platform; (v) when such notification was given to users of the Voyager Platform; and (vi) when and how You contend the users manifested their consent to be bound by each version of the Customer Agreement.

**OBJECTION:** Voyager LTD will respond to Interrogatory No. 4, relying on Voyager LLC's response and providing any different or supplemental response on behalf of Voyager LTD, if applicable.

**ANSWER:** Voyager LTD refers Plaintiff to Voyager LLC's response to Interrogatory No. 4. For the avoidance of doubt, Voyager LTD does not operate the Voyager Platform and does not take any actions towards users or their accounts.

**INTERROGATORY NO. 5:** Identify, by name, position, and contact, the individuals at Voyager who are responsible for handling matters relating to arbitration.

**OBJECTION:** Voyager LTD will respond to Interrogatory No. 5.

**ANSWER:** Aside from the instant action, there have been no matters relating to arbitration involving Voyager LTD. David Brosgol is the General Counsel of Voyager LTD.

**INTERROGATORY NO. 6:** Identify all lawsuits and arbitration (in any forum, including but not limited to, FINRA, AAA, [JAMS], etc.) demands made by current or former users against Voyager. For each, state: the caption of the case or matter (the parties, the case number, the court or forum that heard the matter), the date the demand was lodged and/or the case was filed, a brief statement summarizing the allegations and how the matter was resolved.

**OBJECTION:** Voyager LTD objects to this interrogatory insofar as it calls for confidential information concerning unrelated proceedings and personal identifying information of third parties that is not relevant to Plaintiff's agreement to arbitrate or to the lack of personal jurisdiction over Voyager LTD in this action. Voyager LTD's response will be limited to

4

information sufficient to identify the number of lawsuits and arbitrations filed and the forums in which they were filed, by current or former users of the Voyager Platform, against Voyager LTD.

**ANSWER:** Aside from the instant action, none.

**INTERROGATORY NO. 7:** Identify all lawsuits and arbitration (in any forum, including but not limited to, FINRA, AAA, [JAMS], etc.) demands initiated by Voyager against current or former users. For each, state: the caption of the case or matter (the parties, the case number, the court or forum that heard the matter), the date the demand was lodged and/or the case was filed, a brief statement summarizing the allegations and how the matter was resolved.

**OBJECTION:** Voyager LTD objects to this interrogatory insofar as it calls for confidential information of third parties that is not relevant to the Plaintiff's agreement to arbitrate or to the lack of personal jurisdiction over Voyager LTD in this action. Voyager LTD's response will be limited to information sufficient to identify the number of lawsuits and arbitrations filed and the forums in which they were filed, by Voyager LTD.

**ANSWER:** None.

**INTERROGATORY NO. 8:** Identify "all available markets to which Voyager has access" as stated in https://www.investvoyager.com/blog/passion-for-product-trading/, including but not limited to where those markets are located and where users are located for whom Voyager places trades on those markets.

**OBJECTION:** Voyager LTD objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated March 3, 2022 [ECF No. 36], which limits discovery to "jurisdictional and arbitration-related discovery requests." *Id*. at 6. Specifically, asking Voyager LTD to identify "all markets" regardless of location, and to include any affiliate or Voyager LTD, seeks merits discovery about business methods, which is beyond the

permissible scope of discovery at this stage. *Id*. Voyager LTD's response will be limited to information sufficient to identify markets to which Voyager LTD has access in Florida

**ANSWER:** Voyager LTD does not operate the Voyager Platform, which the cited link refers to, and does not access any markets to place trades for users.

**INTERROGATORY NO. 9:** Identify the total revenue that Voyager has received as a result of the transactions completed using the Voyager Platform, stating the amount per quarter from January 1, 2019 to the present, and explain how much revenue is derived from "spread revenue and interest revenue," as well as how "Voyager executes trades and captures spread revenue in both up and down markets," and identify and explain how Your "Rewards paid to customers" went from approximately $1,540,000 in the six month period ending December 31, 2020, to approximately $122,693,000 in the six month period ending December 31, 2021, including the breakdown for revenues by state, including specifically the state of Florida. *See* Steve Ehrlich's remarks in the Transcript of March 1, 2021 Earnings Call; *see also* Voyager Digital LTD. Management's Discussion and Analysis for the quarter ending December 31, 2021, dated February 14, 2022.

**OBJECTION:** Voyager LTD objects to this interrogatory as outside the scope of discovery permitted by the Court's Order dated March 3, 2022 [ECF No. 36], which limits discovery to "jurisdictional and arbitration-related discovery requests." *Id*. at 6. This interrogatory seeks information about the Voyager Platform and how it generates revenue and executes trades, which is beyond the permissible scope of discovery at this stage. *Id*.

**INTERROGATORY NO. 10:** Identify all persons, entities, or Related Entity that has partnered with or entered into any Contracts or Agreements with You in the state of Florida, including a brief description of each entity's role.

**OBJECTION:** Voyager LTD will respond identifying any persons or entities known to be in Florida that have entered into agreements with Voyager LTD concerning the Voyager Platform. Voyager LTD objects to the extent the interrogatory seeks information concerning contracts or agreements with entities other than Voyager LTD, or unrelated to the Voyager Platform, as calling for confidential information concerning third parties and outside the scope

6

of discovery reasonably related to responding to Defendants' motion to compel arbitration and to dismiss Voyager LTD for lack of personal jurisdiction, for which discovery was permitted by the Court's Order dated March 3, 2022 [ECF No. 36]. The request for such contracts and agreements delves into the merits of the business beyond the permissible scope of discovery at this stage. *Id.*

  **ANSWER:** Voyager LTD has conducted a reasonable inquiry and has not identified any contracts or agreements between Voyager LTD and entities known to be in Florida concerning the Voyager Platform.

Dated: March 28, 2022                               Respectfully submitted,

By: /s/ Gavin C. Gaukroger
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600

*Attorneys for Defendants*

## VERIFICATION

      I, Brian Nistler, on behalf of Voyager Digital LTD, do hereby verify pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America that the facts set forth in the foregoing Responses to Plaintiff's Interrogatories Regarding Personal Jurisdiction and Arbitration are true and correct to the best of my knowledge, information, and belief. I am authorized to make and am making this Verification on behalf of Defendant Voyager Digital LTD.

Dated: March 28, 2022

                                                                             */s/ Brian Nistler*
                                                                             Brian Nistler

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of March, 2022, a true and correct copy of the foregoing document has been furnished via email to counsel of record identified below.

*/s/ Gavin S. Gaukroger*
Gavin S. Gaukroger

**SERVICE LIST**

Adam Moskowitz
adam@moskowitz-law.com
Joseph M. Kaye
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
THE MOSKOWITZ LAW FIRM, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

Stuart Z. Grossman
szg@grossmanroth.com
Rachel W. Furst
rwf@grossmanroth.com
GROSSMAN ROTH YAFFA COHEN, P.A.
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Telephone: (305) 442-8666

*Attorneys for Plaintiff
Mark Cassidy*