UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

VOYAGER DIGITAL LTD, and
VOYAGER DIGITAL LLC

    Defendants.
_____/

**PLAINTIFF'S EXPEDITED MOTION TO CLARIFY BRIEFING SCHEDULE ON MOTION TO DISMISS PENDING APPOINTMENT OF LEAD PLAINTIFF/COUNSEL AND FILING CONSOLIDATED AMENDED COMPLAINT**

    Plaintiff, pursuant to Local Rule 7.1(d)(2), respectfully moves the Court on an expedited basis, to simply clarify for the Parties, an important procedural issue as to whether to stay briefing on Defendants' PSLRA related arguments in their Motion to Compel [ECF No. 54] (the "Motion to Compel"), — other than the main issue of arbitration.  Plaintiffs respectfully want to make sure to comply with the PSLRA (if necessary), as Defendants originally demanded for the appointment of Lead Plaintiff and Lead Counsel in accordance with 15 U.S.C. § 77z-1 (the "PSLRA").

    Plaintiff respectfully seeks an expedited order, on or before Wednesday, May 25, 2022, because (1) Plaintiff currently has until May 30, 2022 to file a full response to the Motion to Compel; (2) the statutory period for any putative class member to seek appointment as Lead Plaintiff does not run until July 11, 2022; (3) Defendants' *only* basis for seeking dismissal of Plaintiffs' non-securities claims (i.e., Counts 3 and 4 of the Amended Complaint, *see* [ECF No. 46]) is that they are subject to an arbitration provision that Plaintiff will illustrate is **entirely unenforceable** (including specifically the delegation provision) due to a complete lack of mutuality, *see Bielski v. Coinbase, Inc.*, C 21-07478 WHA, 2022 WL 1062049 (N.D. Cal. Apr. 8, 2022) (Alsup, J.); (4) Undersigned Counsel has already been retained by other Plaintiff Investors, who are going to join in our current Plaintiff's timely moving for appointment as Lead Plaintiff; and (5) requiring briefing on the motion to dismiss, as it pertains only to the federal securities

1

claim, before official appointment of a Lead Plaintiff (and possible filing of a consolidated Amended Complaint) might be procedurally inappropriate. In support thereof, Plaintiff states:

After Plaintiff filed his Amended Complaint to include state and federal securities claims against Defendant, Voyager Digital LTD ("Voyager"), for the offer and sale of unregistered securities, Plaintiff served discovery and moved for certification of a liability issue class on whether Voyager's Earn Program Accounts constitute an unregistered security, [ECF No. 47]. Voyager's counsel emailed Plaintiff's counsel to confer regarding its intention to move to stay the class certification motion and discovery, stating that such actions were "automatically stayed pending a motion to dismiss under the Private Securities Litigation Reform Act ("PSLRA"). *See* 15 U.S. Code § 77z-1(b)" *See* **Exhibit A** (email chain between the parties' counsel).

Throughout the conferral process, Defendants maintained and demanded that certain actions "cannot occur until after the resolution of the threshold motions, on account of . . . the FAA and the PSLRA" and certainly not **"without first abiding by the procedures mandated by the PSLRA for selection of a lead plaintiff."** *Id*.

As a result of Defendants' insistence, on May 11, 2022, Plaintiff "caused to be published, in a widely circulated national business-oriented publication or wire service," a notice in compliance with the requirements of 15 U.S.C. 77z-1(a)(3)(A)(i). *See* **Exhibit B**. Thus, "any member of the purported class may move the court to serve as lead plaintiff of the purported class" on or before July 11, 2022. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). Plaintiff's counsel has already been retained by numerous other class investors that collectively invested hundreds of thousands of dollars into Voyager's EPAs, and who intend to timely move, along with Mr. Cassidy, as a "group of persons" seeking appointment as Lead Plaintiff in this matter.

Rather than allow this process to unfold as agreed, which Defendants acknowledge is "the ordinary course in cases subject to the . . . PSLRA," Ex. A, Defendants just informed Plaintiff that they have changed their minds, and now insist we press forward with briefing all of their Motion to Compel (including the PSLRA claims) and try to dismiss this action, before any other users can seek to enforce their rights against for violations of state and federal law.

