# Exhibit A

| | |
|---|---|
| **From:** | Sadeghi, Kayvan B. |
| **To:** | Adam Moskowitz; Gavin Gaukroger; Joseph Kaye |
| **Cc:** | Barbara C. Lewis; Rejane Passos; Dione Iturria; Rachel W. Furst; Stuart Grossman; Giovanna Spargo; Nicole Leon; Cervantes, Sara E.; Ross, Michael W.; Luis Torres; Ryan J. Yaffa |
| **Subject:** | Re: Cassidy v. Voyager Digital LTD et al. |
| **Date:** | Thursday, May 19, 2022 6:17:38 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png<br>image005.png<br>image006.png |

Adam,

Your email mischaracterizes my prior emails and we do not agree to your proposal. It came as no surprise to you that we raised substantive arguments moving to dismiss the new claims in the amended complaint. In moving for a May 16 consolidated briefing schedule, we were explicit that our motion to dismiss would "go beyond . . . the jurisdictional defects raised in the prior motion because the new securities claims are subject to dismissal on additional grounds." *See* ECF No. 48, Par. 7. It is also worth noting that we raised that issue with you before we filed our request for the May 16 briefing schedule and you refused even the courtesy of even an eight day extension.

The Court granted our requested extension for the very reason that we would be making additional arguments in response to the new claims; with that in mind the Court ordered a response to that anticipated motion in the time provided for under the rules; and the Court granted you a brief of 30 pages. *See* ECF No. 50. If you now would like to request a few additional days, as a courtesy, we would not oppose that limited request.

We do not see any cause in your email for a material deviation from the Court's Order, however, nor for putting off resolution of the issues raised in our motion. The PSLRA provides a stay pending a motion to dismiss that stays the discovery you sought, the class certification motion you brought, and the summary judgment motion you threatened. It does not stay a motion to dismiss and it is not more efficient to consider the different grounds for dismissal of Mr. Cassidy's claims piecemeal. If the Court agrees that Mr. Cassidy has failed to state a claim properly before this Court, the case should be dismissed. If you believe that the motion should not be granted because of the PSLRA, you have 30 pages to make that argument.

Regards,
Kayvan

---

**From:** Adam Moskowitz <Adam@moskowitz-law.com>
**Date:** Tuesday, May 17, 2022 at 10:01 PM
**To:** "Sadeghi, Kayvan B." <KSadeghi@jenner.com>, Gavin Gaukroger <ggaukroger@bergersingerman.com>, Joseph Kaye <joseph@moskowitz-law.com>
**Cc:** "Barbara C. Lewis" <barbara@moskowitz-law.com>, Rejane Passos <rejane@moskowitz-law.com>, Dione Iturria <Dione@moskowitz-law.com>, "Rachel W. Furst" <RWF@grossmanroth.com>, Stuart Grossman <SZG@grossmanroth.com>, Giovanna Spargo

<giovanna@moskowitz-law.com>, Nicole Leon <nicole@moskowitz-law.com>, "Cervantes, Sara E." <SCervantes@jenner.com>, "Ross, Michael W." <MRoss@jenner.com>, Luis Torres <LTorres@bergersingerman.com>, "Ryan J. Yaffa" <RJY@grossmanroth.com>
**Subject:** RE: Cassidy v. Voyager Digital LTD et al.

