UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S EXPEDITED MOTION TO CLARIFY BRIEFING SCHEDULE ON MOTION TO DISMISS PENDING APPOINTMENT OF LEAD PLAINTIFF/COUNSEL AND FILING CONSOLIDATED AMENDED COMPLAINT**

Defendants Voyager Digital Ltd. ("Voyager Ltd") and Voyager Digital, LLC ("Voyager LLC", and collectively with Voyager Ltd, "Defendants") submit this response in opposition to Plaintiff's Expedited Motion to Clarify Briefing Schedule on Motion to Dismiss Pending Appointment of Lead Plaintiff/Counsel and Filing Consolidated Amended Complaint ("Motion") (ECF No. 55).

Plaintiff's motion for "clarification" should be denied because: (i) there is nothing to clarify in the Court's prior orders; (ii) the Private Securities Litigation Reform Act ("PSLRA") does not stay the motion to dismiss; and (iii) this Court lacks jurisdiction over this entire case for the reasons set forth in Defendants' motion to dismiss, and it is not more efficient to address those issues piecemeal or to preside over further proceedings in a case not properly before this Court.

Defendants have moved to compel arbitration of all Mr. Cassidy's claims in this action. Plaintiff now asks the Court to rule on motion to compel arbitration only for Claims I and II and

to address the motion to compel arbitration of Claims III and IV later. That makes no sense, as all the claims are subject to the same arbitration agreement. It also does not make sense to postpone ruling on the motion to dismiss for lack of personal jurisdiction over Voyager Ltd, for which Mr. Cassidy already took discovery, nor to postpone ruling on the other grounds for dismissal that implicate threshold issues of the Court's jurisdiction and Plaintiff's standing.

The timing of Plaintiff's request is also transparent gamesmanship. Plaintiff amended his complaint, insisted that Defendants respond to this complaint, and refused to consent to even a modest extension of a few days for Defendants' to respond, asserting that new substantive grounds for dismissal were no basis to modify the schedule at all.

Plaintiff went so far as to move for certification of a class and appointment as class representative, (ECF No. 47). That motion was improper and asked the Court to ignore and directly contravene the PSLRA's lead plaintiff selection process, and the Court rightly denied it. But the PSLRA says nothing about staying a motion to dismiss.

Defendants' motion to compel arbitration and to dismiss is likely to resolve this case in its entirety, and it does not make sense to consider it piecemeal. The threshold issues of whether this Court lacks subject matter jurisdiction because all Mr. Cassidy's claims must be compelled to arbitration, whether this Court lacks jurisdiction over Voyager Digital Ltd, and whether Plaintiff lacks standing and fails to state a claim under the securities laws, are ripe for resolution. Whether some other hypothetical plaintiff might have some as-yet unasserted claim is no basis to relieve this Plaintiff of his obligation to respond to the pending motion to dismiss his claims.

**I.      THE COURT'S ORDERS NEED NO CLARIFICATION.**

There is nothing to clarify and no cause for the Court to disturb its Order setting the briefing schedule for resolving Defendants' Motion to Dismiss (ECF No. 50). The Court's Order clearly

establishes that Plaintiff's must respond to Defendants' consolidated motion to dismiss the complaint by May 20, 2022. *See* ECF No. 50.[1]

Defendants moved for a consolidated briefing schedule specifically because the motion would address **both** the motion to compel arbitration of all claims, **in addition to** a motion to dismiss the new claims on jurisdictional and additional substantive grounds. *See* ECF No. 48, Par. 7 (noting that the consolidated motion would "go beyond . . . the jurisdictional defects raised in the prior motion because the new securities claims are subject to dismissal on additional grounds").[2]

In granting a consolidated schedule for that motion, the Court expressly acknowledged that Defendants would brief and argue a substantive motion to dismiss the new claims. *See* ECF No. 50, at 2 ("Defendants also seek dismissal of the Amended Complaint's new claims on grounds that go beyond the jurisdictional defects cited in their original Motion to Dismiss . . . ."). The Court's Order clearly granted Plaintiff 30 pages to respond to that consolidated motion in the time set forth under the rules. *See* ECF No. 50, at 2 ("The response and reply memoranda are due within the times permitted by the Local Rules. Plaintiff's responsive memorandum shall not exceed 30 pages."). In short, it was clear from the outset that the current briefing schedule contemplated new substantive grounds to dismiss the securities claims. There is simply no ambiguity in that Order and no cause for clarification.

---

[1] Defendants have no objection to a courtesy extension of a few days, but object to splitting the motion to dismiss and considering it piecemeal.

[2] It is also worth noting that Plaintiff opposed Defendants' request for a modest eight-day extension of time to file their motion to dismiss the new claims and took the position that Defendants' motion to dismiss the new securities claims on additional substantive grounds was no basis to depart from the original schedule at all. *See* ECF No. 49 at n.1 (making clear that Plaintiff "opposed" the request and asserting that it was inaccurate to state simply that he did not consent). Only now that the burden is on Plaintiff to respond does he find that the schedule no longer suits him, causing him to seek an extended stay of his time to respond in the guise of "clarification."

Plaintiff's feigned confusion is also based on a misleading recitation of the parties' correspondence. Contrary to Plaintiff's motion, Defendants never suggested that the motion to dismiss should be stayed. Defendants have always maintained that this case is not properly before this Court and that threshold issue is ripe for decision.

Defendants objected to Plaintiff's attempt to conduct *other* proceedings pending the motion to dismiss because those other proceedings—including Plaintiff's request for additional discovery, his untimely motion for class certification, and his threat to move for partial summary judgment—were each subject to an automatic stay. *See* ECF No. 55-1 at 3-4, 6. Defendants also noted that it was improper for Plaintiff to have moved for an order appointing him as representative for a class, without following the procedures outlined in the PSLRA. *See id.* at 6 ("Moreover, we do not understand your basis for asserting that you are entitled to bring a motion for class certification, and to request that the Court appoint Mr. Cassidy as Class Representative and you as Class Counsel, without first abiding by the procedures mandated by the PSLRA for selection of a lead plaintiff.").

