UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

VOYAGER DIGITAL LTD, and
VOYAGER DIGITAL LLC

    Defendants.
_____/

## PLAINTIFF'S BRIEF REPLY TO MOTION TO CLARIFY[1]

    Plaintiff submits this brief Reply to make a few, important corrections and clarifications to Defendants Response [ECF No. 57] to Plaintiffs' Motion to Clarify Briefing Schedule on Motion to Dismiss Pending Appointment of Lead Plaintiff/Counsel and Filing Consolidated Amended Complaint (the "Motion") [ECF No. 55].

    ***First,*** Defendants claim *Chau* merely considered "whether briefing on a motion to dismiss should *begin* just 20 days before lead plaintiff motions were due," and the issue was solely whether "a decision on lead plaintiffs would be required before the motion to dismiss was likely to be fully submitted." Response at 6 (emphasis in original). That misrepresents the procedural posture of *Chau* and the court's ruling. After a motion to dismiss was filed in *Chau*, plaintiffs moved to stay the motion to dismiss pending appointment of a lead plaintiff per the PSLRA. The court, in turn, ruled that the motions to dismiss were "STAYED pending the appointment of lead plaintiff ***and the filing of a consolidated complaint***. . . . If necessary, defendants may re-file their motions to dismiss ***after a consolidated complaint has been filed***." *Chau*, 2009 WL 902408, at *2 (emphasis added). The pertinent issue, then was whether "the interests of efficiency and the orderly administration of this case militate in favor of postponing the motions to dismiss," *id.*, at *2,

---

[1] The Court's order, [ECF No. 56], shortened the deadline for Defendants to file their opposition, but was silent regarding Plaintiff's reply. To the extent necessary, in an abundance of caution Plaintiff respectfully requests leave to file this foregoing brief reply.

because it was contemplated that additional plaintiffs would be joined into the proceeding and would travel under a different complaint than the motions to dismiss sought to attack.

Similarly in this case, as explained in the Motion (which Defendants chose to ignore in their Response), since the filing of the current complaint, "Plaintiff's counsel has already been retained by numerous other class investors that collectively invested hundreds of thousands of dollars into Voyager's EPAs, and who intend to timely move, along with Mr. Cassidy, as a 'group of persons' seeking appointment as Lead Plaintiff in this matter" on or before the July 11th deadline to do so. Motion, 2. Thus, this case stands in a very similar procedural posture to *Chau* such that the same considerations should militate in favor of granting Plaintiff's Motion.

**Second**, the few cases Defendants rely on for their argument that the Court should rush to resolve the Motion to Dismiss [ECF No. 50] *before* the PSLRA period has run are factually inapposite, and even a quick review of those cases support why Plaintiff's Motion should be granted. For example, *Parks v. Fairfax Fin. Holdings Ltd.*, No. 06 CV 2820 (GBD), 2010 WL 2346586 (S.D.N.Y. June 8, 2010), involved dismissing the **lead plaintiff's** securities fraud complaint—***after*** the PSLRA appointment process was already concluded—for lack of subject matter jurisdiction because foreign investor plaintiffs were suing a foreign defendant that did not trade securities on any U.S. exchange. *Jenkins v. iQIYI, Inc.*, No. 20-CV-02882-PJH, 2020 WL 3637628 (N.D. Cal. July 6, 2020), involved an **unopposed motion** to transfer a case pursuant to § 1404, and the Court **terminated**, but did not deny, the motions for appointment of lead plaintiff and counsel, and transferred case to a different federal district court for further proceedings. Finally, *Kaszovitz v. Qiao Xing Universal Res., Inc.*, 12 CIV. 3745 RWS, 2012 WL 3224341, at *4 (S.D.N.Y. Aug. 7, 2012), involved the court declining to entertain motions for appointment of lead plaintiff filed by putative class members *after* the plaintiff who filed the suit ***voluntarily dismissed*** the action, which divested the court of jurisdiction. The only case factually on point here is *Chau*, and even Defendants' own authority demonstrates that ruling on the Motion to Compel Arbitration and to Dismiss [ECF No. 50] in full before the appointment of lead plaintiff and counsel is certainly premature. The Court should grant Plaintiff's Motion.

**Third,** ruling on the Motion to Compel Arbitration as it pertains to just Counts 3 and 4 would necessarily decide the issue as applied to Counts 1 and 2. The only separate bases Defendants raise to compel arbitration as to the first two counts rely ***entirely*** on arguments that a non-party, non-signatory to an arbitration agreement should be entitled to enforce the arbitration

provision (because Defendants concede that there is no applicable agreement to arbitrate to which Defendant Voyager Digital LTD is a party). Should the Court resolve the motion to compel arbitration in Plaintiff's favor as to Counts 3 and 4—because the provision is ***entirely unenforceable*** (including specifically the delegation provision) due to a complete lack of mutuality, *see Bielski v. Coinbase, Inc.*, C 21-07478 WHA, 2022 WL 1062049 (N.D. Cal. Apr. 8, 2022) (Alsup, J.)(involving almost an identical cryptocurrency arbitration provision)—then the non-party arguments raised as to Counts I and II to compel arbitration are inapplicable. There would be no impropriety with allowing the parties to brief this sole arbitration issue that Defendants would likely raise regardless of what complaint is filed, particularly because it applies to Plaintiff's non-PSLRA claims.

Plaintiff respectfully suggests that briefing should proceed on Defendant Voyager Digital LLC's arguments as to Counts 3 and 4 of the Amended Complaint, as this Court has done under similar circumstances, where an action involves claims both subject, and not subject to the PSLRA. *See, e.g., In re: January 2021 Short Squeeze Trading Litigation*, No. 21-2989-MDL-ALTONAGA/Torres (requiring parties to follow provisions of the PSLRA for certain claims).

## CONCLUSION

**WHEREFORE**, Plaintiff are certainly ready and willing to respond to all of Defendants' arguments in the Motion to Dismiss, but just want to be careful to comply with the PSLRA (if necessary), thus respectfully requests a ruling on or before Wednesday, May 25, 2022.

Dated: May 23, 2022

Respectfully submitted,

By: /s/ *Adam Moskowitz*
Adam M. Moskowitz
Florida Bar No. 984280
adam@moskowitz-law.com
Joseph M. Kaye
Florida Bar No. 117520
joseph@moskowitz-law.com
Barbara C. Lewis
barbara@moskowitz-law.com
Florida Bar No. 118114
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423

By: /s/ *Stuart Z. Grossman*
Stuart Z. Grossman
Florida Bar No. 156113
szg@grossmanroth.com
Rachel W. Furst
Florida Bar No. 45155
rwf@grossmanroth.com
Ryan J. Yaffa
Florida Bar No. 1026131
rjy@grossmanroth.com
**GROSSMAN ROTH YAFFA COHEN, P.A.**
2525 Ponce de Leon Blvd Ste 1150
Coral Gables, FL 33134
Office: 305-442-8666

*Co-Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing was filed on May 23, 2022, with the Court via CM/ECF system, which will send notification of such filing to all attorneys of record.

By: /s/ *Adam M. Moskowitz*
ADAM M. MOSKOWITZ
Florida Bar No. 984280