UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-24441-CIV-ALTONAGA/Torres

**MARK CASSIDY**,

      Plaintiff,

v.

**VOYAGER DIGITAL LTD.**, *et al.*,

      Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon Plaintiff, Mark Cassidy's Expedited Motion to Clarify Briefing Schedule on Motion to Dismiss Pending Appointment of Lead Plaintiff/Counsel and Filing Consolidated Amended Complaint [ECF No. 55], filed on May 20, 2022. Defendants filed their Response [ECF No. 57], to which Plaintiff filed a Reply [ECF No. 58]. After sifting through the parties' unnecessary allegations of gamesmanship (*see* Mot. 2; Resp. 2), the Court concludes the Private Securities Litigation Reform Act (PSLRA) requires it to stay adjudication of Counts One and Two of the Amended Complaint [ECF No. 46] until the appointment of a lead plaintiff.

      The PSLRA states:

      Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—

      (I) of the pendency of the action, the claims asserted therein, and the purported class period; and

      (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 77z-1(a)(3)(i). Courts have construed the PSLRA to require that "a district court . . . appoint a person or persons to serve as lead plaintiff *before* proceeding with the adjudication of a private suit under the federal securities laws." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 81 (2d Cir. 2004) (emphasis added).

Defendants correctly point out that other courts have adjudicated motions before the appointment of a lead plaintiff. (*See* Resp. 5 (citing *Parks v. Fairfax Fin. Holdings Ltd.*, No. 06 cv 2820, 2010 WL 2346586, at *1 n.4 (S.D.N.Y. June 8, 2010); *Jenkins v. iQIYI, Inc.*, No. 20-cv-02882, 2020 WL 3637628 (N.D. Cal. July 6, 2020)). These cases, however, did not address a dispositive motion on the merits of the case. *See Parks*, 2010 WL 2346586, at *1 (concluding dismissal for lack of subject matter jurisdiction was appropriate); *Jenkins*, 2020 WL 3637628, at *1 (transferring action under forum selection clause).

The distinction is important because common questions regarding jurisdiction and venue must be prioritized and thus, do not risk running afoul of the PSLRA. *See, e.g.*, *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1336 (11th Cir. 2002) ("[J]urisdiction is a threshold inquiry that we are required to consider before addressing the merits of any claim." (alteration added)); *Summers-Wood L.P. v. Wolf*, No. 3:08-cv-60, 2008 WL 2229529, at *2 n.1 (N.D. Fla. May 23, 2008) (noting it is proper to address a venue issue before turning to the merits). Addressing the merits of a securities claim without appointing a lead plaintiff, however, does (at least) risk conflicting with the PSLRA's appointment timing. *See Hevesi*, 366 F.3d at 81.

The Court anticipates resolving the common procedural and arbitration-related questions before turning to the merits, questions that may obviate the need to address the merits altogether. Given the weighty procedural questions, there is no urgent reason why the parties must address the securities claims without identifying the lead plaintiff as required by the PSLRA.

Being fully advised, it is

CASE NO. 21-24441-CIV-ALTONAGA/Torres

**ORDERED AND ADJUDGED** that Plaintiff, Mark Cassidy's Expedited Motion to Clarify Briefing Schedule on Motion to Dismiss Pending Appointment of Lead Plaintiff/Counsel and Filing Consolidated Amended Complaint **[ECF No. 55]** is **GRANTED**. Plaintiff shall file his response to Defendant, Voyager Digital LLC's Motion to Compel Arbitration and to Dismiss the Amended Complaint [ECF No. 54] by May 30, 2022, responding only to the portion of Defendant's Motion addressing Counts Three and Four. The portion of Defendant's Motion that seeks to dismiss Counts One and Two is **DENIED without prejudice** pending the appointment of a lead plaintiff and the filing of a consolidated complaint. If necessary, Defendant may re-file a motion to dismiss after a consolidated complaint has been filed.

**DONE AND ORDERED** in Miami, Florida, this 24th day of May, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record