# Exhibit D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 21-24441-CIV-ALTONAGA/Torres**

MARK CASSIDY, on behalf of himself
and others similarly situated,

      Plaintiff,

v.

VOYAGER DIGITAL LTD, and
VOYAGER DIGITAL LLC

      Defendants.

_____/

**<u>DECLARATION OF DANIEL SCHAEFER</u>**

      I, Daniel Schaefer, hereby declare as follows:

1.      I have personal knowledge of the facts stated herein, and if called upon as a witness, I would and could testify competently to the matters set forth herein.

2.      I am a citizen and resident of the State of Minnesota and am over the age of 18.

3.      After many months of unsuccessfully, attempting to resolve a disagreement with Voyager regarding my interest-bearing account, I was required to participate in an AAA Arbitration in New Jersey and it was one of the worst experiences in my professional life.

4.      I began using the Voyager Platform August 29, 2020. I had just sold my house, so I had about $100,000 liquid that I wanted to invest with Voyager because they were offering a good rate for their "safe" cryptocurrency coins, like their native token, VGX. I made a large number of deposits into my Voyager account from my Affinity Plus Federal Credit Union bank account in order to make trades on the Voyager Platform. I made purchases of stablecoins like USD Coin, and other cryptocurrency assets, such as Ether, Cardano, Polkadot, and Voyager's native token, VGX.

5.      After I had used the Voyager Platform for a few months, I began to notice clear discrepancies in how the interest payments and monthly averages added up. As an engineer, I surmised that these discrepancies may have been caused by a bug in the software or through

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

incompetence of the engineers maintaining Voyager's software. I also saw potential misrepresentations made by Voyager, such as that, despite assurances that Voyager was FDIC insured, Voyager's statements were ambiguous because they seemed to imply that USD Coin (a crypto asset) was insured.

6.       I reached out directly to Voyager support multiple times with Complaints regarding these issues, to which I did not receive any responses from Voyager.  There was simply no real way to reach any of the Voyager representatives, and it seemed as if this is the way they set up their customer relations.

7.       Frustrated with the total lack of any response, I direct messaged Voyager's CEO, Stephen Ehrlich, on LinkedIn, on November 17, 2020. Mr. Ehrlich responded the following day, "what [sic] your issue?"



8.       I was surprised to quickly receive a canned response from the CEO.  I explained in detail the discrepancies that I was seeing in the function of the Voyager Platform and its interest payments, expressed my displeasure, and that I was contemplating legal action.

9.       I did not receive a further response from Mr. Ehrlich on LinkedIn. Shortly after my messages, and as a result of my complaint, however, on or around December 4, 2020, **Voyager disabled my account without any notice to me, and  without any further explanation**.

10.       Although the Voyager User Agreement provided that "I will be permitted to transfer Cryptocurrency associated with my Voyager Account for ninety (90) days after Voyager Account deactivation or cancellation unless such transfer is otherwise prohibited (i) under the law, or (ii) by a valid subpoena or court order," Voyager did not afford me the opportunity to do

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

so. Instead, Voyager refunded me the money I had deposited into Voyager and kept the coins that I had purchased and held in my wallet:



11.     Voyager later claimed in arbitration (as I will explain below) that Voyager "suspected that [I] was engaging in fraudulent activity" because of an issue with my deposits from my bank clearing in my Voyager Account. This allegation was false, however, and was instead pushed in arbitration to cover for the fact that Voyager disabled my account because I was complaining to Voyager Support and to Mr. Ehrlich and asking questions about its functionality.

12.     While a deposit is pending with Voyager, the Voyager app allows users to make purchases of various cryptocurrency assets on credit, which is settled when the deposit clears.

13.     After I have made a number of these purchases, I was made aware through a canned email from Voyager support on November 25, 2020, that my bank account was no longer connected to Voyager:



*CASE NO.: 21-24441-CIV-ALTONAGA/Torres*

14.     The same day, I reached out to Voyager for clarification, who advised me to send them the account information so they could manually link my account:



15.     I sent a voided check with the necessary information and Voyager advised me they manually updated my bank account information:



16.    The same day, I confirmed that the connectivity issue was a "known new issue" with Plaid, the company that facilitates communications between Voyager and my bank account at Affinity Plus. I opened a service ticket with Plaid as well:

Plaid on Nov 25

Thank you for contacting Plaid!

We've received and recorded your request as Case # 237204.

Our support team operates Monday – Friday, 9AM–5PM PT, and we aim to reply to all requests within 1 business day.

If you have any updates to your request in the meantime, please reply to this email, and we'll add them to this case.

Best,
Plaid Support

Please note: Our offices will be closed on Thursday 11/26 and Friday 11/27. Replies may be delayed, and we thank you in advance for your patience.

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

Plaid Support on Nov 25

Hi Daniel,

Thanks for reaching out to Plaid!

I would need some additional details to locate your specific connection attempts in our logs. However, based on your description, it sounds like you are encountering a known new issue we're seeing with our integration to Affinity Plus Federal Credit Union. Our team is working to investigate and resolve this, but unfortunately we don't have an estimate for when the connection may be fully restored. We understand the extent and impact of this on users and are doing everything we can, however there are many factors that contribute to a resolution, some of which are outside of our direct control.

Once we've resolved the issue, you should see your applications reconnect again and transactions begin to come through. In the meantime, I encourage you to reach out to the applications you use regularly to explore alternative ways to connect your Affinity Plus FCU account to their platform. They may offer manual ways via account/routing numbers or credit/debit cards that are external to Plaid's technology and could help with this!

I'll keep this request open and let you know as soon as we have a resolution in place, however you'll also see the resolution reflected in your app at the same time.

Sincerely,
Galen
Plaid Support

Please note: Our offices will be closed on Thursday 11/26 and Friday 11/27. Replies may be delayed, and we thank you in advance for your patience.

17.     Meanwhile, I received the same canned notices from Voyager Support on November 30, 2020 and December 1, 2020, that my account was not linked:

*CASE NO.: 21-24441-CIV-ALTONAGA/Torres*



18.    I then reached back out to Voyager Support, who confirmed that Voyager updated my account information:

*CASE NO.: 21-24441-CIV-ALTONAGA/Torres*



19.     Although I made Voyager aware of the "known new issue" with Plaid, followed up to make sure Voyager had my correct information, and Voyager confirmed that my Affinity Plus account was connected to the Voyager Platform, Voyager disabled my account, liquidated my portfolio and refunded the deposits, forcing me to incur tax liability, and then refused to respond to any of my requests to amicably resolve the dispute pursuant to Voyager's procedures in the User Agreement.

