UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-24441-CIV-ALTONAGA/Torres

MARK CASSIDY, on behalf of himself
and others similarly situated,

    Plaintiff,

v.

VOYAGER DIGITAL LTD., and
VOYAGER DIGITAL LLC

    Defendants.
_____/

**EXPEDITED MOTION[1] FOR LEAVE TO FILE A 15-PAGE REPLY TO PLAINTIFF'S RESPONSE TO THE MOTION TO COMPEL ARBITRATION (ECF NO. 60)**

Defendant Voyager Digital, LLC ("Voyager LLC") respectfully moves the Court for an Order authorizing 15 pages for its reply to Plaintiff's Response in Opposition to Defendants' Motion to Compel Arbitration (ECF No. 60) (the "Response"), and states:

1. A modest extension of the page limit for the Voyager LLC's reply brief, to 15 pages, is warranted to enable it to sufficiently respond to the 30-page brief submitted by Plaintiff in opposition to Voyager LLC's motion to compel arbitration.

2. Defendants were granted leave to file a single 30-page opening brief jointly on behalf of both Voyager LLC and Voyager Digital Ltd. ("Voyager Ltd"), in support of Voyager LLC's motion to compel arbitration, and also in support of Voyager Ltd's motion to compel

---

[1] This Motion is filed as an "expedited motion" pursuant to Local Rule 7.1(d)(2). Defendants respectfully request the Court enter an order on this Motion by Friday June 3, 2022, considering the June 6, 2022 deadline for their reply brief.

arbitration and/or to dismiss the separate causes of action asserted against it under federal and state securities laws. Plaintiff was granted equal pages to respond to that joint brief. (ECF No. 50)

3. The Court subsequently bifurcated Defendants' motion by postponing consideration of Voyager Digital Ltd.'s motion to compel arbitration and/or to dismiss the securities claims asserted against it, pending appointment of a lead plaintiff and an anticipated further amended complaint. (ECF No. 59)

4. As a result of the bifurcation, Plaintiff filed a 30-page Response brief devoted entirely to opposing the motion to compel arbitration of the claims asserted against Voyager LLC.

5. The net result is that while Voyager LLC had less than the standard 20 pages for its opening brief in support of its motion to compel arbitration, Plaintiff had 10 pages more than the standard length permitted under Local Rule 7.1(c)(2) for its Response. (ECF No. 50 at 2)

6. In these circumstances, Voyager LLC respectfully submits that a modest extension of its page limit to 15 pages is warranted, to provide sufficient space to respond to the 30-page Response brief and to provide Voyager LLC with combined total briefing on its motion at approximately the same number of pages as Plaintiff's Response.

WHEREFORE, Defendant Voyager Digital LLC respectfully requests the Court enter an order authorizing it up to 15 pages for its forthcoming Reply brief and for all such other relief as the Court deems just and proper.

**Local Rule 7.1(a)(3) Certification**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Defendants certifies that he conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised by this Motion and states Counsel for Plaintiff "takes no position" regarding the relief sought in this Motion.

Dated June 1, 2022                                                      Respectfully submitted,

By: /s/ *Gavin C. Gaukroger*
Gavin C. Gaukroger
Florida Bar No. 76489
ggaukroger@bergersingerman.com
**BERGER SINGERMAN LLP**
201 East Las Olas Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900

Kayvan B. Sadeghi (*admitted pro hac vice*)
ksadeghi@jenner.com
Jeremy Ershow (*admitted pro hac vice*)
jershow@jenner.com
Sara E. Cervantes (*admitted pro hac vice*)
scervantes@jenner.com
**JENNER & BLOCK LLP**
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: (212) 891-1600

*Counsel for Defendants*