Plaintiff can and will certainly brief any and all issues, but as one district court aptly explained:

> Irrespective of whether, as defendants contend, the Court has the power to entertain the motions to dismiss prior to the appointment of a lead plaintiff under the PSLRA, such a tack is not prudent here. I find the interests of efficiency and the orderly

>administration of this case militate in favor of postponing the motions to dismiss.
>
>The PSLRA requires that the Court consider lead plaintiff motions and appoint a lead plaintiff no later than 90 days after published notice of the case or, if any party seeks consolidation, then as soon as practicable after deciding the consolidation issue. 15 U.S.C. § 77z–1(a)(3)(B)(i)–(ii) (2006). In this case, plaintiff Chau reports that lead plaintiff motions are due by the end of the day on April 20, 2009. The 90–day deadline by which the PSLRA requires the lead plaintiff decision to be made appears to be May 20, 2009. Thus, if the Court were to allow briefing of the motions to dismiss to proceed simultaneously with the lead plaintiff motions, the chances of conflict would be significant.

*Chau v. Intrepid Potash, Inc.*, No. CIV.A. 09-CV-00320PA, 2009 WL 902408, at *2 (D. Colo. Apr. 1, 2009) (granting motion to stay motion to dismiss pending appointment of lead plaintiff and the filing of a consolidated amended complaint). Thus, the Court may want to stay Defendants' Motion to Dismiss, solely as it attacks Counts 1 and 2 of the Amended Complaint, which are subject to the PSLRA, as doing so before the Court entertains any motions for appointment of Lead Plaintiff(s) may be premature and "the interests of efficiency and the orderly administration of this case militate in favor of postponing the motion to dismiss." *Id.*, at *2.[1]

Plaintiff respectfully suggests that briefing should proceed on Defendant Voyager Digital LLC's arguments that Counts 3 and 4 of the Amended Complaint, as this Court has done under similar circumstances, where an action involves claims both subject and not subject to the PSLRA. *See, e.g., In re: January 2021 Short Squeeze Trading Litigation*, No. 21-2989-MDL-ALTONAGA/Torres (requiring parties to follow provisions of the PSLRA for certain claims).

## CONCLUSION

**WHEREFORE**, Plaintiff are certainly ready and willing to respond to all of Defendants' arguments in the Motion to Dismiss, but respectfully requests the Court decide whether to grant Plaintiff's Expedited Motion on or before Wednesday, May 25, 2022, and enter the proposed order attached as **Exhibit C**, or instruct Plaintiff to respond to all of the allegations, in such other form as the Court deems appropriate.

---

[1] As Plaintiff will explain in briefing, Defendants are incorrect that Plaintiff's federal claim is time-barred because the statute of limitations relates back to the original complaint, filed on December 24, 2021, and Plaintiff certainly has standing to assert the federal claim because he incurred economic losses through his investment in the EPAs, *see* ECF No. 47-1, ¶ 3. Further, these arguments do not apply to counts 2-4 of the Amended Complaint.

3

## **LOCAL RULE 7.1(a)(3) CERTIFICATION**

Plaintiff's Counsel certifies they have conferred with Voyager's Counsel to discuss the motion in accordance with Local Rule 7.1(a)(3)in a good faith effort to resolve the motion, and were informed Voyager opposes the motion. *See* Ex. A.

Dated: May 20, 2022

Respectfully submitted,

By: /s/ *Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: /s/ *Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
szg@grossmanroth.com
Rachel W. Furst
Florida Bar No. 45155
rwf@grossmanroth.com
Ryan J. Yaffa
Florida Bar No. 1026131
rjy@grossmanroth.com
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Office: 305-442-8666

*Co-Counsel for Plaintiff and the Class*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the forgoing was filed on May 20, 2022, with the Court via CM/ECF system, which will send notification of such filing to all attorneys of record.

By: /s/ *Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280