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**
Dear Kayvan: We have now reviewed your Motion to Dismiss, as well as your recent emails, and need to just clarify your position, so we can both coordinate and properly brief the pending issues and inform the Court accordingly. You stated to us in your emails that certain actions "cannot occur until after the resolution of the threshold motions, … the FAA and the PSLRA" and certainly "without first abiding by the procedures mandated by the PSLRA for selection of a lead plaintiff". However, at the same time, you presented substantive arguments in your Motion to Dismiss, regarding Plaintiff and his specific claims against Voyager Ltd., for just the sale of unregistered securities (i.e. Voyager Ltd. is not a "seller", Plaintiff did not suffer damages under the PSLRA, no personal jurisdiction over Voyager Ltd., etc.). Therefore, it appears that while we can certainly fully brief your arguments that all of the alleged claims require to be arbitrated, we also need to have the Court follow the "PSLRA for selection of a lead plaintiff" (as you insist), before we brief any of the substantive aspects of the alleged PSLRA claims. Please let us know by Thursday if you agree and we can prepare and file a Joint Motion respectfully requesting the Court follow such suggested briefing procedures. Thanks, Adam


Adam M. Moskowitz
The Moskowitz Law Firm
2 Alhambra Plaza
Suite 601
Coral Gables, Fl 33134
305.740.1423 main
786.309.9561 direct
adam@moskowitz-law.com<mailto:adam@moskowitz-law.com>
www.Moskowitz-Law.com<http://www.Moskowitz-Law.com>

---

**From:** Sadeghi, Kayvan B. <KSadeghi@jenner.com>
**Sent:** Tuesday, May 10, 2022 1:57 PM
**To:** Adam Moskowitz <Adam@moskowitz-law.com>; Gavin Gaukroger <ggaukroger@bergersingerman.com>; Joseph Kaye <joseph@moskowitz-law.com>
**Cc:** Barbara C. Lewis <barbara@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; Dione Iturria <Dione@moskowitz-law.com>; Rachel W. Furst <RWF@grossmanroth.com>; Stuart Grossman <SZG@grossmanroth.com>; Giovanna Spargo <giovanna@moskowitz-law.com>; Nicole Leon <nicole@moskowitz-law.com>; Cervantes, Sara E. <SCervantes@jenner.com>; Ross, Michael W. <MRoss@jenner.com>; Luis Torres <LTorres@bergersingerman.com>; Ryan J. Yaffa <RJY@grossmanroth.com>
**Subject:** RE: Cassidy v. Voyager Digital LTD et al. - Request to Meet and Confer

Adam,

Thank you for your email and your acknowledgement that both sides and the Court would be served by an orderly schedule.  That said, we do not agree with your proposal.  The threshold issues should be decided first to determine whether any claims are properly before the Court, and then a schedule may be set for further proceedings, if any.  That is consistent with the Court's prior scheduling order, and the ordinary course in cases subject to the FAA and the PSLRA.  If you are unwilling to agree, we will address the issue with the Court.

We do not agree that it makes sense for plaintiff to file motions for class certification and summary judgment now, with responses due just twenty days after the Court's decision on the threshold motion.  If the case remains in federal court—which we do not think it will or should—discovery would be needed before addressing your motion for class certification.  That discovery cannot occur until after the resolution of the threshold motions, on account of, among other things, two federal regimes, the FAA and the PSLRA.  We have not seen your summary judgment motion so cannot comment on that specifically, but we note that Local Rule 56.1 expressly prohibits the filing of multiple motions for partial summary judgment and you have not obtained prior permission from the Court to file such a motion.

Please confirm today whether you consent to or oppose our forthcoming motion to stay all substantive motion practice and discovery other than the threshold motion to compel arbitration and dismiss, including a stay of any briefing or discovery related to class certification or summary judgment, until such time as the Court rules on the forthcoming threshold dispositive motion and issues a new case scheduling order thereafter.  If you oppose that relief and insist on trying to set a deadline now for responses to your premature motions, we will file our motion to stay.

If it would be productive to discuss this further today, please let us know as soon as possible today.  We will send proposed redactions separately.