At first, Plaintiff took the position that "there is no basis to prevent the filing of a motion for class certification, even while a motion to dismiss is pending." *Id.* at 7. After Defendants alerted Plaintiff to the requirements of the PSLRA, Plaintiff took the position that "it would be very helpful if the Court initially decides the issue of whether our Plaintiff must litigate all of his (and the proposed class) claims, against both Voyager Ltd and Voyager LLC, before the AAA and/or before this Court." *Id.* at 5.[3] Plaintiff had never suggested staying the motion to compel arbitration of all claims, until filing this motion.

---

[3] Plaintiff also acknowledges following the PSLRA's notice provisions only "[a]s a result of Defendants' insistence" (ECF No. 55 at 2), though one might have expected Plaintiff to follow the statutory requirements without Defendants' insistence.

4

## II. THE PLSRA DOES NOT STAY THE MOTION TO DISMISS.

The PSLRA does not stay consideration of a motion to dismiss. It stays other proceedings pending a motion to dismiss, providing that "[i]n any private action arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss[.]" 15 U.S.C. § 77z-1(b)(1).

Courts have properly decided threshold motions to dismiss prior to appointment of lead plaintiff, and noted that nothing in the PSLRA requires otherwise. For example, in *Parks v. Fairfax Fin. Holdings Ltd.*, No. 06 CV 2820 (GBD), 2010 WL 2346586, at *1n4 (S.D.N.Y. June 8, 2010), the court granted a motion to dismiss on jurisdictional grounds after a lead plaintiff was terminated and while motions to appoint a lead plaintiff were pending. The movants for lead plaintiff sought reconsideration, arguing that the court should have first ruled on motions to serve as lead plaintiff. The Court denied reconsideration, noting that "the movants have not cited any authority mandating that this Court rule upon the motions to serve as lead plaintiff before determining its jurisdiction over the parties and claims as alleged." *Id.* The court further noted that "'[u]ntil and unless a class is certified, the Court must treat this action as an individual action by plaintiff[s]." (*see id.*, citing *Sniado v. Bank Aus. AG,* 174 F. Supp. 2d 159, 163 (S.D.N.Y. 2001), *aff'd after remand* 378 F.3d 210 (2d Cir. 2004)), and that it is "well settled law that 'when a federal court lacks jurisdiction, the case must be stricken from the docket.'" *Id.*

Similarly, in *Jenkins v. iQIYI, Inc.*, No. 20-CV-02882-PJH, 2020 WL 3637628 (N.D. Cal. July 6, 2020), the court granted a motion to enforce a forum selection clause and transfer the case, prior to ruling on motions for appointment as lead plaintiff, and then terminated the "various pending motions for appointment as lead plaintiff and counsel without decision" because "the court will no longer retain jurisdiction of this action . . . ." *Id.* at *5.

5

### III. IT IS MORE EFFICIENT TO DECIDE DEFENDANTS' MOTION TO COMPEL ARBITRATION AND TO DISMISS IN ITS ENTIREY, NOT PIECEMEAL.

It makes little sense to divide claims and consider Defendants' motion to dismiss piecemeal. The motion to compel arbitration applies to all Mr. Cassidy's claims. The motion to dismiss Voyager Ltd has been fully briefed based on the discovery taken by this Plaintiff. The additional grounds to dismiss (including Plaintiff's lack of standing and the statute of limitations) are particular to this Plaintiff, but no other Plaintiff has come forward and this Plaintiff has indicated his intent to move for appointment as lead plaintiff (*see* ECF No. 55 at 1), so those threshold issues of whether this Plaintiff is properly before the Court will need to be addressed in any event.

The case relied upon by Plaintiff, *Chau v. Intrepid Potash, Inc.,* No. CIV.A. 09-CV-00320PA, 2009 WL 902408, at *2 (D. Colo. Apr. 1, 2009), does not suggest otherwise. There, the Court was considering whether briefing on a motion to dismiss should *begin* just 20 days before lead plaintiff motions were due, and where a decision on lead plaintiffs would be required before the motion to dismiss was likely to be fully submitted. *See id.*

Here, by contrast, Defendants' motion to dismiss is already on file after substantial discovery. The motion will be fully submitted well before motions to appoint lead plaintiff are due, much less decided, and if successful the motion to dismiss will moot any lead plaintiff motions as there will be no case or controversy remaining before the Court. *See Jenkins,* 2020 WL 3637628, at *5 (terminating pending motions for appointment as lead plaintiff without decision because "the court will no longer retain jurisdiction of this action"); *see also Kaszovitz v. Qiao Xing Universal Res., Inc.*, No. 12 CIV. 3745 RWS, 2012 WL 3224341, at *2 (S.D.N.Y. Aug. 7, 2012) (noting "there is no case or controversy presently before this Court, and this Court lacks jurisdiction to address the pending motions" for appointment of lead plaintiff and lead plaintiff's counsel). In

these circumstances, it is more efficient and more equitable to proceed with briefing as scheduled and not change course and require duplicative consideration of the motion based on the prospect of some hypothetical future plaintiff.

## CONCLUSION

For the foregoing reasons, the Court should deny the Plaintiff's Motion and proceed with the motion to dismiss pursuant to the schedule set forth in the Court's prior order.

Dated May 23, 2022                                  Respectfully submitted,


By: /s/ *Gavin C. Gaukroger*
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600

*Counsel for Defendants*