20.     I asked Voyager Support why my account was disabled when Voyager had just updated my account information, and I received no response:



21.     I then followed up with Voyager Support and explained that I would take legal action if my account was not reactivated:

On Sat, Dec 5 at 12:09 PM , Daniel Schaefer <d11schae@gmail.com> wrote:
My account has been disabled with no explanation.

If my account is not activated in the next 48 hours, I will take legal action.

22.     In response, Voyager Support simply stated that it had deactivated my account "pursuant to the rights provided to the firm in the User Agreement," that Voyager "will no longer

*CASE NO.: 21-24441-CIV-ALTONAGA/Torres*

support this or any future account" with me, and never provided me with any additional information:



23.     From that point forward, Voyager Support did not provide me with any further responses or information regarding this dispute. I attempted again to reach out to Mr. Ehrlich on LinkedIn on February 18, 2020, asking if Voyager would allow me to return the cash from Voyager's liquidation of my account in exchange for allowing me to transfer the cryptocurrency I purchased off of the Voyager Platform. Mr. Ehrlich initially responded "we I violate the ToS..your coins are there. your balances are in there. You can liquidate anytime you want and take your net cash back."

*CASE NO.: 21-24441-CIV-ALTONAGA/Torres*

- FEB 18, 2021



View Daniel's profile

Daniel Schaefer 5:48 PM

Hi Steve, shortly after I messaged you about the software bug, my entire account was liquidated and my deposits returns and all my coins stolen. This was in direct violation of the user agreement, which I was never afforded to opportunity to move my coins. What you did was tax fraud per the state of florida. I'm told I have legal action, but all I was doing was trying to help. You took this the wrong way. I am writing you a letter of demand, but figured why not attempt to resolve this. I would like to return my deposits for my coins. They it is a wash and I have no further issues. This is the easiest path for both parties. Otherwise I'm forced to due, because I'm commiting tax fraud per the state of florida. I loved your platform. It gave me more interest than a bank, but when I noticed the numbers were wrong, I reached out. You have since fixed the bug, so I can't help feel I initiated that. Please do the write thing and let's fix this issue together. I will send it register to you Monday if I don't hear from me. And if I don't I understand, I was just trying to be civil. Thanks, Daniel

- Steve E. sent the following message at 6:22 PM



View Steve's profile

Steve E. 6:22 PM

we didnt violate the ToS..your coins are there. your balances are in there. You can liquidate anytime you want and take your net cash back.

24.    Two days later, Mr. Ehrlich reversed course and claimed that I never paid for any coins:

*CASE NO.: 21-24441-CIV-ALTONAGA/Torres*

- Steve E. sent the following messages at 10:32 AM



View Steve's profile

Steve E.  10:32 AM

as mentioned we will set you up to withdraw your coins. we can not do it for u..you will need to do it..



- View Steve's profile

Steve E.  11:36 AM

We are revising the a count and see that you haven't paid for any coins.

25.     After months of written complaints and demands to Voyager to amicably resolve the dispute, all of which were ignored, I filed a demand for arbitration with the American Arbitration Association on July 20, 2021. *See* Exhibit 1. I was told by Voyager that I had to actually conduct the Arbitration in the state of New Jersey, and so we did.  Although I served the demand on Voyager via email, as well as to Voyager's designated New Jersey office and Minnesota registered agent, Voyager did not respond. I followed up again with Mr. Ehrlich on LinkedIn, who responded on August 11, 2021, that "[u]nfortunately we never received anything from you."



- Steve E. sent the following message at 12:27 PM

View Steve's profile

Steve E.  12:27 PM

Unfortunately we never received anything from you

26.     When I provided the addresses that I served the demand on, including Voyager's New Jersey headquarters, located at 185 Hudson Street, Suite 2500, Jersey City, New Jersey 07311, Mr. Ehrlich explained their New Jersey headquarters was "a coworking space and we have not been given the mail from them."



- Steve E. sent the following message at 3:47 PM

View Steve's profile

Steve E.  3:47 PM

Thats a coworking space and we have not been given the mail from them. Once we get it we can respond as we have been out of office since Covid hit. Feel free to send me all the paperwork..

27.     After Voyager finally appeared in the arbitration in September 2021, arbitrator Bruce Kahn was appointed. Voyager was represented by Barry Kazan of the law firm Mintz & Gold LLP. Christopher Jung and Asa Chao from Voyager also appeared in the arbitration for Voyager. I was told that Mintz & Gold is a law firm that had much experience in handling securities lawsuits and arbitrations.

28.     Voyager submitted its response to my demand on October 8, 2021, along with a counterclaim alleging that I owed at least $15,000 to Voyager, not including attorneys fees and costs, which Voyager also attempted to seek from me. *See* Exhibit 2.

29.     After the initial conference on December 7, 2021, the arbitrator issued a scheduling order that provided for Voyager to request bank records from me, and that all exhibits must be exchanged by January 31, 2022. *See* Dec. 8, 2021, Scheduling Order attached as Exhibit 3.

30.     Voyager sent a request for documents to me, requesting my bank records and additional information beyond the scope of the scheduling order. *See* Exhibit 4.

31.     After responding to Voyager's requests, on January 9, 2022, I sent my own request for documents to Voyager (which compiled prior requests that I sent to Voyager throughout the arbitration via email that they ignored):

| REQUEST NO. | REQUEST |
|---|---|
| 1 | Any and all emails, faxes, and letters in regards to the termination of my Voyager Account within Voyager. |
| 2 | The reason my request for an explanation why my voyager account was terminated went unanswered |
| 3 | The objective evidence supporting your claim I violated the user agreement |
| 4 | The objective evidence supporting your claim my deposits were declined due to lack of funds<br>    - If possible, please provide specific account numbers or last few digits so I may trace them |
| 5 | Conversation history for Ticket Numbers 56241, 57170, 57266, and 57691 |
| 6 | Change history of User Agreement |

32.     **Voyager never responded to any of my requests.**

33.     Instead, over 3 weeks later on January 31, 2022, the deadline for Voyager to provide all information it intended to use at the February 9, 2022, hearing, Voyager's lawyer instead sent the arbitrator a letter seeking to continue the final hearing, arguing that because I requested information from Voyager that it would need another month to prepare for the hearing. *See* Exhibit 5.