Regards,
Kayvan

---

**From:** Adam Moskowitz <Adam@moskowitz-law.com>
**Sent:** Monday, May 9, 2022 10:08 PM
**To:** Sadeghi, Kayvan B. <KSadeghi@jenner.com>; Gavin Gaukroger <ggaukroger@bergersingerman.com>; Joseph Kaye <joseph@moskowitz-law.com>
**Cc:** Barbara C. Lewis <barbara@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; Dione Iturria <Dione@moskowitz-law.com>; Rachel W. Furst <RWF@grossmanroth.com>; Stuart Grossman <SZG@grossmanroth.com>; Giovanna Spargo <giovanna@moskowitz-law.com>; Nicole Leon <nicole@moskowitz-law.com>; Cervantes, Sara E. <SCervantes@jenner.com>; Ross, Michael W. <MRoss@jenner.com>; Luis Torres <LTorres@bergersingerman.com>; Ryan J. Yaffa <RJY@grossmanroth.com>
**Subject:** RE: Cassidy v. Voyager Digital LTD et al. - Request to Meet and Confer

**External Email - Do Not Click Links or Attachments Unless You Know They Are Safe**

Thanks Kayvan. I know we will be able to agree upon your reasonable redactions for these few documents, so we look forward to your suggestions. I am confident we will get that done. The most important point is that the Court receives all unredacted copies.

I also think we should be able to agree among ourselves on a workable briefing plan. I know the Court would greatly appreciate if we can agree on a procedure that satisfies the main concerns/interests of all parties, while of course adhering to all of the applicable rules and orders.

We can certainly similarly ask you (the same question you ask of us) to explain to us why you believe, that all of our claims (including the state deceptive laws and sale of unregistered securities just against Voyager Ltd.) without asserting any other securities fraud claims and without naming Voyager LLC, are all clearly bound by all of the provisions of the PSLRA (including the selection of lead plaintiff), but that might just be game playing. The alleged facts and claims in this case are certainly fact specific and involve many different issues for the Court to decide.  We filed our Complaint almost 5 months ago, asserting claims only under the NJ and Florida state deceptive trade laws, you allege that an arbitration clause applies that you allege, our plaintiff signed only with Voyager LLC, and now we have taken discovery on those issues and have asserted claims for the sale of unregistered securities against Voyager Ltd..

We certainly have an interest in progressing our case (not just sitting back and allowing you to have many different attempts, and many months, to try and dismiss our case), but we also agree that we need organization and we know the Court will want to proceed in a manageable and organized fashion.

Our plan was to take the Court ordered discovery on arbitration and jurisdiction (completed), file our Amended Complaint (completed), file our Motion for Class Certification (completed), and file our Motion for Partial Summary Judgment on the Sale of Unregistered Claims (will be filed by next Tuesday).  But we certainly appreciate that it would be very helpful if the Court initially decides the issue of whether our Plaintiff must litigate all of his (and the proposed class) claims, against both Voyager Ltd. and Voyager LLC, before the AAA and/or before this Court.  As we stated, we now have many other Voyager clients and may certainly decide to amend (possibly by interlineation) if and when they are appropriately added (such as additional class representatives).

In the spirit of cooperation, and in an attempt to agree on an agreed structure, we propose the most efficient manner to proceed might be to ask the Court to first decide whether the one subject Arbitration Agreement (now that we have discovery on the Agreement) requires our Plaintiff to bring any and/or all of his asserted claims. against both Voyager Ltd. and/or Voyager LLC, before the AAA (you can also decide if you want the Court to first decide if there is jurisdiction over Voyager Ltd.) and we will agree to stay your response to: (1) the brief discovery we served on Voyager LLC, (2) the Motion for Class Certification, and (3) the soon to be filed Motion for Partial Summary Judgment,  until 20 days after the Court entered an Order on these issues.  Under that scenario, the Court can focus on the initial arbitration issue (and jurisdiction issues if you decide) and then our case can finally proceed on the merits.   Just let us know your thoughts regarding this proposal.
Thanks, Adam

Adam M. Moskowitz
The Moskowitz Law Firm
2 Alhambra Plaza
Suite 601
Coral Gables, Fl 33134
305.740.1423 main
786.309.9561 direct
adam@moskowitz-law.com<mailto:adam@moskowitz-law.com>
www.Moskowitz-Law.com<http://www.Moskowitz-Law.com>