34.     I filed my objection in response on February 1, 2022. *See* Exhibit 6.

35.     Then, on February 8, 2022, the night *before* the final hearing was to take place on February 9, 2022, Voyager sent an amended response and counterclaim, significantly changing their claims. *See* Exhibit 7.

36.     When I appeared via Zoom for the final hearing that took place in New Jersey the following day, I raised my objections to the fact that Voyager would not respond to my requests for information and instead revised their answer and counterclaim the night before the hearing, which greatly prejudiced my ability to assert my claim and defend against their counterclaim. I

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

explained that it was unjust that I responded to requests from a hospital bed in order to meet the deadlines, but Voyager was allowed to hold back information and file a new claim the night before the hearing as a way to gain an unfair advantage in the proceedings. I objected and told the arbitrator that I was ready to proceed with my claim as scheduled, and the arbitrator should require Voyager to comply with the rules as well. The arbitrator laughed and told me that "that is not how arbitration works."

37.     The arbitrator granted Voyager an extension, and issued an amended scheduling order. *See* Exhibit 8.

38.     Voyager did not respond to my request for information, nor did they share their exhibits with me. I raised these objections again at the rescheduled final hearing on March 18, 2022. They were overruled, and the arbitrator entered an award against me on March 23, 2022. *See* Exhibit 9.

39.     It is very clear to me that Voyager stole money from my account, treated me in an unprofessional and unresponsive manner (including locking my account as a direct result of my complaints to the CEO) and their Arbitration process and procedures were abusive, unfair and stacked against me from the very start.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge and belief.

Executed May 26, 2022.

DANIEL SCHAEFER

14

# EXHIBIT 1

(DECLARATION OF DANIEL SCHAEFER)

**AMERICAN ARBITRATION ASSOCIATION®**

**DEMAND FOR ARBITRATION
CONSUMER ARBITRATION RULES**

Complete this form to start arbitration under an arbitration agreement in a contract.

| |
|---|
| 1. Which party is sending in the filing documents? *(check one)* ☑ Consumer ☐ Business |
| 2. Briefly explain the dispute:<br><br>December 5th 2020, Voyager terminated my brokerage account with no warnings and kept all my assets (cryptocurrency). December 7th 2020, all the deposits, from the entire use of the platform, were returned back to my bank account. They did not allow me to move my assets to another platform, which is stated in their terms of service. This is dispute to get my asset returned due to their violation of terms of service. |
| 3. Specify the amount of money in dispute, if any: $ 150,000 |
| 4. State any other relief you are seeking:<br><br>☐ Attorney Fees  ☑ Interest  ☑ Arbitration Costs  ☐ Other; explain: |
| 5. Identify the requested city and state for the hearing if an in-person hearing is held:<br>City: **Jersey City**                    State: **New Jersey** |
| 6. Please provide contact information for both the Consumer and the Business. Attach additional sheets or forms as needed. |
| **Consumer:** |
| Name: Daniel Schaefer |
| Address: 3578 232nd CT NW |
| City: Saint Francis          State: **Minnesota**          Zip Code: 55070 |
| Telephone: 952-737-2604                    Fax: |
| Email Address: d11schae@gmail.com |
| **Consumer's Representative (if known):** |
| Name: NA |
| Firm: NA |
| Address: NA |
| City: NA          State: Select...          Zip Code: NA |
| Telephone: NA                    Fax: NA |
| Email Address: NA |
| **Business:** |
| Name: Voyager Digital LLC |
| Address: 185 Hudson Street, Suite 2500 |
| City: Jersey City          State: **New Jersey**          Zip Code: 07311 |
| Telephone: 917-885-9024                    Fax: |
| Email Address: Unknown |

**AMERICAN ARBITRATION ASSOCIATION®**

**DEMAND FOR ARBITRATION
CONSUMER ARBITRATION RULES**

| Business' Representative (if known): | | |
|---|---|---|
| Name: **Unknown** | | |
| Firm: **Unknown** | | |
| Address: **Unknown** | | |
| City: **Unknown** | State: Select... | Zip Code: **Unknown** |
| Telephone: **Unknown** | Fax: **Unknown** | |
| Email Address: **Unknown** | | |
| Date: **Unknown** | | |

**7. Send a copy of this completed form to the AAA together with:**

- A clear, legible copy of the contract containing the parties' agreement to arbitrate disputes;
- The proper filing fee (filing fee information can be found in the Costs of Arbitration section of the Consumer Arbitration Rules); and
- A copy of the court order, if arbitration is court-ordered.

**8. Send a copy of the completed form and any attachments to all parties and retain a copy of the form for your records.**

To file by mail, send the initial filing documents and the filing fee to: AAA Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043.

To file online, visit **www.adr.org** and click on **File or Access Your Case** and follow directions. To avoid the creation of duplicate filings, the AAA requests that the filing documents and payment be submitted together. When filing electronically, no hard copies are required.

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit a completed Affidavit for Waiver of Fees, available on our website.

Pursuant to New Jersey Statutes § 2A:23B-1 et seq, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the New Jersey Arbitration Act, and to all consumer arbitrations conducted in New Jersey. If you believe that you meet these requirements, you must submit a completed Affidavit for Waiver of Fees, available on our website.

# EXHIBIT 2
(DECLARATION OF DANIEL SCHAEFER)

```
----------------------------------------------------------------
In the Matter of the Arbitration between:          :
                                                   :
Case Number: 01-21-0003-9886                       :
                                                   :
Daniel Schaefer,                                   :
                                                   :
                        Claimant                   :
-vs-                                               :
                                                   :
Voyager Digital LLC,                               :
                                                   :
                        Respondent,                :
----------------------------------------------------------------
```

Respondent Voyager Digital LLC ("Voyager"), as and for its Answer and Counterclaim to the Demand of Daniel Schaefer ("Schaefer" or "Claimant"), through its undersigned attorneys, Mintz & Gold LLP, hereby states as follows:

## **RESPONSE TO DEMAND**

Voyager is a publicly traded cryptocurrency platform in the United States that provides its customers a platform to trade different crypto assets.  Claimant and Voyager are parties to a User Agreement (as revised from time to time) that enabled Claimant to utilize Voyager's platform.