**From:** Sadeghi, Kayvan B. <KSadeghi@jenner.com>
**Sent:** Monday, May 9, 2022 6:45 PM
**To:** Adam Moskowitz <Adam@moskowitz-law.com>; Gavin Gaukroger <ggaukroger@bergersingerman.com>; Joseph Kaye <joseph@moskowitz-law.com>
**Cc:** Barbara C. Lewis <barbara@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; Dione Iturria <Dione@moskowitz-law.com>; Rachel W. Furst <RWF@grossmanroth.com>; Stuart Grossman <SZG@grossmanroth.com>; Giovanna Spargo <giovanna@moskowitz-law.com>; Nicole Leon <nicole@moskowitz-law.com>; Cervantes, Sara E. <SCervantes@jenner.com>; Ross, Michael W. <MRoss@jenner.com>; Luis Torres <LTorres@bergersingerman.com>; Ryan J. Yaffa <RJY@grossmanroth.com>
**Subject:** RE: Cassidy v. Voyager Digital LTD et al. - Request to Meet and Confer

Adam and Joey,

We will get back to you with proposed redactions for the publicly filed documents and hope we can work that out cooperatively.

In addition to the reasons for a stay set forth in our prior stay motion, upon which the Court set aside all deadlines until the threshold arbitration and jurisdiction challenges are resolved, you now purport to add a federal securities class action. Accordingly, please explain your basis for asserting that your motion for class certification and all discovery are not automatically stayed pending a motion to dismiss under the Private Securities Litigation Reform Act ("PSLRA").  *See* 15 U.S. Code § 77z–1(b) (providing that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss").  Moreover, we do not understand your basis for asserting that you are entitled to bring a motion for class certification, and to request that the Court appoint Mr. Cassidy as Class Representative and you as Class Counsel, without first abiding by the procedures mandated by the PSLRA for selection of a lead plaintiff.

Please let us know whether you agree to withdraw the motion and discovery, and if not, when you are free to discuss tomorrow.

Regards,
Kayvan

**From:** Adam Moskowitz <Adam@moskowitz-law.com>
**Sent:** Monday, May 9, 2022 4:50 PM
**To:** Gavin Gaukroger <ggaukroger@bergersingerman.com>; Joseph Kaye <joseph@moskowitz-law.com>
**Cc:** Barbara C. Lewis <barbara@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; Dione Iturria <Dione@moskowitz-law.com>; Rachel W. Furst <RWF@grossmanroth.com>; Stuart Grossman <SZG@grossmanroth.com>; Giovanna Spargo <giovanna@moskowitz-law.com>; Nicole Leon <nicole@moskowitz-law.com>; Sadeghi, Kayvan B. <KSadeghi@jenner.com>; Cervantes, Sara E. <SCervantes@jenner.com>; Ross, Michael W. <MRoss@jenner.com>; Luis Torres <LTorres@bergersingerman.com>; Ryan J. Yaffa <RJY@grossmanroth.com>
**Subject:** RE: Cassidy v. Voyager Digital LTD et al. - Request to Meet and Confer

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Thanks as always Gavin and Kayvan, let me start with your second issue first.

Now that the document issue has been referred to Judge Torres, I think we should be able to resolve any issues. The reason we previously asked you to explain what specific information you contend is "Confidential", is so that we can all comply with the existing Confidentiality Order, which prohibits a blanket stamp of "CONFIDNTIAL", but instead specifically requires you to redact only that specific information which you have a "good faith" basis to claim is proprietary or confidential. That is why a meet and confer is really essential here and why details are important. For example, we have no objection to agreeing with you to redact the specific email addresses and/or account numbers for any other non-plaintiff Voyager victims (we consent to the information from our client). As we requested previously, please just send us your proposed specific redactions, and we are glad to see if we can reach an agreement quickly. We cannot imagine every bit of information on each of the 6 documents are "confidential", so please just send us an email that identifies each document and specifically what parts of the document you want to be redacted. We are happy to attempt this process, without waiving our argument that you failed to object anywhere on the record that this is confidential information, during all 3 of the depositions, where we specifically cited and discussed these materials and information. Moreover, as long as the Court (who in many cases refuse to seal information) does not object to our agreed requests, we are open to consider any of your suggestions, in that we can certainly file the unredacted versions with just the Court going forward (where appropriate).