Pursuant to the terms of the User Agreement, Claimant agreed, among other things, that Voyager may suspend, terminate access to, deactivate, or cancel his account if Claimant acts in a manner inconsistent with the User Agreement.  Voyager alleges that Claimant violated the User Agreement on multiple occasions.

Among other violations, Claimant initiated eight (8) deposits with Voyager in a total amount of $40,000 through a bank account that did not exist or did not have sufficient funds. Claimant then exploited the delay between the time that Voyager recorded the deposit and

learned that the funds were not available to make trades on Voyager's platform using funds that were never provided by Claimant to Voyager.  The result is that Claimant was able to trade on Voyager's platform by utilizing Voyager's funds which constituted conversion and/or impermissible margin trading which is not a product offered by Voyager.

Based upon the foregoing, Voyager denies the allegations in the Demand.

## COUNTERCLAIM

Voyager hereby incorporates the allegations stated above in support of its counterclaims. Based on the above conduct, Claimant is liable to Voyager for: (1) breach of contract; (2) conversion; and (3) in the alternative, unjust enrichment.

Per the User Agreement, Claimant agreed to certain remedies including, without limitation, granting Voyager the rights of a secured creditor as it pertains to any assets that Voyager may hold, indemnification, and attorneys' fees.  Voyager demands that it be indemnified for any losses caused by Claimant's conduct, that it be granted the right to foreclose on Claimant's assets, if any, in Voyager's control, and that Voyager be granted its reasonable attorneys' fees and costs incurred.  As of this time, Voyager estimates its damages to be not less than $15,000.

Date:   October 8, 2021                           Respectfully submitted,
        New York, New York

                                                  /s/  Barry M. Kazan

                                                  Barry M. Kazan, Esq.
                                                  Mintz & Gold LLP
                                                  600 Third Avenue, 25th Floor
                                                  New York, New York 10016
                                                  Phone: (212) 696-4848
                                                  Fax:    (212) 696-1231
                                                  kazan@mintzandgold.com

# EXHIBIT 3

(DECLARATION OF DANIEL SCHAEFER)

# AMERICAN ARBITRATION ASSOCIATION

### Preliminary Hearing Scheduling Order #1

*Schaefer v. Voyager Digital, LLC*

Case # 01-21-0003-9886

Pursuant to the Fast Track Procedures of the American Arbitration Association's (the "AAA") Consumer Arbitration Rules effective September 1, 2014 (the "Rules"), a preliminary hearing in the above proceeding was held on December 7, 2021 before Bruce Kahn as arbitrator (the "Arbitrator").

Claimant Daniel Schaefer appeared *pro se* ("Schaefer").

Appearing for respondent and counterclaimant Voyager Digital, LLC ("Voyager") was Barry M. Kazan, Esq. of the law firm of Mintz & Gold, LLC as attorney for Voyager and Asa Chao of Voyager.

By order of the Arbitrator or the agreement of the Parties the following is now in effect:

1. An additional preliminary hearing may be held if needed or requested by a party.
2. The hearing in this matter shall be held virtually commencing at 10:00 am on February 9, 2022 and will last not more than that one day (the "Hearing Date").
3. Voyager shall serve its notice requesting production of certain and specific bank account records in Schaefer's possession by on or before December 17, 2021. Schaefer shall have until on or before January 7, 2022 to produce all responsive documents.
4. The Parties shall (a) exchange directly between themselves copies of all exhibits, affidavits and any other information they intend to submit at the hearing; (b) identify in writing all witnesses they intend to call at the hearing and briefly describe the subject of their testimony; and (c) submit any legal briefing (including copies of all cases, statutes or other authorities relied upon) by January 31, 2021. Copies of all exhibits, witness lists and briefs should be provided to the Arbitrator, to be in hand for the Hearing Date.
5. The Parties have indicated an interest in exploring mediation or a negotiated resolution to this case and they will jointly undertake to keep the Arbitrator advised, through the AAA Case Administrator, as to whether they will jointly request an extension of the schedule to effectuate a resolution of the dispute.
6. All documents to be filed with or submitted to the Arbitrator:
   a. Shall be given to the AAA Case Administrator for transmittal to the Arbitrator; and
   b. COPIES OF SAID DOCUMENTS SHALL ALSO BE SIMULATANEUSLY SENT TO THE OPPOSING PARTY. There shall be no direct oral or written communication between the parties and the Arbitrator except at oral hearings.
7. The form of the award shall be a standard award.

8. All deadlines herein will be strictly enforced with exceptions made to the enforcement of the deadline only upon the permission of the Arbitrator, good cause having been shown.

9. This order shall remain in effect unless and until amended by subsequent order of the Arbitrator.

Dated:         December 7, 2021

_____
Arbitrator

# EXHIBIT 4
(DECLARATION OF DANIEL SCHAEFER)

**BEFORE THE AMERICAN ARBITRATION ASSOCIATION**

**DANIEL SCHAEFER,**                    Case No. 01-21-0003-9886

             Claimant                    Arbitrator: Bruce W. Kahn

vs.

**VOYAGER DIGITAL, LLC**

             Respondent

**RESPONDENT VOYAGER DIGITAL, LLC's FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO CLAIMANT DANIEL SCHAEFER**

Respondent Voyager Digital, LLC, by and through its undersigned attorneys, hereby requests that Claimant Daniel Schaefer produce the Documents and Communications requested herein by January 7, 2022, pursuant to the express terms of Preliminary Hearing Scheduling Order #1.

**DEFINITIONS**

1.    "Communications" means any conversation, discussion, letter, memorandum, meeting, note, email, text, telephone note, or other transfer of information, whether written, oral or by other means, and includes any Document which abstracts, digests, transcribes, or records such Communications.

2.    "Demand" means the Demand for Arbitration You filed in this case, attached hereto as Exhibit A.