Second, we explained that under the law and the federal rules, we believe there is no basis to prevent the filing of a motion for class certification, even while a motion to dismiss is pending. Please share with us any law to the contrary. That does not mean that we could not possibly agree with you on the applicable timing (again subject to the Court's agreement), such that the Court could first rule on the motions to compel arbitration, before they rule on the motion for class certification (and/or any other motions we may file in the interim). Please just send us your position and after we review your proposal, we can conduct a quick meet and confer this week.

Finally as to the limited discovery that we served on only Voyager Ltd., we should also be able to

reach an agreement on the issue, as we are all cooperating together and that issue will also be before Judge Torres.  This case has been pending for many months, so we do need to move it along as far as our allegations and claims.  The Court's Order denying your original Motion to Stay, took a peak at the merits and the claims and we all agree that there is no specific Arbitration Agreement that was ever signed directly between Plaintiff and Voayger Ltd. (the only party that we are seeking discovery), but we may be able to agree that you will provide responses to the RFP, and set a specific date for the 30(b) depositon, maybe X number of days after the court rules on the arbitration issue.  On the other hand, that discovery will still be helpful and applicable wherever we end up litigating these claims, so they might still behelpful.

Please just let us know any reasonable proposal quickly, so we can talk in the next few days and see what if we can resovle these issues and you can certainly raise what is left with the Court.  We know you want to handle these issues quickly.

On our end, we are still waiting for just that limited information that the deponents said we could be provided "quickly", which were simply: (1) the same Chart of Florida revenues that you provided to us for the year 2021, but also for the years 2019, 2020 and up to date for this year, and (2) the specific number of Voyager Platform Interest Accounts for Florida residents.  Thanks, Adam


Adam M. Moskowitz
The Moskowitz Law Firm
2 Alhambra Plaza
Suite 601
Coral Gables, Fl 33134
305.740.1423 main
786.309.9561 direct
adam@moskowitz-law.com<mailto:adam@moskowitz-law.com>
www.Moskowitz-Law.com<http://www.Moskowitz-Law.com>

---

**From:** Gavin Gaukroger <ggaukroger@bergersingerman.com>
**Sent:** Monday, May 9, 2022 3:38 PM
**To:** Adam Moskowitz <Adam@moskowitz-law.com>; Joseph Kaye <joseph@moskowitz-law.com>
**Cc:** Barbara C. Lewis <barbara@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; Dione Iturria <Dione@moskowitz-law.com>; Rachel W. Furst <RWF@grossmanroth.com>; Stuart Grossman <SZG@grossmanroth.com>; Giovanna Spargo <giovanna@moskowitz-law.com>; Nicole Leon <nicole@moskowitz-law.com>; Sadeghi, Kayvan B. <KSadeghi@jenner.com>; Cervantes, Sara E. <SCervantes@jenner.com>; Ross, Michael W. <MRoss@jenner.com>; Luis Torres <LTorres@bergersingerman.com>
**Subject:** RE: Cassidy v. Voyager Digital LTD et al. - Request to Meet and Confer

Dear Adam and Joey,

Defendants intend to move to stay the motion for class certification and the new discovery.  Please let us know today if you will agree to withdraw the Rule 30(b)(6) notice and the new requests for

production served Wednesday, May 4, 2022 (see attached for reference).  If you do not agree, please let us know so we can inform the Court that you oppose the relief Defendants seek.