3.    "Documents" means any and all writings or electronically stored information, including but not limited to: bank statements, statements of accounts, bank records, deposit slips, letters, correspondence, memoranda, contracts, agreements, ledgers, statements, reports, billings, invoices, worksheets, charges, balance sheets, transmissions, wires, computer files stored by any

means, computer printouts, and electronic messages in any digital or electronic format, including emails and text messages, whether provided by You or any another person.

4. "November 25, 2020 Message" means the message sent by Claimant Daniel Schaefer to Voyager on November 25, 2020, attached hereto as Exhibit B.

5. "Plaid" means Plaid, Inc.

6. "Voyager" means Respondent Voyager Digital, LLC.

7. "Voyager Account" means the account opened by Claimant Daniel Schaefer with Voyager.

8. "You" or "Your" means Claimant Daniel Schaefer.

9. The terms "any" and/or "all" mean "any and all."

## DOCUMENT REQUESTS

**REQUEST NO. 1:** All Documents showing that You made the following bank deposits into Your Voyager Account, including but not limited to all Documents showing that the following bank deposits had cleared or been fully transferred to Your Voyager Account:

- Deposit of $1,000 on August 29, 2020;
- Deposit of $1,000 on September 5, 2020;
- Deposit of $5,000 on October 11, 2020;
- Deposit of $5,000 on October 13, 2020;
- Deposit of $5,000 on November 21, 2020;
- Deposit of $5,000 on November 22, 2020;
- Deposit of $5,000 on November 25, 2020;
- Deposit of $5,000 on November 27, 2020;
- Deposit of $5,000 on December 2, 2020;
- Deposit of $5,000 on December 4, 2020.

**REQUEST NO. 2:** All Documents and Communications relating to any bank deposits You made into Your Voyager Account.

**REQUEST NO. 3:** All Documents and Communications between You and any Voyager officer, director, or employee.

**REQUEST NO. 4:** All Documents and Communications supporting Your assertion in the Demand that Voyager was obliged to "allow [You] to move [Your] assets to another platform."

2

**REQUEST NO. 5:** All Communications with Plaid regarding Your Voyager and/or Affinity Plus bank account, including but not limited to copies of Your complaint with Plaid referenced in the November 25, 2020 Message.

**REQUEST NO. 6:** All Documents and Communications supporting Your assertion in the November 25 Message that Plaid was "pulling the wrong account numbers from [Your] [A]ffinity [P]lus bank account."

**REQUEST NO. 7:** All Documents and Communications supporting Your assertion in the November 25 Message that Plaid had correctly pulled funds from Your Affinity Plus bank account "earlier" in 2020.

MINTZ & GOLD LLP

_____
Barry M. Kazan, Esq.
600 Third Avenue, 25th Floor
New York, NY 10016
Tel: 212-696-4848
Fax: 212-696-1231
kazan@mintzandgold.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, I served the foregoing First Set of Requests for the Production of Documents upon Claimant Daniel Schaefer via email at d11schae@gmail.com.


_____

Barry M. Kazan, Esq.

# Exhibit A

AMERICAN ARBITRATION ASSOCIATION®

**DEMAND FOR ARBITRATION
CONSUMER ARBITRATION RULES**

Complete this form to start arbitration under an arbitration agreement in a contract.

| 1. Which party is sending in the filing documents? *(check one)* ☑ Consumer ☐ Business |
|---|

2. Briefly explain the dispute:

December 5th 2020, Voyager terminated my brokerage account with no warnings and kept all my assets (cryptocurrency). December 7th 2020, all the deposits, from the entire use of the platform, were returned back to my bank account. They did not allow me to move my assets to another platform, which is stated in their terms of service. This is dispute to get my asset returned due to their violation of terms of service.

3. Specify the amount of money in dispute, if any: $ 150,000

4. State any other relief you are seeking:

☐ Attorney Fees  ☑ Interest  ☑ Arbitration Costs  ☐ Other; explain:

5. Identify the requested city and state for the hearing if an in-person hearing is held:

City: **Jersey City**                    State: **New Jersey**  ▼

6. Please provide contact information for both the Consumer and the Business. Attach additional sheets or forms as needed.

**Consumer:**

Name: **Daniel Schaefer**

Address: **3578 232nd CT NW**

| City: **Saint Francis** | State: **Minnesota** ▼ | Zip Code: **55070** |
|---|---|---|
| Telephone: **952-737-2604** | Fax: | |

Email Address: **d11schae@gmail.com**

**Consumer's Representative (if known):**

Name: NA

Firm: NA

Address: NA

| City: NA | State: Select... | Zip Code: NA |
|---|---|---|
| Telephone: NA | Fax: NA | |

Email Address: NA

**Business:**

Name: **Voyager Digital LLC**

Address: **185 Hudson Street, Suite 2500**

| City: **Jersey City** | State: **New Jersey** ▼ | Zip Code: **07311** |
|---|---|---|
| Telephone: **917-885-9024** | Fax: | |

Email Address: **Unknown**

**AMERICAN ARBITRATION ASSOCIATION®**

**DEMAND FOR ARBITRATION
CONSUMER ARBITRATION RULES**

| Business' Representative (if known): | | |
|---|---|---|
| Name:  Unknown | | |
| Firm:  Unknown | | |
| Address:  Unknown | | |
| City:  Unknown | State: Select... | Zip Code:  Unknown |
| Telephone:  Unknown | Fax:  Unknown | |
| Email Address:  Unknown | | |
| Date:  Unknown | | |

**7. Send a copy of this completed form to the AAA together with:**

- A clear, legible copy of the contract containing the parties' agreement to arbitrate disputes;
- The proper filing fee (filing fee information can be found in the Costs of Arbitration section of the Consumer Arbitration Rules); and
- A copy of the court order, if arbitration is court-ordered.

**8. Send a copy of the completed form and any attachments to all parties and retain a copy of the form for your records.**

To file by mail, send the initial filing documents and the filing fee to: AAA Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043.

To file online, visit **www.adr.org** and click on **File or Access Your Case** and follow directions. To avoid the creation of duplicate filings, the AAA requests that the filing documents and payment be submitted together. When filing electronically, no hard copies are required.

Pursuant to Section 1284.3 of the California Code of Civil Procedure, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the California Arbitration Act, and to all consumer arbitrations conducted in California. If you believe that you meet these requirements, you must submit a completed Affidavit for Waiver of Fees, available on our website.