Separately, we intend to request a hearing before Judge Torres on the Plaintiff's violations of the Stipulated Protective Order.  We will be requesting the hearing to be by phone or Zoom given current COVID infection and existing out of state travel commitments of Defendants' counsel team.  Please let us know if you will reconsider your position with respect to the publicly filed "Confidential" documents. Otherwise, we will contact Judge Torres' chambers for the hearing.  We will request the hearing to be set this Thursday. Please confirm your availability.  We remain interested in meeting and conferring on this matter, if you wish to seek to resolve it short of court intervention.

Thank you,
Gavin



**Gavin Gaukroger**
D: (954)712-5156 | M: (561)931-9065
bergersingerman.com

**From:** Adam Moskowitz <Adam@moskowitz-law.com>
**Sent:** Monday, May 2, 2022 2:27 PM
**To:** Gavin Gaukroger <ggaukroger@bergersingerman.com>
**Cc:** Joseph Kaye <joseph@moskowitz-law.com>; Barbara C. Lewis <barbara@moskowitz-law.com>; Rejane Passos <rejane@moskowitz-law.com>; Dione Iturria <Dione@moskowitz-law.com>; Rachel W. Furst <RWF@grossmanroth.com>; Stuart Grossman <SZG@grossmanroth.com>; Giovanna Spargo <giovanna@moskowitz-law.com>; Nicole Leon <nicole@moskowitz-law.com>; Sadeghi, Kayvan B. <KSadeghi@jenner.com>; Cervantes, Sara E. <SCervantes@jenner.com>; Ross, Michael W. <MRoss@jenner.com>; Luis Torres <LTorres@bergersingerman.com>
**Subject:** Re: Cassidy v. Voyager Digital LTD et al. - Request to Meet and Confer

[External E-mail]

Thanks Gavin. We are glad to meet and confer on any issue, but cannot do this afternoon, we have other plans. We are good to talk tomorrow (Tuesday) anytime from 2pm- 4pm, or Wednesday anytime besides 1pm-2pm. Just let us know. Thanks, Adam

Sent from my iPhone

> On May 2, 2022, at 1:10 PM, Gavin Gaukroger <ggaukroger@bergersingerman.com> wrote:
>
> Dear Plaintiff's Counsel:
>
> We would like to meet and confer with you today at 5:00 PM or 6:00 PM ET to discuss:

1. Your filing of "Confidential" documents as exhibits to the Amended Complaint without meeting and conferring and without filing under seal; and
2. The timing and page limits for Defendants' response(s) to the Amended Complaint.

Please advise as to your availability late this afternoon/evening to discuss these matters with us.

Thank you,
Gavin Gaukroger



**Gavin Gaukroger**
**Berger Singerman** *Florida's Business Law Firm*
201 East Las Olas Boulevard | Suite 1500 | Fort Lauderdale, FL 33301
D: (954)712-5156 | M: (561)931-9065
bergersingerman.com

**\*\*Please note our new Fort Lauderdale office address above.\*\***

Please consider the environment before printing.

This transmission is intended to be delivered only to the named addressee(s) and may contain information that is confidential, proprietary, attorney work-product or attorney-client privileged. If this information is received by anyone other than the named and intended addressee(s), the recipient should immediately notify the sender by E-MAIL and by telephone at the phone number of the sender listed on the email and obtain instructions as to the disposal of the transmitted material. In no event shall this material be read, used, copied, reproduced, stored or retained by anyone other than the named addressee(s), except with the express consent of the sender or the named addressee(s). Thank you.
*************************************************************************************

## Kayvan B. Sadeghi

**Jenner & Block LLP**
1155 Avenue of the Americas, New York, NY 10036-2711  |  jenner.com
+1 212 891 1652 | TEL
+1 718 594 2837 | MOBILE
KSadeghi@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.