Pursuant to New Jersey Statutes § 2A:23B-1 et seq, consumers with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. This law applies to all consumer agreements subject to the New Jersey Arbitration Act, and to all consumer arbitrations conducted in New Jersey. If you believe that you meet these requirements, you must submit a completed Affidavit for Waiver of Fees, available on our website.

# Exhibit B

**Voyager**                                                                                                                           **#54769**

## Ticket Details

| **Status** | **Priority** | **Source** | **Type** |
|---|---|---|---|
| Closed | Low | Feedback Widget | Issue |

| **Group** | **Agent** | **Bank Linking Issues** | **PII Change** |
|---|---|---|---|
| General | Matthew Rovinsky | **Account Issue** | **Account sub-issue** |

**USD Funding Issue**   **USD Funding sub-issue**   **Details**   **Crypto Transfer Issue**

**Crypto Transfer sub-issue**   **Order Issue**   **Interest Issue**   **Technical Issue**

**Device Info**   **Reward Issue**   **Promo Code**   **Order ID**

**Transaction ID**   **Transaction ID**   **TX Hash**   **Old Phone**

**Account Status Issues**

---

by **Daniel Schaefer** on **Wed, Nov 25, 2020 at 2:05 PM** via **Feedback Widget**

**Plaid bank account linking issue**

Plaid is pulling the wrong account numbers from my affinity plus bank account. It pulled them correct earlier this year.

I filed a complaint with plaid.

I'm 1500 negative in VGX, can you please not take it back?

The bug is not my issue and I'll fund my account the second you get it fixed.

If you allowed me to enter my account information manually, I would.

Thanks

---

## Comments

by **Voyager** on **Wed, Nov 25, 2020 at 2:05 PM** as
Customer was sent manual bank linking instruction via auto-reply automation rule

---

by **Daniel Schaefer** on **Wed, Nov 25, 2020 at 2:18 PM** as **Incoming email**
I sent a voided check. It has all the information  except the account type, but since its a check,  I hope you assume checking.

Thanks!

---

by **Matthew Rovinsky** on **Wed, Nov 25, 2020 at 4:28 PM** as **Outbound email**
Hi Daniel,

We have manually updated your bank account information. You should now be able to deposit from the account of your choice.

Please let us know if you require any further assistance or experience any other issues in the app.

Best regards,

The Voyager Team



For more information on a variety of topics please reference our FAQs: **FAQs Homepage (https://support.investvoyager.com/support/home)**

by **Daniel Schaefer** on **Wed, Nov 25, 2020 at 4:41 PM** as **Incoming email**

Thank you!

Once my bank account rejects the current one in process, I will make a deposit.

Otherwise I will after 24 hours from that one since it won't let me now.

# EXHIBIT 5

(DECLARATION OF DANIEL SCHAEFER)

MINTZ & GOLD LLP

ATTORNEYS AT LAW

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

———————

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231

www.mintzandgold.com

January 31, 2022

**VIA ECF**

Arbitrator Bruce Kahn
c/o Pro Se Administrator 1
AAA Case Administrator
American Arbitration Association
P.O. Box 19609
Johnston, RI 02919

   Re: *Daniel Schaefer v. Voyager Digital LLC*, Case No. 01-21-0003-9886

Dear Arbitrator Kahn:

   On behalf of Voyager Digital, LLC ("Voyager"), Respondent in the above-captioned action, I write to respectfully request an extension of certain deadlines set forth in Preliminary Hearing Scheduling Order #1, dated December 7, 2021, including the hearing date currently scheduled for February 9, 2022 (the "Hearing Date").

   While Claimant Daniel Schaefer has produced responsive documents in response to Voyager's discovery requests, Mr. Schaefer has attempted to serve Voyager with his own discovery requests despite representing that he did not have any discovery requests for Voyager at the parties' Preliminary Hearing on December 7, 2021.  Voyager is willing to comply with Mr. Schaefer's discovery requests—subject to objections it may have—and produce documents in response.  However, because Mr. Schaefer only indicated his intention to serve document requests upon Voyager after the parties' current schedule was decided, Voyager will need additional time to respond than what is currently provided for in Preliminary Hearing Scheduling Order #1.

   To these ends, Voyager is requesting an extension of the Hearing Date (and therefore, the corresponding deadline for exchanging exhibits, witness lists, and briefs) for a time period no earlier than 30 days after the original Hearing Date of February 9, 2022.  We made the request of Mr. Schaefer to consent on January 27, 2022 and the Case Administrator requested that Mr. Schaefer reply no later than February 4, 2022.  To date, we have not heard from Mr. Schaefer to determine whether he consents or objects to the requested extension and conditions upon which Voyager would respond to his discovery requests.

Barry M. Kazan | kazan@mintzandgold.com | Direct: (929) 482-5985| Cell: (917) 991-9839



January 31, 2022
Page **2** of **2**

      We thank you for your attention to this matter.

Respectfully submitted,

Barry M. Kazan

cc:    Daniel Schaefer

# EXHIBIT 6

(DECLARATION OF DANIEL SCHAEFER)

February 1, 2022

Daniel E. Schaefer
3578 232nd CT NW
Saint Francis, MN 55070
Via Email to: d11schae@gmail.com

Barry M. Kazan, Esq.
Mintz & Gold LLP
600 3rd Avenue
25th Floor
New York, NY 10016
Via Email to: kazan@mintzandgold.com

Case Number: 01-21-0003-9886

Daniel Schaefer -vs- Voyager Digital LLC

### **DANIEL SCHAEFER'S RESPONSETO VOYAGER DIGITAL, LLC'S REQUEST FOR EXTENSION**

Per Scheduling Order No 1, all exhibits were due on or before January 31, 2022. This is also a requirement of rule R-22b. Voyager is clearly using stall tactics and has extended this process multiple times now; per rule R22a the process is supposed to be fast and economical. I had a major unexpected surgery on January 27th 2022 to remove a mass from my bladder region, which admitted me to the hospital for three days, yet I was still able to provide my exhibits on time. The AAA afforded me until February 4, 2022 to respond to Voyager's request for extension, so I feel your request was premature. I was also incapacitated and could not even read my emails until yesterday. I am representing myself and do not have a team to help me like Voyager, yet I was able to provide my exhibits on time. At the very least, Voyager should have provided their exhibits supporting their claims on or before January 31, 2022 (per scheduling order no. 1 and rule R22b).

Voyager justification for the extension is that "because this was not raised at the preliminary conference, Voyager will need more time to respond". Rule R-21 does not speak to the exchange of information; rule 22 does. The preliminary hearing is also optional per rule R-21a. I object to your claim that I had to provide any requests for information at that time. Voyager's request for production was also very out of scope of scheduling order no 1, so Voyager also requested additional information outside preliminary hearing, which I provided in the afforded three-week time frame. I also afforded Voyager's three-weeks to provide their information. Instead, they came up with an extension instead of providing or object the requested information.

The arbitration process is not court of law; arbitration an open communication between parties and supposed to be fast and economical per rule R22a. Also, per rule 22a, "any party" may ask for information. Based on this, I object to your assertion that I was not "authorized to serve this request" for information and therefore object to Voyager's request for extension. This process has been going on since June 2021.

Regards,

Daniel Schaefer

# EXHIBIT 7
(DECLARATION OF DANIEL SCHAEFER)

```
-------------------------------------------------------------------
In the Matter of the Arbitration between:          :
                                                   :
Case Number: 01-21-0003-9886                       :
                                                   :
Daniel Schaefer,                                   :
                                                   :
                        Claimant                   :
-vs-                                               :
                                                   :
Voyager Digital LLC,                               :
                                                   :
                        Respondent,                :
-------------------------------------------------------------------
```

Respondent Voyager Digital LLC ("Voyager"), as and for its Answer and Counterclaim to the Demand of Daniel Schaefer ("Schaefer" or "Claimant"), through its undersigned attorneys, Mintz & Gold LLP, hereby states as follows:

## <u>AMENDED RESPONSE TO DEMAND</u>

Voyager is a publicly traded cryptocurrency platform in the United States that provides its customers a platform to trade different crypto assets.  Claimant and Voyager are parties to a User Agreement (as revised from time to time) that enabled Claimant to utilize Voyager's platform.

Pursuant to Section 4 of the User Agreement, Claimant agreed, among other things, that Voyager may suspend, terminate access to, deactivate, or cancel his account in a number of situations, including if Voyager believes that there is unusual activity in Claimant's Voyager account, and/or if Voyager suspects that Claimant is using his Voyager account in furtherance of illegal activity.

Voyager exercised its discretion under Section 4 of the User Agreement to suspend and terminate Claimant's access to his Voyager account after observing unusual activity in

Claimant's Voyager account that suggested Claimant was using his Voyager account in furtherance of fraudulent activity.  Specifically, from November 21, 2020 to November 27, 2020, Claimant repeatedly, on four occasions, attempted to initiate deposits with Voyager totaling $20,000 that were rejected as invalid, and Voyager never received any funds from these attempted deposits. Between the time that Voyager recorded these attempted deposits and learned that they were invalid, Claimant used those illusory funds to purchase $1,500 in cryptocurrency.

Voyager suspected that Claimant was engaging in fraudulent activity due to the series of invalid deposits and exercised its contractual discretion to suspend and terminate Claimant's access to his Voyager account on or around December 4, 2020.  After suspending and terminating Claimant's access to his Voyager account, Voyager voluntarily refunded all deposits that Claimant had made during the life of his account to the bank account linked to Claimant's Voyager account.  Claimant does not deny that he has received these returned deposits or that, at the time he received them, the cash he was refunded amounted to more than the value of the cryptocurrency in his account that he had purchased with his successful deposits from August to October 2020.

While the User Agreement contemplates the possibility that users with terminated accounts may potentially be permitted to transfer cryptocurrency contained within their accounts, Claimant also agreed to the following terms in Section 4 of the User Agreement:

- "I understand and agree that I am responsible for any fees, costs, expenses, charges, or obligations . . . associated with the closing of my account.  In the event that the cost of closing my account exceeds the value in my account, I will be responsible for reimbursing Voyager."

- "In the event that I or Voyager terminates . . . my access to the Voyager Services, or my Voyager Account is deactivated or cancelled, I understand that I will remain liable for all amounts due under or in connection with this Agreement."

Here, as noted earlier, upon the termination of Claimant's account on or around December 4, 2020, Voyager returned all of Claimant's prior deposits, including $12,000 in deposits that had previously by used by Claimant to purchase and trade cryptocurrency between August and October 2020.  Voyager returned all of Claimant's deposits despite the fact that (i) the amount of cryptocurrency purchased using cleared, successful deposits in Claimant's account as of December 4, 2020 totaled $11,120.41—*i.e.*, less than $12,000 returned to Claimant, and (ii) Claimant had already withdrawn over $1,100 worth of cryptocurrency from his Voyager account on or around September 13, 2020 as a result of his prior trades.

Finally, to the extent Claimant seeks to recover the cryptocurrency that had been in his Voyager account because such cryptocurrency has risen in value since December 2020, that is prohibited by the express terms of the User Agreement.  Specifically, under Section 27 of the User Agreement, Claimant agreed not to hold Voyager liable for any "special, indirect, incidental, consequential, punitive, or exemplary damages (***including lost profits***), trading losses and damages" that he has "incur[red] in connection with [his] Voyager Account" (emphasis added).

Based upon the foregoing, Voyager denies the allegations in the Demand.

## <u>COUNTERCLAIM</u>

Voyager hereby incorporates the allegations stated above in support of its counterclaims. Based on the above conduct, Claimant is liable to Voyager for unjust enrichment.

Per the User Agreement, Claimant agreed to certain remedies including, without limitation, granting Voyager the rights of a secured creditor as it pertains to any assets that Voyager may hold, indemnification, and attorneys' fees.  Voyager demands that it be indemnified for any losses caused by Claimant's conduct, that it be granted the right to foreclose on Claimant's assets, if any, in Voyager's control, and that Voyager be granted its reasonable attorneys' fees and costs incurred.  As of this time, Voyager estimates its damages to be not less than $875.59 exclusive of attorneys' fees and costs.  Voyager will request that the arbitrator award Voyager its fees in connection with the arbitration.

Date:  February 8, 2022　　　　　　　　Respectfully submitted,
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　/s/  Barry M. Kazan_____

　　　　　　　　　　　　　　　　　　　　Barry M. Kazan, Esq.
　　　　　　　　　　　　　　　　　　　　Mintz & Gold LLP
　　　　　　　　　　　　　　　　　　　　600 Third Avenue, 25th Floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10016
　　　　　　　　　　　　　　　　　　　　Phone: (212) 696-4848
　　　　　　　　　　　　　　　　　　　　Fax:    (212) 696-1231
　　　　　　　　　　　　　　　　　　　　kazan@mintzandgold.com

# EXHIBIT 8

(DECLARATION OF DANIEL SCHAEFER)

# AMERICAN ARBITRATION ASSOCIATION

### Preliminary Hearing Scheduling Order #2

*Schaefer v. Voyager Digital, LLC*

Case # 01-21-0003-9886

Pursuant to the Fast Track Procedures of the American Arbitration Association's (the "AAA") Consumer Arbitration Rules effective September 1, 2014 (the "Rules"), a preliminary hearing in the above proceeding was held on February 9, 2022 before Bruce Kahn as arbitrator (the "Arbitrator").

Claimant Daniel Schaefer appeared *pro se* ("Schaefer").

Appearing for respondent and counterclaimant Voyager Digital, LLC ("Voyager") was Barry M. Kazan, Esq. of the law firm of Mintz & Gold, LLC as attorney for Voyager and Chris Jung and Asa Chao of Voyager.

By order of the Arbitrator or the agreement of the Parties the following is now in effect:

1. An additional preliminary hearing may be held if needed or requested by a party.
2. The hearing in this matter is hereby adjourned from February 9, 2022 and shall be held virtually commencing at 10:00 am on March 16, 2022 and will last not more than that one day (the "Hearing Date").  The adjournment is being granted so that Voyager may comply with Rule 8 of the Rules regarding their amended counterclaim.
3. The Parties shall (a) exchange directly between themselves copies of all exhibits, affidavits and any other information they intend to submit at the hearing; (b) identify in writing all witnesses they intend to call at the hearing and briefly describe the subject of their testimony; and (c) submit any legal briefing (including copies of all cases, statutes or other authorities relied upon) by March 7, 2022  Copies of all exhibits, witness lists and briefs should be provided to the Arbitrator, to be in hand for the Hearing Date.
4. All documents to be filed with or submitted to the Arbitrator:
   a. Shall be given to the AAA Case Administrator for transmittal to the Arbitrator; and
   b. COPIES OF SAID DOCUMENTS SHALL ALSO BE SIMULATANEUSLY SENT TO THE OPPOSING PARTY. There shall be no direct oral or written communication between the parties and the Arbitrator except at oral hearings.
5. All deadlines herein will be strictly enforced with exceptions made to the enforcement of the deadline only upon the permission of the Arbitrator, good cause having been shown.
6. This order shall remain in effect unless and until amended by subsequent order of the Arbitrator.

Dated:        February 9, 2022                    *Bruce W. Kahn*
                                                  Arbitrator

# EXHIBIT 9
(DECLARATION OF DANIEL SCHAEFER)

## AMERICAN ARBITRATION ASSOCIATION
### Consumer Arbitration Rules

DANIEL SCHAEFER,

*Claimant*,

AAA Case #01-21-0003-9886

vs.

VOYAGER DIGITAL, LLC,

*Respondent*

## FINAL AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties in the User Agreement (the "Agreement"); and having been duly sworn, and virtual hearings having been held on March 18, 2022 in accordance with the Consumer Arbitration Rules of the American Arbitration Association; and upon the testimony of claimant Daniel Schaefer ("Mr. Schaefer") and the testimony of Chris Jung as representative for respondent and counterclaimant Voyager Digital, LLC ("Voyager"), and the exhibits and other proofs presented in connection with the proceeding; and the Arbitrator having duly considered same, do hereby AWARD, as follows:

Mr. Schaefer appeared pro se.  Voyager was represented by Barry Kazan, Esq. of the firm of Mintz & Gold, LLP.

The dispute involves Mr. Schaefer's claim for specific performance for the replacement of certain cryptocurrency held in account he had opened with Voyager.  Voyager closed the account for internal compliance reasons.  Mr. Schaefer does not dispute Voyager's right to do so but he alleges that per the Agreement, Voyager was required to transfer the cryptocurrency held in the account to him upon closing.  Voyager instead issued a payment to Mr. Schaefer in excess of the amount of the funds he had deposited with Voyager (the "Refund").  It seems clear that Voyager issued the Refund with the intention of concluding all dealings with Mr. Schaefer.  Mr. Schaefer admits that he accepted the Refund.  For Voyager's part, they counterclaim for the balance between Mr. Schaefer's deposits and the Refund.  Accordingly, I find that Voyager's offer of the Refund and Mr. Schaefer's acceptance of the Refund consummated a binding settlement resolving all disputes between the parties.[1]

---

[1] I also agree with Voyager's argument that by virtue of the Refund, Mr. Schaefer has incurred no damages, and, in any event, the equitable remedy of specific performance would be inapplicable to an alleged loss of cryptocurrency – a form of money or a

1.  Mr. Schaefer's claim for the equitable remedy of specific performance is hereby <u>denied</u>.

2.  Mr. Schaefer shall pay Voyager $0 against Voyager's counterclaim.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

The administrative fees of the American Arbitration Association totaling $2,400.00 shall be borne as incurred in accordance with the Costs of Arbitration provision set forth in the Consumer Arbitration Rules, and the compensation of the arbitrator totaling $2,500.00 shall be borne as incurred

Dated:  March 23, 2022          By: _____ /S/Bruce W. Kahn _____

                                 BRUCE W. KAHN, ARBITRATOR

I, Bruce Kahn, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

Dated: March 23, 2022          By: _____ /S/Bruce W. Kahn _____

                                 BRUCE W. KAHN, ARBITRATOR

---

thing easily convertible to money– since specific performance is only available when money damages would not be an adequate compensation.  To this point, Mr. Schaefer testified that much of his holdings in the account were in a token pegged directly to the value of the dollar and were, as he admitted, a cash surrogate.  Therefore, even if the Agreement had been breached without the settlement created by the Refund, all Mr. Schaefer would have been entitled to were monetary damages.

AAA Case #01-21-0003-9886